RECEIVED

JUN 21 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1   LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (Bar No. 266966)
2   eburbidge@lewisllewellyn.com
Marc R. Lewis (Bar No. 233306)
3   mlewis@lewisllewellyn.com
Bradley E. Estes (Bar No. 298766)
4   bestes@lewisllewellyn.com
601 Montgomery Street, Suite 2000
5   San Francisco, California 94111
Telephone: (415) 800-0590
6   Facsimile:  (415) 390-2127

7   Attorneys for Petitioner
EDAG Engineering GmbH
8

FILED

JUN 23 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

9                   UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11

12   EDAG Engineering GmbH,          CASE NO:   CV 21 4736  LB

13              Petitioner,          **PETITION TO CONFIRM
                                     ARBITRATION AWARD AND FOR**
14        v.                         **ENTRY OF JUDGMENT;
                                     MEMORANDUM OF POINTS AND**
15   BYTON North America Corporation, **AUTHORITIES IN SUPPORT THEREOF**
                                     [9 U.S.C. §1 *et seq.*]
16              Respondent.

17

18

19

20              FILED UNDER SEAL

21

22

23

24

25

26

27

28

## **PETITION**

Petitioner EDAG Engineering GmbH ("EDAG" or "Petitioner") by its undersigned counsel, respectfully submit this Petition for an order (a) confirming, in its entirety, the final arbitration award dated June 2, 2021 (the "Award"), and (b) entering final judgment on the Award. The Award was in favor of Petitioner as the prevailing party and was issued by Hon. William J. Cahill (Ret.) of JAMS San Francisco. Notice was provided to both parties on or about the date of the issuance of the Award and was also conveyed to the parties with the issuance of an Interim Award on May 4, 2021.

This Petition is made based on the following facts:

1.    On October 20, 2018, Petitioner EDAG and Respondent BYTON North America Corporation ("BYTON" or "Respondent") entered into a Technology Development and License Agreement (the "TDLA") without exhibits. Declaration of Bradley E. Estes ("Estes Decl."), ¶ 3.

2.    The TDLA, in paragraph 14.4b, contained the following arbitration provision:

> Arbitration.   Any dispute between the Parties that is not resolved through negotiation will be resolved exclusively by final and binding arbitration conducted in accordance with the then-current Comprehensive Arbitration Rules & Procedures of the Judicial Arbitration and Mediation Services ("JAMS"). The arbitration will be conducted by a single arbitrator selected by agreement of the Parties or, if the Parties cannot agree, an arbitrator appointed in accordance with the JAMS rules who shall be experienced in the type of dispute at issue.  The Parties, their representatives, the arbitrator, and other participants shalt keep confidential the existence, content, and result of the arbitration.  Any demand for arbitration and any counterclaim must specify in reasonable detail the facts and legal grounds forming the basis for the claimant's claims and include a statement of the total amount of damages claimed, if any, and any other remedy sought by the claimant.  The arbitration will be conducted in the English language; the location of such arbitration shall be in San Francisco, California. Each Party will bear its own costs in the arbitration, The arbitrator will have full power and authority to determine issues of arbitrability and to interpret or construe the provisions of the agreement documents and to fashion appropriate remedies (including temporary, preliminary, interim, or permanent injunctive relief); provided that the arbitrator will not have any right or authority: (1) in excess of the authority that a court having jurisdiction over the Parties and the dispute would have absent this arbitration agreement; (2) to award damages in excess of the types and limitation of damages found in the Agreement; or (3) to modify the terms of this Agreement.  The arbitrator shall issue an award within 30 days after completion of the hearing and any post-hearing briefing.  The award must be in writing and must state the reasoning on which the award is based. Judgment upon the award may be entered in any court of competent jurisdiction. Notwithstanding the agreement to arbitrate, each Party may apply at any time to

PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

LEWIS +
LLEWELLYN

1   a court of competent jurisdiction for appropriate injunctive relief or for other
2   interim or conservatory measures, and by doing so will not breach or waive the
    agreement to arbitrate or impair the powers of the arbitrator.

3   (*See* Estes Decl. ¶ 4 & Ex. A.)

