**VAN ETTEN SIPPRELLE LLP**
KEITH A. SIPPRELLE (SBN 143358)
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>Petitioner,<br><br>vs.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>Respondent. | Case No. 3:21-cv-04736-EMC<br><br>**RESPONDENT BYTON NORTH AMERICA CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONER EDAG ENGINEERING GMBH'S MOTION FOR ORDER GRANTING RELIEF FROM POST-JUDGMENT STAY**<br><br>*[SUPPORTING DECLARATIONS OF KEITH A. SIPPRELLE AND GONG LIN CHEN SUBMITTED CONCURRENTLY HEREWITH]*<br><br>*[EVIDENTIARY OBJECTIONS SUBMITTED CONCURRENTLY HEREWITH]*<br><br>Date: December 9, 2021<br>Time: 1:30 p.m. (Zoom) |

**Table of Contents**

I.   SUMMARY OF ARGUMENT. ........................................................................................... 1

II.  NO EXIGENT CIRCUMSTANCES EXIST ENTITLING EDAG TO RELIEF FROM THE 30-DAY AUTOMATIC POST-JUDGMENT STAY PROVIDED BY *FRCP* 62(a). ................................................................................................................... 1

III. BYTON IS UNABLE TO POST A BOND; REQUIRING BYTON TO POST A BOND WOULD EVISCERATE BYTON'S APPEAL. ....................................................... 5

# TABLE OF AUTHORITIES

### Cases

*Am. Passage Media Corp. v. Cass Commc'ns, Inc.*,
    750 F.2d 1470 (9th Cir. 1985) .................................................................................... 4

*Artmann v. Center Garage, Inc.*,
    No. 2:11-CV-236, 2012 U.S. Dist. LEXIS 153966, 2012 WL 5332355
    (N.D. Ind. Oct. 25, 2012) ........................................................................................... 1

*Bullock v. City & Cty. of San Francisco*,
    221 Cal. App. 3d (1990) ............................................................................................ 4

*Doran v. Salem Inn, Inc.*,
    422 U.S. 922, 932 (1975) ........................................................................................... 4

*Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt.*,
    No. 07-21489, 2008 U.S. Dist. LEXIS 59597, 2008 WL 2940665 (S.D. Fla. July 28, 2008)
    ................................................................................................................................... 1

*Trs. v. Actin, Inc.*, 2020 U.S. Dist. LEXIS 46341 (N.D. Indiana, March 17, 2020) ......... 2

*United States v. United States Fishing Vessel Maylin*,
    130 F.R.D. 684 (S.D. Fla. 1990) ................................................................................ 7

### Rules

18 U.S.C. § 401 ................................................................................................................. 6

*California Code of Civil Procedure* Section 1218 ........................................................... 6

Federal Rules of Civil Procedure 62(a) .................................................................... passim

Respondent BYTON NORTH AMERICA CORPORATION ("Byton") hereby respectfully opposes the Motion of Petitioner EDAG Engineering GMBH ("EDAG") for Order Granting Relief from Post-Judgment Stay ("Motion").

## I.  SUMMARY OF ARGUMENT.

EDAG's Motion is premature, as judgment has not yet been entered in this matter nor is entry of judgment imminent.  Although EDAG has requested entry of judgment in connection with its pending motion for confirmation of the arbitration award scheduled for hearing on December 9, 2021, Byton has opposed that motion as premature.  Moreover, even if judgment had been entered or entry of judgment was imminent, EDAG has failed to meet its burden of establishing the existence of exigent circumstances entitling it to relief from the 30-day automatic stay provided by *Federal Rules of Civil Procedure* 62(a).  Additionally, EDAG's request that Byton be required to post a bond of at least $45,334,933.50 is also premature, and should be denied in any event on the basis that it is overbroad.

## II.  NO EXIGENT CIRCUMSTANCES EXIST ENTITLING EDAG TO RELIEF FROM THE 30-DAY AUTOMATIC POST-JUDGMENT STAY PROVIDED BY *FRCP* 62(a).

