**VAN ETTEN SIPPRELLE LLP**
KEITH A. SIPPRELLE (SBN 143358)
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>Petitioner,<br><br>vs.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>Respondent. | Case No. 3:21-cv-04736-EMC<br><br>**RESPONDENT BYTON NORTH AMERICA CORPORATION'S OPPOSITION TO PETITIONER EDAG ENGINEERING GMBH'S PROCEDURALLY IMPROPER *EX PARTE* APPLICATION FOR THE ENTRY OF AN (A) ORDER APPOINTING CALIFORNIA SECRETARY OF AGENT FOR BYTON NORTH AMERICA UNDER CA CORPORATIONS CODE SECTION 1702(a) and (B) ORDER APPOINTING PROCESS SERVERS UNDER FRCP 4.1(a) [*DOCKET ENTRY 36*]** |

Respondent Byton North America Corporation ("Byton") hereby respectfully opposes the procedurally improper *ex parte* application of Petitioner EDAG Engineering GMBH ("EDAG") for the entry of an (a) Order appointing California Secretary of Agent for Byton North America Under CA Corporations Code Section 1702(A) and (B) Order Appointing Process Servers Under FRCP 4.1(a) [Docket Entry 36].

Northern District of California Local Rule 7-10 provides as follows:

> *7-10. Ex Parte Motions*. Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, *only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.*

(Emphasis supplied.)

EDAG's *ex parte* application fails to cite to a statute, Federal Rule, local rule, or Standing Order authorizing the *ex parte* filing, nor is there any federal statute, rule, or order of which Byton is aware which would authorize the use of an *ex parte* application/motion to obtain the relief being sought by EDAG.  As such, EDAG's *ex parte* application should be denied.  The relief being sought by EDAG in its *ex parte* application can be sought by way of a properly noticed motion which would afford Byton a full and fair opportunity to address the issues raised by EDAG.

For the foregoing reasons, EDAG's *ex parte* application should be denied.

                                      Respectfully Submitted,

Dated: December 3, 2021          VAN ETTEN SIPPRELLE LLP

By: *Keith A. Sipprelle*
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION