1  **VAN ETTEN SIPPRELLE LLP**
   KEITH A. SIPPRELLE (SBN 143358)
2  2945 Townsgate Road, Suite 200
   Westlake Village, California 91361
3  Telephone: (805) 719-4900
4  Facsimile: (805) 719-4950
   ksipprelle@vstriallaw.com
5
   Attorneys for Respondent
6  BYTON NORTH AMERICA CORPORATION

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN FRANCISCO DIVISION**

11

12

13 | EDAG ENGINEERING GMBH,              | Case No. 3:21-cv-04736-EMC
14 |                                     |
   |           Petitioner,               | **RESPONDENT BYTON NORTH
15 |                                     | AMERICA CORPORATION'S
   |     vs.                             | OPPOSITION TO PETITIONER EDAG
16 |                                     | ENGINEERING GMBH'S *EX PARTE*
   | BYTON NORTH AMERICA                 | APPLICATION FOR THE ENTRY OF AN
17 | CORPORATION,                        | ORDER AUTHORIZING EDAG
   |                                     | ENGINEERING GMBH TO REGISTER
18 |           Respondent.               | THE JUDGMENT IN OTHER DISTRICTS
19 |                                     | [*DOCKET ENTRY 42*]

20

---

BYTON'S OPPOSITION TO EDAG'S EX PARTE APPLICATION; Case No. 3:21-cv-04736-EMC

Respondent Byton North America Corporation ("Byton") hereby respectfully opposes the *ex parte* application of Petitioner EDAG Engineering GMBH ("EDAG") for the entry of Order authorizing EDAG Engineering GMBH to register "the judgment" in other districts [Docket Entry 42]. The grounds for Byton's Opposition are the following:

**1. Notice Of The *Ex Parte* Application Was Defective.**

The caption page of the *ex parte* application purports to set the application for hearing on December 6, 2021. However, the application was not filed until December 7, 2021, the day after the purported hearing date. EDAG's defective notice alone should result in the denial of the application.

**2. The *Ex Parte* Application Is Procedurally Improper Under Local Rule 7-10.**

Northern District of California Local Rule 7-10 provides as follows:

*7-10. Ex Parte Motions*. Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, *only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.*

(Emphasis supplied.)

EDAG's *ex parte* application fails to cite to a statute, Federal Rule, local rule, or Standing Order authorizing the *ex parte* filing, nor is there any federal statute, rule, or order of which Byton is aware which would authorize the use of an *ex parte* application to obtain the relief being sought by EDAG. As such, EDAG's *ex parte* application should be denied. The relief being sought by EDAG in its *ex parte* application can be sought by way of a properly noticed motion which would afford Byton a full and fair opportunity to address the hyperbole and mischaracterizations in EDAG's *ex parte* application.

**3. The *Ex Parte* Application Is Premature.**

EDAG seeks an order allowing it to register a judgment under 28 U.S.C. § 1963 on an expedited basis.

28 U.S.C. § 1963 provides in relevant part as follows:

> *A judgment* in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, **when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.**

(Emphasis supplied.)

Here, no judgment has yet been entered against Byton. If and when a judgment has been entered against Byton, EDAG can seek to revisit the issues raised by this *ex parte* application.

For the foregoing reasons, EDAG's *ex parte* application should be denied.

Respectfully Submitted,

Dated: December 8, 2021

VAN ETTEN SIPPRELLE LLP

By: /s/ Keith A. Sipprelle
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION