**David J. Cook (SBN 60859)**
**COOK COLLECTION ATTORNEYS, PLC**
ATTORNEYS AT LAW
165 Fell Street
San Francisco, CA 94102
Telephone: (415) 989-4730
Facsimile: (415) 989-0491
Cook@CookCollectionAttorneys.com

**LEWIS & LLEWELLYN LLP**
**Evangeline A.Z. Burbidge (Bar No. 266966)**
eburbidge@lewisllewellyn.com
**Marc R. Lewis (**Bar No. 233306)
mlewis@lewisllewellyn.com
**Kenneth M. Walczak** (Bar No. 247389)
kwalczak@lewisllewellyn.com
**Bradley E. Estes** (Bar No. 298766)
bestes@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:   (415) 390-2127

Attorneys for Petitioner EDAG Engineering GmbH,
a corporation organized and existing under the laws
of the Republic of Germany

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG Engineering GmbH,<br><br>      Petitioner,<br><br>      v.<br><br>BYTON North America Corporation,<br><br>      Respondent | Case No. 3:21-cv-04736-EMC<br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ISSUANCE OF THE FOLLOWING:  (A) ORDER SHORTENING TIME FOR HEARING ON MOTION FOR APPOINTMENT OF RECEIVER FOR SALE OF BNA PATENTS #1 AND EXTINGUISHMENT OF TRANSFERS OF BNA PATENTS #1 TO BYTON LIMITED; (B) ISSUANCE OF INJUNCTION FOR THE SALE, TRANSFER OF, DISPOSITION OF BNA PATENTS #1 & 2 PURSUANT CIVIL CODE SECTION 3439.07(a)(3)(A) &(B), FRCP 69(a) and  FRCP 62(a), AND RULE  66, C.C.P. SECTION 708.620 AND CIVIL CODE** |

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION



**SECTION 3439.07(a)(C)(3)   collectively "Receiver Motion").**

Judge:  Honorable Edward M. Chen [Video-ZOOM hearing)

Petition Filed: June 23, 2021

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

TO BYTON NORTH AMERICA, a Delaware corporation ("BNA"), Byton Limited ("BY-LTD"), and to their attorneys and each of them:

EDAG ENGINEERING GMBH, a corporation organized and existing under the law of the Republic of Germany, ("EDAG") provides the Supplement Memorandum in Support of the Ex Parte Application for the issuance of an Order Shortening Time for the hearing on the Motion for the Appointment of a Receiver of Patents and the avoidance and extinguishment of 20 plus patent  (Doc. #54)  that were transferred from Byton North America (BNA) to Byton Limited (BY-LTD) (Doc. # 53-1 *Exhibit "K"*)

## I.  STATUS OF FILING.

On December 13, 2021, the court rendered judgment in favor EDAG to have and recover from BNA in the amount of $30,231,689.48.  The court likewise lifted both the stay imposed by FRCP 62(a) (Doc. #49) and the limitation in the registering the judgment in other districts (Doc. # 50).  The Court entered an order authorizing EDAG to retain process servers to levy execution under FRCP 4.1(a), and service for process upon the California Secretary of State under Corporations Code section 1702(a)  (Doc. # 44 and # 45) and lifted all sealing of filings. (Doc. #45)

## II. CHRONICLE OF CORE EVENTS

On ***October 29, 2021***, EDAG filed the Motion to Confirm Arbitration with a hearing date of December 9, 2021 (Doc. # 19)

On ***November 3, 2021***, David J. Cook, Esq., made his appearance in this case (Doc. #21).

On ***November 4, 2021***, EDAG filed for the Motion for relief from the 30 days Post Judgment Stay Post Judgment Stay. (Doc. # 22).

