**David J. Cook (SBN 60859)**
**COOK COLLECTION ATTORNEYS, PLC**
ATTORNEYS AT LAW
165 Fell Street
San Francisco, CA 94102
Telephone: (415) 989-4730
Facsimile: (415) 989-0491
Cook@CookCollectionAttorneys.com

**LEWIS & LLEWELLYN LLP**
**Evangeline A.Z. Burbidge (Bar No. 266966)**
eburbidge@lewisllewellyn.com
**Marc R. Lewis (Bar No. 233306)**
mlewis@lewisllewellyn.com
**Kenneth M. Walczak (Bar No. 247389)**
kwalczak@lewisllewellyn.com
**Bradley E. Estes (Bar No. 298766)**
bestes@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile:  (415) 390-2127

Attorneys for Petitioner EDAG Engineering GmbH,
a corporation organized and existing under the laws
of the Republic of Germany

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG Engineering GmbH,<br><br>    Petitioner,<br><br>    v.<br><br>BYTON North America Corporation,<br><br>    Respondent. | Case No. 3:21-cv-04736-EMC<br>**NOTICE OF HEARING OF:**<br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF A RECEIVER TO MARSHAL, TO RECOVER, SET ASIDE FRAUDULENT CONVEYANCE OF 22 PATENTS FROM BYTON LIMITED ("BYTON LTD") AND PROVIDE FOR SALE PURSUANT TO FRCP 69(a), AND RULE 66, C.C.P. SECTION 708.620 AND CIVIL CODE SECTION 3439.07(a)(3)(B) FOR PURPOSES OF THE PAYMENT OF THE JUDGMENT THEREOF.**<br><br>Dated:  January 6, 2022<br><br>Time:  1:30 pm. |

Judge:  Honorable Edward M. Chen [Video-ZOOM hearing)

Petition Filed: June 23, 2021

TO BYTON NORTH AMERICA, a Delaware corporation ("BNA"), Byton Limited ("BY-LTD"), and to their attorneys and each of them and to their attorneys and each of them:

## NOTICE FROM THE COURT

**CLERK'S NOTICE: Hearing re: 53 Motion to Appoint Receiver set for 1/6/2022 01:30 PM in San Francisco, - Videoconference Only before Judge Edward M. Chen. This proceeding will be held via a Zoom webinar. Opposition due 12/21/2021.**

**Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/emc**

**General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.**

**Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.**

**Opposition due by 12/21/2021. Motion Hearing set for 1/6/2022 01:30 PM in San Francisco, - Videoconference Only before Judge Edward M. Chen. (afm, COURT STAFF) (Filed on 12/17/2021) (Entered: 12/17/2021)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please take notice that on the 6th day of January, 2022 at the hour of 1:30 p. m., or as soon as the matter can be heard before the Honorable Edward M. Chen, Judge of the United States District Court, of the United States District Court House of 450 Golden Gate Avenue, San Francisco, California 94102, EDAG EGINEERING Gmbh, a corporation organized and existing under the laws of the Republic of Germany, ("EDAG") hereby seeks the following relief pursuant to FRCP 69(a), 66, C.C.P. Section 708.620, C.C.P. 564, 568.5. Civil Code Section 3439.7(a)(3)(B), 3439.07(a)(1), and Section 3439.05 and SECTION 3439.004(a):

    A.    Vacate, set aside and extinguish the transfer and assignment of the 22 patents issued by the United States Patents and Trademark Office (USPTO) originally held by BNA to BYTON LTD from May, 2019 to August, 2021 for the patents listed on Exhibit "A" (***BNA Patents # 1***") on the grounds that the transfer and assignment of BNA Patents #1 is a fraudulent conveyance under Civil Code Section 3439.05 and 3439.04, restore title thereof to BNA and proceed with a sale of a receiver pursuant to California Civil Code Section 3439.07(a), C.C.P. Section 708.620 etc.  The sale would include the sale by the receiver of three (3) additional patents of BNA which are still in the name of BNA (***"BNA Patents #2"***). The total of the patents are "BNA Patents TOTAL".