4       3.      On October 22, 2019, EDAG initiated arbitration proceedings against BYTON[1] with
5   JAMS in San Francisco, California.  BYTON brought counterclaims.  The parties agreed to have the
6   matter arbitrated by Hon. William J. Cahill (Ret.) (the "Arbitrator").

7       4.      On February 3, 2020, JAMS San Francisco confirmed the selection of the Arbitrator
8   and set the evidentiary hearing to commence on November 30, 2020.  A copy of the confirmation is
9   attached as Exhibit B to the Estes Declaration.  There were ultimately six total scheduling orders.
10  The hearing was moved to February 8-19, 2021.  Copies of Scheduling Orders Nos. 1-7 are attached
11  as Exhibits C-I to the Estes Declaration.

12      5.      Between February 8-12, 2021 and February 16-19, 2021, the evidentiary hearing was
13  held virtually over Zoom due to the COVID-19 pandemic.

14      6.      The Arbitrator rendered a written Final Arbitration Award (the "Award") on June 2,
15  2021 in favor of EDAG as the prevailing party, a copy of which is attached as Exhibit J to the Estes
16  Declaration.

17      7.      The Award provides that BYTON is required to pay EDAG €23,446,649 on its
18  breach of contract claim, as well as simple interest of 10% starting on June 2, 2021, the date of the
19  Final Award.  Interest will continue to accrue per day until the amount is paid in full.  The Award also
20  provides that BYTON is required to pay EDAG $89,442.85 in costs.  The Award provides that
21  BYTON is not entitled to any recovery based on any of the causes of action it asserted against
22  EDAG.

23      8.      JAMS served a signed copy of the Award on both parties on June 2, 2021.
24      9.      The Arbitrator's Award was made in accordance with the terms and provisions of the
25  TDLA and is in all respects proper.
26      10.     As of the date of this Petition, no application has been made to the Arbitrator to

27  ───────────────
[1] In the underlying arbitration proceedings, EDAG was the "Claimant" and "Cross-Respondent" and
28  BYTON was the "Respondent" and "Cross-Claimant."  In this Petition to Confirm the Award, the
    Petitioner is EDAG and the Respondent is BYTON.  This is stated for clarity of the record.

LEWIS ✦
LLEWELLYN ᴸᴸᴾ

1 | modify, correct or vacate the Award.

2 |       11.    BYTON has not voluntarily made any payment on the Award to date.

3 |       WHEREFORE EDAG prays for an order confirming the Award for entry of judgment in

4 | conformity therewith, and for costs and such other relief as the Court may deem proper.

5 |              Respectfully submitted,

6 | Dated:  June 21, 2021             LEWIS & LLEWELLYN LLP

7 |                       Evangeline A.Z. Burbidge
                      Marc R. Lewis

8 |                       Bradley E. Estes

9 |           By:_____

10 |                       Evangeline A.Z. Burbidge
                      Attorneys for Petitioner EDAG Engineering

11 |                       GmbH

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LEWIS +
LLEWELLYN LLP

PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3    Petitioner EDAG Engineering GmbH ("EDAG" or "Petitioner") requests that the Court enter

4    an order confirming the Arbitrator's Final Award in the arbitration between EDAG and BYTON

5    North America Corporation ("BYTON"), JAMS ref. no. 1100107291 (the "Arbitration").  A true

6    and correct copy of the Arbitrator's Final Award is attached as Exhibit J to the Declaration of

7    Bradley E. Estes ("Estes Decl.") filed concurrently with this Petition.

8    After proper submittal of proof, the Final Arbitration Award (the "Award") was issued on

9    June 2, 2021 and served on all parties by the duly appointed Arbitrator Hon. William J. Cahill (Ret.).

10   (Estes Decl., Exhibit J).  BYTON has not paid any portion of the Award.  (*Id.* ¶ 10.)  Accordingly,

11   EDAG seeks an order confirming the Award and entering judgment.

12

### II.   THE PARTIES

13   Founded in 1969 in Germany, EDAG, the claimant and cross-respondent in the underlying

14   arbitration, is a leading global independent engineering services provider for the automotive

15   industries. Some of the most well-known car makers in the world—BMW, Audi, GM—hire EDAG

16   to engineer and design vehicles and have done so for over 50 years.  EDAG is headquartered in