*Federal Rule of Civil Procedure* ("*FRCP*") 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  "The purpose of Rule 62(a) is to stay execution of judgment . . . to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution  of judgment."  *Artmann v. Center Garage, Inc.*, No. 2:11-CV-236, 2012 U.S. Dist. LEXIS 153966, 2012 WL 5332355, at *3 (N.D. Ind. Oct. 25, 2012) (*quoting Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt.*, No. 07-21489, 2008 U.S. Dist. LEXIS 59597, 2008 WL 2940665, *1 (S.D. Fla. July 28, 2008)).  Nevertheless, courts are afforded the authority "to dissolve the automatic stay or supersede it by a court-ordered stay." *FRCP* 62 Advisory Committee's note (2018).  In other words, this Court has the authority to dissolve the automatic 30-day stay, modify the stay, or extend the stay as the circumstances may warrant.

A remote chance that some event (whether misconduct by a defendant or otherwise) might

preclude or complicate a plaintiff's ability to execute a court's judgment is not a sufficient basis for the Court to dissolve the automatic stay under *FRCP* 62(a).  *Trs. v. Actin, Inc.*, 2020 U.S. Dist. LEXIS 46341, *2 (N.D. Indiana, March 17, 2020).

As an initial matter, Byton respectfully submits that there is no need for the Court to address EDAG's request for relief from the automatic 30-day stay at this time, as no judgment has been entered nor is entry of judgment imminent.  Although EDAG has requested entry of judgment in connection with its pending motion for confirmation of the arbitration award scheduled for hearing on December 9, 2021 [Docket Entry ("DE") 19], Byton has opposed that motion and entry of judgment as premature. [DE 27.]   Should the Court agree with Byton that entry of judgment is premature, the Court can simply deny EDAG's premature motion without prejudice.

Even assuming *arguendo* that EDAG's motion is not premature, it nevertheless should be denied.  As the party seeking relief from the automatic stay, it is EDAG's burden to demonstrate that exigent circumstances exist requiring relief from the automatic 30-day stay – *e.g.*, that Byton is likely to dissipate assets during the 30-day period between entry of judgment and the end of the stay of enforcement proceedings. EDAG has not come close to meeting its burden.

- EDAG has submitted the declarations of Evangeline Burbidge [DE 22-2] and Allyson Keo [DE 22-3] in support of its contention that exigent circumstances exist for relief from the stay.  These declarations are replete with hearsay and other inadmissible material, to which Byton has objected.  (See Byton's evidentiary objections submitted concurrently herewith.)  On the basis of these largely inadmissible declarations, EDAG attempts to establish that Byton reactivated its access to JAMA Connect *six months ago* and that this reactivated access gives Byton the ability to transfer EDAG work product to a "China-only server."  Even assuming *arguendo* that EDAG's professed concern regarding Byton's access to JAMA Connect for the last six months is genuine, of what possible benefit to EDAG would relief from the 30-day stay provide with respect to any EDAG work product on the JAMA server?  EDAG's work product consists of "virtual" or "soft" electronic data. (See Declaration of Keith A. Sipprelle submitted

concurrently herewith ("Sipprelle Declaration") at ¶ 3.) Presumably, EDAG is in possession of copies of its own electronic design and engineering work that may be resident on JAMA Connect. To the extent this design and engineering work can be monetized, EDAG can already do so with its own copies of the electronic data. In short, no exigency exists for EDAG to immediately obtain from Byton or JAMA copies of materials it already has.[1]

- EDAG has submitted some hearsay documentation, through the Declaration of Volker Amelung [DE 22-4], in support of an assertion that a vehicle was seen in Hainan, China in August 2021 (*3 months ago*) that may incorporate some of EDAG's design work for the M-BYTE. It is unclear how this dated hearsay information establishes exigent circumstances for relief from the automatic 30-day stay under *FRCP* 62(a). Moreover, Byton contends that it owns all of the electronic work product created by EDAG for Byton. (Sipprelle Declaration at ¶ 4.) Byton's parent company is the ultimate owner of any Byton intellectual property. (Chen Declaration at ¶ 4.) Thus, there would be nothing improper about Byton's parent company using work product created by EDAG for Byton (for which Byton paid EDAG €27 million).

- EDAG asserts that it has "discovered that BYTON has transferred 20 patents from its North American entity to its Chinese affiliate, between 2019 and the present."