On ***November 4, 2021***, East Asia Sentinel Service Limited resigned as the Company Secretary (***Exhibit "A"*** to Cook Declaration) for and on behalf of BY-Limited. [Note date of Resignation is October 31, 2021, and date of Resignation is November 3, 2021]

On ***November 4, 2021*** EDAG filed its Administrative Motion to File under Seal. (Doc. #23)

On ***November 8, 2021***, EDAG filed the November 8 2021 Injunctive Order issue by Judge Cahill (Ret) in the prosecution of the arbitration. (Doc. #25)

On ***November 9, 2021***, EDAG filed the proposed judgment which included Injunctive relief. (Doc. #26)

On ***November 12, 2021***, BNA filed its Opposition to the Motion to Confirm the June 2, 2021 etc. Award which includes the November 8, 2021 relief (Doc. # 27 and #25)

On ***November 18, 2021,*** BNA filed its Opposition to the Motoion for Relief from the Post Judgment Stay under Rule 62(a) (Doc. # 30)

On **November 19, 2021,** CT Corporation System resigned as the agent for service of process under Corporations Code Section 1702(a) for BNA (***Exhibit "B"*** to Cook Declaration).  BNA did not replace CT with anyone else as an agent for service of process.

On **November 19, 2021**, EDAG filed the Reply to the Opposition of the Motion to Confirm the Award.  (Doc. # 31)

On **November 23, 2021**, EDAG filed an Administrative Motion to Unseal filings and other financial records. (Doc. #32)

On **November 24, 2021** EDAG filed the reply to the Opposition to the Motion to Lift the Stay under FRCP 62(a)(Doc. #33).

### III. IMPLICATIONS AND CONCLUSIONS

East Asia Sentinel Services Limited resigned as the Company Secretary for BYTON Limited on November 4, 2021 without a replacement. (***Exhibit "A"*** to Cook Declaration.)

CT Corporation System as the agent for service of process for BNA resigned on November 19, 2021 without a replacement (***Exhibit "B"*** to Cook Declaration.)

The inability to serve a designed registered Corporate Secretary (***Exhibit "A")*** and professional agent for service of process, i.e., CT (***Exhibit "B")*** for two interrelated entities: BNA and BY-LTD, and without a replacement, would render service of post judgment process difficult, time consuming, expensive, and arduous. Coming to these inescapable consequences and conclusion, the BNA and BY-LTD are engaging in flight from the pending post judgment enforcement and facing the risk of campaign of fraudulent conveyance relief that would recover a multiple million dollar inventory of patents to pay off the $30mil judgment due EDAG.

Flight offers many consequences and conclusion, which include admissible acknowledgement of guilt as follows:

 "Evidence showing consciousness of guilt, such as flight or escaping from jail, is generally admissible within the trial court's discretion." (*People v. Anderson* (2018) 5 Cal.5th 372, 391, 235 Cal.Rptr.3d 1, 420 P.3d 825.) " ' "[F]light requires neither the physical act of running nor the reaching of a far-away haven. [Citation.] Flight manifestly does require, however, a purpose to avoid being observed or arrested." ' " *People v. Pettigrew,* 62 Cal. App. 5th 477, 497, 276 Cal. Rptr. 3d 694, 709 (2021), review denied (June 23, 2021)

Another interpretation of the flight undertaken by BNA and BY-LTD is that both entities are absconding under Civil Code Section 3439.04(b) as follows:

"In determining whether a transfer was made with the "actual intent to hinder, delay, or defraud," the court may consider a non-exclusive list of eleven factors set forth in section 3439.04(b). The eleven factors include...

-4-

"(6) Whether the debtor absconded."" ***Najor v. Blake,*** No. D052684, 2008 WL 5206762, at *7 (Cal. Ct. App. Dec. 15, 2008)

Making themselves difficult to be served and therefore obstructing recovery of a fraudulent conveyance through legal process is evidence of "hindering, delaying, and defrauding" under the badges of frauds of Civil Code Section 3439.04(a).

The conclusion and therefore the consequences are that the serial flight by BNA and BY-LTD of their agents for service of process is an admission of guilt with intent to delay, hinder, and defraud EDAG under Section 3439.04(a) and therefore justifies injunctive relief to prevent the further disposition of the patents and protect from any sale, lien, disposition, or alienation pending the appointment of a receiver and vacate the conveyance and sell the patents for purpose of payment of the $30mil due EDAG.

Dated:  December 15, 2021                    Respectfully submitted,

                                             COOK COLLECTION ATTORNEYS PLC

                                   By:   /s/ David J. Cook

                                      David J. Cook, Esq.
                                      Attorneys for Petitioner EDAG
                                      ENGINEERING GMBH