  B. Appoint Michael S. Warda, Esq., as a Receiver for the BNA PATENTS TOTAL with the rights, powers, and duties herein as set forth in the Notice of Motion and Motion herein, and all rights herein under FRCP 66, C.C.P. Section 708.620, Civil Code Section 3439.07(a)(3)(b), and general powers of the court hereof.

  C. EDAG hereby moves this court that the proposed receiver, Michael S. Warda, (collectively "Receiver") be endowed with the following rights, remedies, and privileges, as follows:

  1. The Receiver shall be entitled to sell, auction, convey, transfer, license, and sublicense the BNA PATENTS TOTAL, and all rights arising therefrom. Such rights include, but are not limited to, all claims, rights, suits, arbitration, judgments and other proceeding right from any infringement or any other claim arising from the infringement of the BNA PATENTS TOTAL, all licenses or assignment of the BNA PATENTS TOTAL.

  2. The Receiver may conduct a private or public sale, subject to further order of this court, and to the highest bidder, including a credit bid by Judgment Creditor, EDAG, to sell the BNA PATENTS TOTAL, and all rights arising therefrom

  3. The Receiver may establish one or more bank accounts to deposit any and all proceeds thereof from the sale of the BNA PATENTS TOTAL, and all rights arising therefrom.

  4. The Receiver may make, execute, and deliver any types of applications, transfer notices, notes, instruments, or other writings, for and on behalf of any purchaser, and/or conveyee of the intellectual property therein, and to execute, make, and deliver any and all writings required by the United States Trademark and Patent Office, to facilitate the transfer thereunder of the BNA PATENTS TOTAL, and all rights arising therefrom; and that the Receiver, or other designee therein, be established, and appointed by the court to execute any all deeds, instruments, applications, contracts or any other writings to (a) transfer the BNA Patents original in the name of BYTON Limited, as ordered by the court under Section 3939.07(c) and Section 3439.078(a)(1) [avoidance of transfer and restore title, and enjoin BNA and BY-LTD from any transfer of the PATENTS herein.

  5. The Receiver may be authorized, if necessary, to affix the name of the Defendant on any documents which may be required by the United States Trademark and Patent Office, to facilitate the transfer of the BNA PATENTS TOTAL, and all rights arising therefrom or any other designee that the Receiver may appoint and subject to the order of the court,.

  6. That the court order an officer or agent of BNA or any designee ("BNA") to execute any assignment, writings, instruments, notices, applications, supplements to applications, or anything else required by the USPTO to facilitate the sale, transfer, or other disposition of the BNA Patents Total, and all rights arising therefrom, to the purchaser arising from the sale by the receiver,

including EDAG, and in the event of noncompliance therewith, order any other judicial officer of this court, including the Clerk of this Court, to sign the name of any officer or agent on behalf of BNA to likewise execute any assignment, writings, instruments, notices, applications, supplements to applications, or anything else required by the USPTO to facilitate the sale, transfer, or other disposition of the BNA PATENTS TOTAL, and all rights arising therefrom, to the purchaser.

7. The Receiver may retain the services of one or more attorneys, experts or consultants, by which to aid and advise the receiver in the performance of the duties thereunder and appraise or evaluate the BNA PATENTS TOTAL, and all rights arising therefrom.

8. The Receiver may advertise and incur any expense for purposes of advertising the BNA PATENTS TOTAL, and all rights arising therefrom, to the purchaser, which would include the publication in *The Wall Street Journal*, or any similar publication, or any other activity by which to promote the sale thereunder of the BNA PATENTS TOTAL, and all rights arising therefrom.

9. The Receiver may take and receive all funds constituting the proceeds from the sale of the BNA PATENTS TOTAL, and all rights arising therefrom, and deposit the same in a receiver's account, pending further order of this court.

10. The Receiver may conduct a credit bid for the benefit of EDAG thereunder for the sale of the BNA PATENTS TOTAL, and all rights arising therefrom under C.C.P Section 701.590(b).

11. The Receiver be entitled to exercise any and all other rights and remedies necessary to facilitate the transfer of the BNA PATENTS TOTAL, and all rights arising therefrom, under the auspices of the USPTO and the execution of all documents that the USPTO may require, to facilitate the transfer of all rights, title and interest, of BNA in and to the BNA PATENTS TOTAL, and all rights arising therefrom, to the purchaser thereof, under the auspices of the sale by the receiver.