17   Arbon, Switzerland.

18   BYTON, the respondent and cross-claimant in the underlying arbitration, is a start-up formed

19   in 2016 to design and manufacture all-electric vehicles.  BYTON is headquartered in Santa Clara,

20   California.[2]  BYTON's parent company is located in China.

21

### III.   JURISDICTION AND VENUE

22   This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332

23   because Petitioner is a subject of a foreign state and Respondent is a citizen of the state of California

24   and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In the

25   underlying proceedings, EDAG filed its arbitration seeking over €23,000,000 (approximately

26   ///

27

28   [2] In the underlying arbitration proceedings, EDAG was the "Claimant" and "Cross-Respondent" and
     BYTON was the "Respondent" and "Cross-Claimant."  In this Petition to Confirm the Award, the
     Petitioner is EDAG and the Respondent is BYTON.

LEWIS +
LLEWELLYN
LLP

1    $28,000,000 USD) for unpaid invoices, and BYTON filed cross-claims alleging approximately

2    $31,000,000 USD in damages.  (Estes Decl. ¶ 5.)

3         The Court has personal jurisdiction over both Petitioner and Respondent because they agreed

4    to conduct arbitration proceedings in this Judicial District.

5         Venue is proper in this district under 28 U.S.C. section 1391(a) and 9 U.S.C. section 9 of the

6    Federal Arbitration Act because the subject arbitration agreement states that "[j]udgment upon the

7    award may be entered in any court of competent jurisdiction."

8    **IV.**      **INTRADISTRICT ASSIGNMENT**

9         This case is appropriate for assignment to the San Francisco Division pursuant to Civil Local

10    Rule 3-2(d) because the subject arbitration agreement required the location of the arbitration to be in

11    the County of San Francisco.  The arbitration was conducted by JAMS-San Francisco and would

12    have been held in San Francisco but for the COVID-19 pandemic, which required the proceedings to

13    be held over Zoom.  (Estes Decl. ¶ 8.)

14    **V.**      **BACKGROUND OF ARBITRATED DISPUTE**

15         As noted, EDAG is an engineering services provider for the automotive industry.  EDAG

16    does not manufacture or sell the actual vehicles.  BYTON was one such automobile manufacturer

17    that sought out EDAG's expertise to assist with BYTON's ambitious goal of building an all-electric

18    vehicle from scratch (called the M-BYTE) in in three years.

19         In 2016, BYTON and EDAG began working together on smaller projects connected to the

20    M-BYTE electric vehicle, focused on feasibility and preliminary designs.  After some initial

21    contracts were completed, the parties embarked on a larger arrangement.  After negotiations, the

22    parties executed the Technology and License Development Agreement ("TDLA" or "Agreement"),

23    which took effect June 1, 2017.  This agreement contains the subject arbitration clause.  Under the

24    TDLA, EDAG would provide select engineering services and BYTON would pay EDAG just over

25    €50,000,000.

26         At first, the project proceeded smoothly.  EDAG provided services and deliverables to

27    BYTON, invoiced BYTON for the services and deliverables, BYTON approved the invoices, and

28    BYTON paid EDAG.  However, plan to simultaneously grow the company and develop the car

LEWIS +
LLEWELLYN

1 proved to be too ambitious. BYTON lacked institutional knowledge, a clear chain of command, and
2 it did not have suppliers lined up, as a more established car manufacturer would. By late 2018,
3 BYTON owed EDAG millions of dollars in unpaid invoices. EDAG continued to work on the
4 project in reliance of BYTON's approval of EDAG's invoices and assurances that payment was
5 forthcoming. By July 2019, BYTON owed EDAG over €19,000,000 and its senior executives
6 subsequently executed two letter agreements promising to pay EDAG those overdue amounts.
7 Despite these two written promises to pay, first in July 2019 and then again in August 2019,
8 BYTON failed to make further payments.

9       On October 22, 2019, EDAG initiated the underlying arbitration pursuant to section 14.4b of
10 the TDLA, asserting claims for breach contract and breached the covenant of good faith and fair
11 dealing.

12       In response, on November 19, 2019, BYTON filed its crossclaims, alleging for the first time
13 in the entirety of the parties' relationship that EDAG committed approximately $31,000,000 in
14 engineering errors, bringing claims for breach of contract and negligence.