---

[1] Moreover, EDAG's suggestion that it would be improper for Byton's parent company to have access to its subsidiary's documentation on JAMA Connect is without merit. Byton contends that it owns all of the work product created by EDAG for Byton and for which Byton paid EDAG approximately €27 million. (See Sipprelle Declaration at ¶ 4.) Byton acknowledges that the Arbitrator found otherwise in his ruling of November 7, 2021, but Byton intends to challenge that ruling. (See Sipprelle Declaration at ¶ 5.) Moreover, Byton's parent company is the ultimate owner of any intellectual property of its subsidiary. (See Declaration of Gong Li Chen submitted concurrently herewith ("Chen Declaration) at ¶ 4.). Thus, there would be nothing improper about Byton's parent company accessing or even transferring its subsidiary's information and documentation stored on JAMA Connect.

(Motion at 6:23-24.)   The document submitted by EDAG in support of this assertion [DE 22-5] appears to have been compiled from public information available on the website of the United States Patent & Trademark office.  The documentation purports to show patent transfers from Byton to its parent company Byton Limited *beginning in May, 2019 and continuing through (but terminating) in August 2021*.  Presumably, EDAG has long been aware (or should have been aware) of these patent transfers, which are a matter of public record.   Moreover, as set forth in the Chen Declaration, there was nothing nefarious or improper about these patent transfers.  Rather, these patent transfers were made pursuant to a long-standing inter-company arrangement which stipulated that Byton Limited would be the ultimate owner of all patents granted by patent offices around the world (other than patents granted by the Patent Office of the People's Republic of China) based on any patent applications filed in the name of any of the Byton group of companies. (Chen Declaration at ¶ 4.)  EDAG fails to explain how proper patent transfers that are a matter of public record and have been ongoing for 2 ½ years (but which have ended) create exigent circumstances supporting relief from the automatic 30-day stay under *FRCP* 62(a).

EDAG also makes the astounding claim that it is entitled to relief from the 30-day post-judgment stay under *FRCP* 62(a) because its inability to collect a judgment against Byton "imperils EDAG's continued viability as a business" and may drive EDAG into bankruptcy:

> Moreover, *the inability to collect on a judgment of this size imperils EDAG's continued viability as a business*.  Irreparable harm exists "where the conduct of [Respondent] *threatens the existence of the [Petitioner's] business itself.*" Optinrealbig.com, LLC v. Ironport Sys., Inc., 323 F. Supp. 2d 1037, 1051 (N.D. Cal. 2004).  *The "threat of being driven out of business is sufficient to establish irreparable harm."* Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1474 (9th Cir. 1985); see also Doran v. Salem Inn, Inc., 422 U.S. 922, 932 (1975) (*"[S]ubstantial loss of business and perhaps even bankruptcy" constitutes irreparable harm*.); Bullock v. City & Cty. of San Francisco, 221 Cal. App. 3d (1990) (*plaintiff who filed for bankruptcy during pending proceeding suffered irreparable harm*).

(Motion at 10:15-23; emphasis supplied.)

Not a scintilla of evidence has been submitted by EDAG in support of its claim that it faces financial ruin unless it is able to collect the €23 million Byton receivable.  EDAG also fails to explain how relief from the 30-day automatic stay would make the difference between EDAG's survival and its extinction.  In any event, EDAG's claim that recovery of the €23 million Byton receivable is critical to EDAG's survival is nonsense.

EDAG is a publicly-traded company (trading on the Frankfurt stock exchange) whose financial information is readily available on the Internet.  On November 11, 2021, EDAG reported "sustained robust revenue growth and increasing profits" for the first nine months of 2021. Revenues for that period were €506.2 million, up 4.8% from the previous year's level of €482.9 million. Adjusted EBIT (earnings before interest and taxes) "increased significantly year-on-year to €23.8."  See [EDAG Engineering Group AG: Sustained robust revenue growth and increasing profits after nine months | Markets Insider (businessinsider.com)](#)   In short, EDAG's representation to this Court that it requires relief from the automatic 30-day stay under *FRCP* 62(a) because its very existence is threatened by the unpaid €23 million Byton receivable is disingenuous.

EDAG's request for relief from the automatic 30-day stay under *FRCP* 62(a) should be denied.