12. BNA and its agents, services, designees, employees, officers, managers or appearing on behalf of BNA shall cooperate in, or shall be ordered to, or judicially appointed agent, successor or designee shall, to execute any and all powers of attorney, applications, assignments, declarations, affidavits, and any other agreements, documents or instruments in connection with the BNA PATENTS TOTAL necessary or appropriate to perfect such rights, title and interest assigned to the purchaser, its successors, assigns and legal representatives. BNA shall further cooperate in, or shall be ordered to, or judicially appointed agent or successor or designee shall, to communicate to the purchaser, and its successors, assigns and legal representatives, any facts known to BNA respecting the BNA PATENTS TOTAL and to provide to the purchaser all written and electronic documentation in support of BNA's ownership of the BNA PATENTS TOTAL and, at the expense of the purchaser, to testify in any legal proceedings, sign all lawful agreements, documents or

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF A RECEIVER TO MARSHAL

instruments, make all lawful oaths and generally do everything possible to vest title in the purchaser and to aid the purchaser, its successors, assigns and legal representatives to obtain and enforce its rights under the BNA PATENTS TOTAL.

13. The court shall keep and retain continuing jurisdiction for the sale or liquidation of the BNA PATENTS TOTAL, and all rights arising therefrom.

14. Any and all other rights, powers or duties found necessary by the Receiver in the performance of the duties herein.

C. The court issue an order that avoids, vacates, and extinguishes, the assignments, instruments, sale agreements, bills of sale, writings required by the USPTO, writings or anything that had or sought the claims of an assignment, sale, transfer, assignment itself of the BNA Patents #1 which were sold, assigned, and transferred to BY-LTD and restore to BNA as if the putative transfer never took place here under Civil Code Section 3439.07(a)(1).

D. The court issues an injunction that prevents BNA and BY-LTD, and both of them and their agent, and all of them, jointly and severally from the sale, assignment, sale, hypothecation, encumbrance, transfer, lien changes names or title, release or disposition, change the names of, or the bartering any or any one of the BNA PATENTS TOTAL or any of the same, upon the issuance of this court of the filing of this motion and remain in placed pending the sale or disposition of the BNA PATENTS TOTAL hereby, at any time, by the RECEIVER, or otherwise based on court of this court pursuant to Civil Code Section 3439.07(a)(3)(A), without bond.

On December 13, 2021, judgment has been rendered in favor of EDAG to have and recover to and against BNA in the amount of $30,231,689.48, and that the court has lifted the stay imposed by FRCP 62(a) (Doc. # 49), and likewise granted the motion to permit registration in any district pursuant to 28 USC Section 1963 (Doc. # 50).

This motion is based upon this Notice, the Motion, the Memorandum of Points and Authorities, the Declaration of David J. Cook, Esq., the Declaration of Michael S. Warda, Declaration of Michael Berg, Declaration of Volker Amelung, all matter subject to admission by FRFE 201, Declaration of Daniel I. Kirchert, Declaration of Gong L. Chen, Deposition of Sahda Kameswaran, the Transcript of the arbitration between EDAG and BNA JAMS 1100107291 (Arbitration), Declaration of Tony Klein, all matters upon which the court may take judicial notice, the filings with the United States Patent & Trademark Office, all papers, pleadings, and other matters on file herein, and upon all oral evidence and argument which may be presented at the hearing hereof.

Dated: December 17, 2021

Respectfully submitted,

COOK COLLECTION ATTORNEYS PLC

By:   /s/ David J. Cook

David J. Cook, Esq.
Attorneys for Petitioner EDAG
ENGINEERING GMBH

**PROOF OF SERVICE**

BYTON NORTH AMERICA CORPORATION
4201 BURTON DR
SANTA CLARA, CA 95054
info@byton.com

SADHA KAMESWARAN
2260 TIOGA DR
MENLO PARK CA 94025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
12400 WILSHIRE BOULEVARD SUITE 1120
LOS ANGELES, CA 90025
LESTER.VINCENT@WBD-US.COM
ENRIQUE.GARCIA@WBD-US.COM

GONG L. CHEN
1101 PACIFIC AVE, APT 501
SAN FRANCISCO, CA 94133-4296

BYTON LIMITED
UNIT 1312, TOWER 1
LIPPO CENTRE, QUEENSWAY 89
HONG KONG VIA FED EX
team@byton.com

MR. ZHANG YING
EMAIL: ZHANGYING@FAW.COM.CN

KEITH ANDREW SIPPRELLE
VAN ETTEN SIPPRELLE LLP
2495 TOWNSGATE RD.
SUITE 200 28
WESTLAKE VILLAGE, CA 91361
EMAIL: KSIPPRELLE@VSTRIALLAW.COM

BYTON NORTH AMERICA CORPORATION
VIA SECRETARY OF STATE PURSUANT TO
CORPORATIONS CODE SECTION 1702(a) and
info@byton.com

FMC CAYMAN
WALKERS CORPORATE LIMITED,
CAYMAN CORPORATE CENTRE,
27 HOSPITAL ROAD, GEORGE TOWN,
GRAND CAYMAN KYL-9008, CAYMAN
ISLANDS VIA FED EX

BYTON LIMITED
LEVEL 19
TWO INTERNATIONAL FINANCE CENTER
8 FINANCE STREET, CENTRAL
HONG KONG VIA FED EX.

1  Evelyn Aguilar Shimazaki, Esq.
   Byton North America Corporation
2  care of 5521 Hellyer Avenue
   San Jose, CA 95138
3  Evelynl.schimazaki@Byton.com

4  Lillian Xu, Esq.
   Byton North America Corporation
5  4201 Burton Drive
   Santa Clara, CA 95054
6  Lillian Xu@byton.com.

7
         I am employed in the County of San Francisco, California. I am over the age of eighteen
8  (18) years and not a party to the within cause. My business address is 165 Fell Street, San
   Francisco, CA 94102. On the date set forth below, I served the attached:
9
   **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION:**
10 **SILICON VALLEY BANK**
   **HSBC BANK USA, NATIONAL ASSOCIATION**
11 **JPMORGAN CHASE BANK**

12 **NOTICE OF HEARING OF:**

13 NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF A RECEIVER TO MARSHAL,
   TO RECOVER, SET ASIDE FRAUDULENT CONVEYANCE OF 22 PATENTS FROM BYTON
14 LIMITED ("BYTON LTD") AND PROVIDE FOR SALE PURSUANT TO FRCP 69(a), AND
   RULE 66, C.C.P. SECTION 708.620 AND CIVIL CODE SECTION 3439.07(a)(3)(B) FOR
15 PURPOSES OF THE PAYMENT OF THE JUDGMENT THEREOF

16
   **CLERK'S NOTICE:** Hearing re: 53 Motion to Appoint Receiver set for 1/6/2022
17 01:30 PM in San Francisco, - Videoconference Only before Judge Edward M.
   Chen. This proceeding will be held via a Zoom webinar. Opposition due
18 12/21/2021.

19
   Webinar Access: All counsel, members of the public, and media may access the
20 webinar information at https://www.cand.uscourts.gov/emc

21
   General Order 58. Persons granted access to court proceedings held by telephone
22 or videoconference are reminded that photographing, recording, and
   rebroadcasting of court proceedings, including screenshots or other visual
23 copying of a hearing, is absolutely prohibited.
24
   Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.
25
   Opposition due by 12/21/2021. Motion Hearing set for 1/6/2022 01:30 PM in San
26 Francisco, - Videoconference Only befo re Judge Edward M. Chen. (afm,
   COURT STAFF) (Filed on 12/17/2021) (Entered: 12/17/2021)
27
28 on the above-named person(s) by:

1    __XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above, or Federal Express by depositing the package to the FED EX offices in San Franicsco, Califonria herein and charges all paid in an open account, if specifically set forth above, or email if available.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 17, 2021 at San Francisco, California.

_____
DAVID J. COOK

NOTICE OF ENTRY OF ORDER