15 **VI.   THE ARBITRATION PROCEEDINGS**

16       On October 22, 2019, EDAG submitted a Demand for Arbitration to JAMS ADR Services
17 pursuant to the terms of the Arbitration clause in the Settlement Agreement. (Estes Decl. ¶ 5.) On
18 November 19, 2019, BYTON submitted its Response to EDAG's Arbitration Demand and Cross-
19 Claims. (*Id.*) The parties agreed to the appointment of Arbitrator William J. Cahill (the
20 "Arbitrator") of JAMS-San Francisco. (*Id.*, Ex. B.) The parties agreed that JAMS Comprehensive
21 Rules and Procedures would apply to this proceeding, as was required by the TDLA. (*Id.* ¶ 4.)

22       On February 3, 2020, the Arbitrator issued Scheduling Order No. 1 in the Arbitration setting
23 out the timing and location of the arbitration hearing, the schedule for pre-hearing submissions, and
24 other procedural matters. The hearing was ultimately set in Scheduling Order No. 3 to occur
25 February 8-19, 2021. (Estes Decl. ¶ 7.) There were a total of 7 scheduling orders in this matter.

26       From February 8-12 and 16-19, 2021, the parties presented testimony and other evidence
27 virtually over Zoom via JAMS-San Francisco.

28       The Arbitrator actively participated in the hearing, questioning the respective counsel for the

LEWIS +
LLEWELLYN

7

PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

parties as well as some of the witnesses.  The Arbitrator considered all of the evidence and argument.  On June 2, 2021, the Arbitrator found in favor of EDAG's breach of contract claim, and awarded EDAG €23,446,649 on its breach of contract claim, as well as simple interest of 10% as of the date of the Arbitrator's Final Award, June 2, 2021. (*See* Estes Decl., Ex. J, p. 28.)  Interest will continue to accrue per day until the amount is paid in full.  The Final Award also provides that BYTON is required to pay EDAG $89,442.85 (€73,235.77) in costs. (*See id.*)  The Arbitrator found that BYTON was not entitled to any recovery based on any of the causes of action it asserted against EDAG. (*See id.*)

Paragraph 14.4b of the TDLA provides that "[j]udgment upon the award may be entered in any court of competent jurisdiction." (*See* Estes Decl. ¶ 4.)  BYTON has failed to voluntarily satisfy the Award in the time since it was made. (*See id.* ¶ 10.)  BYTON's witnesses testified, and counsel represented, over and over that BYTON had no money to pay what it owed, including the basic costs of the arbitration. (*See id.* ¶ 11.)  A judgment on the Award is needed to permit EDAG to enforce it.  A confirmation order and a conforming judgment are therefore authorized by the terms of the arbitration agreement and section 9 of the Federal Arbitration Act.

## VII.  LEGAL ARGUMENT

### A.  Confirmation of the Arbitration Award is Mandatory Under 9 U.S.C. § 9

Pursuant to 9 U.S.C. § 9, "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award was made."  Paragraph 14.4b of the TDLA provides that "[j]udgment upon the award may be entered in any court of competent jurisdiction." (*See* Estes Decl. ¶ 4.)  The Award in this case should be confirmed because no application to modify, correct, or vacate has been filed and none of the grounds for refusal of recognition or enforcement exist.

### B.  Entry of Judgment for EDAG is Mandatory

As there are no grounds to refuse or defer recognition or enforcement of the Award, it must be confirmed.  9 U.S.C. § 9.  Upon confirmation of the Award, entry of judgment is warranted and such judgment shall have the same force and effect as any other civil judgment and may be enforced accordingly.  9 U.S.C. § 13.

LEWIS +
LLEWELLYN

**VIII.   CONCLUSION**

Petitioner requests that the Court:

A.   Enter an Order confirming the Arbitrator's June 2, 2021 Award;

B.   Enter judgment against Respondent in conformity therewith and ordering Respondent's compliance with the Award;

C.   Award Petitioner its costs incurred and interest;

D.   Retain jurisdiction for the purposes of further proceedings necessary to enforce this Court's judgment; and

E.   Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated:  June 21, 2021

LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge
Marc R. Lewis
Bradley E. Estes

By: _____
Evangeline A.Z. Burbidge

Attorney for Petitioner
EDAG Engineering GmbH

PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

LEWIS +
LLEWELLYN LLP