### III.  BYTON IS UNABLE TO POST A BOND; REQUIRING BYTON TO POST A BOND WOULD EVISCERATE BYTON'S APPEAL.

As with EDAG's request for relief from the 30-day automatic post-judgment stay under *FRCP* 62(a), Byton respectfully submits that there is no need for the Court to address at this time EDAG's request that Byton be required to post a bond to stay enforcement of a judgment while the matter is on appeal.  EDAG's request is premature, as judgment has not yet been entered nor is entry of judgment imminent.

Even if the request was not premature, however, EDAG's request should be denied as overbroad.

The judgment that EDAG is seeking to have entered against Byton [DE 26] would not simply be a money judgment. Instead, EDAG's proposed judgment would require Byton to take

*affirmative actions* upon threat of fines and contempt.  The more overreaching provisions of EDAG's amended proposed judgment include the following:

- "Within 5 (five) days of entry of this judgment, BYTON shall return to EDAG any and all copies of the intellectual property EDAG created and provided in conjunction with BYTON's "M-BYTE" vehicle prototype.  Upon return to EDAG, BYTON shall destroy any such copies of the intellectual property in its possession and subject to inspection." [DE 26, Amended Proposed Order, page 3, lines 20-22.]

- " For every day that BYTON fails to comply with the above provisions, BYTON may be subject to being held in contempt and assessed penalties of $50,000 per day and any attorney's fees incurred by EDAG in a contempt proceeding."  [DE 26, Amended Proposed Order, page 4, lines 4-6, 16-18.]

- "Within 5 (five) days of entry of this judgment, Respondent BYTON North America Corporation, a Delaware corporation (hereafter "BYTON") shall return to EDAG any and all copies of any and all intellectual property created by EDAG."  [DE 26, Amended Proposed Judgment, page 1, lines 16-19.]

- "Upon return to EDAG, BYTON shall destroy any such copies of the intellectual property in its possession." [DE 26, Amended Proposed Judgment, page 1, lines 20-21.]

- "**NOTICE TO JUDGMENT DEBTOR: If you fail to comply with the Judgment and Orders therein as specified above, you may be subject to: being held in contempt under California Code of Civil Procedure Sections 1218(a) and 1219(a), and 18 U.S.C. §§ 401 et seq.; and the inherent powers of the Court, which include arrest and punishment for contempt of court.  The Court may impose daily penalties of $50,000 per day, each day, and the Court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding**." [DE 26, Amended Proposed Judgment, page 2, lines 1-8, page 3, lines 1-8.]

In short, EDAG's proposed judgment would not only award money to EDAG but would also require Byton to return unspecified and undefined "intellectual property" and destroy any copies of these items in its possession upon threat of: (a) arrest and punishment for contempt of court;

and (b) imposition of daily penalties of $50,000 per day.

To the extent the judgment ultimately entered in this matter contains provisions requiring Byton to return unspecified and undefined "intellectual property" and destroy any copies of these items in its possession upon threat of: (a) arrest and punishment for contempt of court; and (b) the imposition of daily penalties of $50,000 per day, Byton intends to challenge those aspects of the judgment on appeal. However, Byton has no ability to post a $45 million bond to stay those aspects of the judgment pending appeal. Should Byton be required to post a bond to stay enforcement of *any* aspect of the judgment while an appeal is pending, Byton's ability to challenge on appeal those aspects of the judgment the require affirmative actions on the part of Byton under threat of contempt, fines and imprisonment would be eviscerated.

Moreover, a bond is required only to stay enforcement of a money judgment. *United States v. United States Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D. Fla. 1990). Thus, Byton should not be required to post a bond to stay enforcement of any aspect of the judgment that does not involve a monetary award. As such, EDAG's request that Byton post a $45 million bond to stay enforcement of any aspect of the judgment should be denied as overbroad. Additionally, to the extent that the judgment ultimately entered by this Court includes aspects beyond a monetary award, Byton respectfully requests that the Court order that enforcement of those aspects of the judgment will be stayed pending appeal without the need for Byton to post a bond.

For all of the foregoing reasons, EDAG's Motion should be denied.

Respectfully Submitted,

Dated: November 18, 2021

VAN ETTEN SIPPRELLE LLP

By: *Keith A. Sipprelle*
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION