1  **VAN ETTEN SIPPRELLE LLP**
   KEITH A. SIPPRELLE (SBN 143358)
2  2945 Townsgate Road, Suite 200
   Westlake Village, California 91361
3  Telephone: (805) 719-4900
   Facsimile: (805) 719-4950
4  ksipprelle@vstriallaw.com
5
   Attorneys for Respondent
6  BYTON NORTH AMERICA CORPORATION
7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISCO DIVISION**

11

12  EDAG ENGINEERING GMBH,                    Case No. 3:21-cv-04736-EMC

13              Petitioner,                   [Hon. Edward M. Chen]

14      vs.                                   **RESPONDENT BYTON NORTH**
                                              **AMERICA CORPORATION'S**
15                                            **MEMORANDUM OF POINTS AND**
                                              **AUTHORITIES IN OPPOSITION TO**
16  BYTON NORTH AMERICA                       **PETITIONER EDAG ENGINEERING**
    CORPORATION,                              **GMBH'S MOTION FOR APPOINTMENT**
17                                            **OF A RECEIVER**
              Respondent.
18

19
                                             *[SUPPORTING DECLARATION OF GONG*
20                                           *LIN CHEN SUBMITTED*
                                             *CONCURRENTLY HEREWITH]*
21

22

23                                           Date: January 6, 2022
                                             Time: 1:30 p.m. (Zoom)
24

25

26

27

28

   ───────────────────────────────────────────────────────────────
   BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
                    Case No. 3:21-cv-04736-EMC

1    Respondent BYTON NORTH AMERICA CORPORATION hereby respectfully opposes

2 the Motion of Petitioner EDAG Engineering GMBH ("EDAG") to appoint a receiver "To

3 Marshal, to Recover, Set Aside Fraudulent Conveyance of 22 Patents from Byton Limited ("Byton

4 Ltd") and Provide for Sale Pursuant to FRCP 69(a), and Rule 66, C.C.P. Section 708.620 and Civil

5 Code Section 3439.07(a)(3)(b) for Purposes of the Payment of the Judgment Thereof" (hereafter

6 the "Motion," Docket Entry 53).[1]

7    I.    **SUMMARY OF ARGUMENT.**

8    EDAG's two-step Motion seeks: (1) a determination by this Court that 22 patents owned by

9 a non-party to this action, Byton Limited, were fraudulently conveyed to Byton Limited by

10 Respondent Byton North America Corporation ("Byton NA"); and (2) to appoint a receiver to sell

11 these 22 purportedly fraudulently conveyed patents as well as three other patents owned by non-

12 party Byton Limited.

13    EDAG's Motion constitutes a stunning effort to deprive a non-party of due process.  All 25

14 patents at issue are owned by a non-party to this litigation, Byton Limited.  Byton Limited was not

15 a party to the underlying arbitration proceeding, and is not a party to this federal court

16 enforcement action. Moreover, the judgment entered by this Court on December 13, 2021 is not

17 against Byton Limited.  Nevertheless, EDAG arrogantly seeks to strip a non-party to this action

18 against whom EDAG does not have a judgment of patents owned by that non-party which EDAG

19 has valued at nearly $84 million.  EDAG's utter disregard for the basic due process rights of

20 Byton Limited should be rejected by this Court.

21    Moreover, EDAG's Motion, if granted, would in effect make a non-party to this action,

22

23 [1] EDAG has also filed an *ex parte* application for issuance of an "(A) Order Shortening Time for
24 Hearing on Motion for Appointment of Receiver for Sale of BNA Patents #1 and #2 and
Extinguishment of Transfers of BNA Patents #1 to Byton Limited; (b) Injunction for the Sale,
25 Transfer of Disposition of BNA Patents #1 & 2…". (Docket Entry 54.)  EDAG purported set its
*ex parte* application for hearing on December 30, 2021.  The *ex parte* application would appear to
26 be moot/off calendar due to the Court's Notice of December 17, 2021 setting the Motion for
hearing on January 6, 2021. However, to the extent the *ex parte* application is not moot/off
27 calendar, Byton NA respectfully requests that its opposition to this Motion also be deemed its
28 opposition to the *ex parte* application.

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

1 | Byton Limited, a party to the judgment entered by this Court on December 13, 2021 without

2 | EDAG ever having properly joined Byton Limited in this action.  Byton Limited is a Hong Kong

3 | corporation.   Byton Limited can only be joined as a party to United States litigation by service of

4 | process through the procedures established by The Hague Service Convention.  EDAG has not

5 | complied with the requirements of The Hague Service Convention with respect to Byton Limited.

6 | As such, the Motion seeks relief that, if granted, would violate an international treaty to which the

7 | United States is a signatory.

8 |      Finally, the linchpin of EDAG's Motion, the contention that 22 of the 25 patents at issue

9 | were fraudulently conveyed to Byton Limited, is specious.  EDAG's Motion is in effect a

10 | disguised motion for summary judgment motion, and EDAG has not come close to demonstrating

11 | the absence of a triable issue of material fact with respect to its fraudulent conveyance claim.  To

12 | the contrary, the evidence submitted by Byton NA in opposition to the Motion (the Declaration of

13 | Gong Lin Chen) establishes that the 22 patents at issue could not possibly have been fraudulently

14 | assigned to Byton Limited, because: (1) these patents were never assets of Byton NA; and (2)

15 | Byton NA received consideration for the assignments.

16 |      Because the 25 patents at issue are not and never were assets of Byton NA, they are not

17 | subject to sale to satisfy EDAG's December 13, 2021 judgment.  As such, there is no need for the

18 | appointment of a receiver to sell these patents.  The Motion should be denied.

19 | **II.**     **EDAG'S MOTION SEEKS TO DEPRIVE A NON-PARTY OF DUE**

20 |      **PROCESS.**

21 |      The Fifth and Fourteenth Amendments to the United States Constitution prohibit the federal

22 | and state governments from deprivations of property without due process of law.

23 |      Here, EDAG Seeks an order from this Court that would strip a non-party to this litigation,

24 | Byton Limited, of United States patents that it owns without Byton Limited ever having been

25 | made a party either to the underlying arbitration proceeding or to this federal court enforcement

26 |

27 |

28 |

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

1    action.[2]  Even more egregiously, EDAG seeks to strip Byton Limited of its ownership of its 25

2    patents (which EDAG's purported expert has valued at nearly $84 million) based on a judgment to

3    which Byton Limited is not even a party.  EDAG's utter disregard of the fundamental due process

4    rights of Byton Limited is breathtaking in its arrogance.

5          While there is no definitive list of the "required procedures" that would satisfy due process,

6    eminent jurist Henry J. Friendly (United States Court of Appeals for the Second Circuit, 1959-

7    1986) developed a list that remains highly influential to this day.  The list, which is discussed in

8    detail in Judge Friendly's sweeping and highly influential article "*Some Kind of Hearing*" (which

9    appeared in 1975 in the *University of Pennsylvania Law Review*), includes the following:

10         -      An unbiased tribunal.

11         -      Notice of the proposed action and the grounds asserted for it.

12         -      Opportunity to present reasons why the proposed action should not be taken.

13         -      The right to present evidence, including the right to call witnesses.

14         -      The right to know opposing evidence.

15         -      The right to cross-examine adverse witnesses.

16         -      A decision based exclusively on the evidence presented.

17         -      Opportunity to be represented by counsel.

18         -      Requirement that the tribunal prepare a record of the evidence presented.

19         -      Requirement that the tribunal prepare written findings of fact and reasons for its

20                decision.

21    See *University of Pennsylvania Law Review*, Volume 123, Issue 6 (1975), 1267-1317, *Some Kind*

22    *of Hearing* (and cases cited therein).

23         Here, the order that EDAG seeks would run afoul of most of Judge Friendly's requirements

24    _____

25    [2] There are 25 U.S. patents at issue in the Motion.  As discussed in the Motion, the registered
      owner of 22 of these patents (in the files of the United States Patent and Trademark Office (the
26    "USPTO") is Byton Limited.  The registered owner with the USPTO of the remaining three
      patents (Patent ## 11042341, 11110821 and 11107354) is not Byton Limited.  Nevertheless,
27    Byton Limited is the true owner of these three patents.  See Declaration of Gong Lin Chen
      submitted concurrently herewith ("Chen Declaration") at ¶¶ 11-16.
28

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

1   for procedural due process.  As a non-party to this action, Byton Limited has not: (a) received

2   proper notice of the proposed action and the grounds asserted for it, (b) been afforded an

3   opportunity to present reasons why the proposed action should not be taken, (c) had the right to

4   present evidence, (d) been afforded the right to know and evaluate EDAG's evidence, (d) been

5   afforded the right to cross-examine witnesses, and (e) had the opportunity to be represented by

6   counsel.  In short, EDAG seeks an order that is flatly unconstitutional under the United States

7   Constitution.[3]

8        The Motion should be denied.

9   **III.    EDAG'S MOTION SEEKS AN ORDER THAT WOULD VIOLATE AN**

10          **INTERNATIONAL TREATY.**

11       By seeking to strip Byton Limited of its ownership of patents that EDAG has valued at

12   approximately $84 million, EDAG effectively seeks to modify the December 13, 2021 judgment

13   against Byton NA to make Byton Limited a co-debtor on the judgment.  In effect, then, EDAG

14   seeks to make Byton Limited a party to this litigation without ever having sued and served Byton

15   Limited with summons.

16       Byton Limited is an active Hong Kong corporation.  (Chen Decl., ¶ 8.)  Hong Kong is a

17   signatory to The Convention on the Service Abroad of Judicial and Extrajudicial Documents in

18   Civil or Commercial Matters (aka The Hague Service Convention, 20 U.S.T. 361).   The United

19

---

20   [3] Of the 25 patents at issue (all of which are owned by non-party Byton Limited), EDAG seeks to

21   seize 22 of these patents on the basis that they were fraudulently conveyed to Byton Limited by
     Byton NA.  While California common law governing fraudulent conveyances as well as the

22   California Uniform Voidable Transactions Act (*Civil Code* §§ 3439–3439.12) do allow for the
     setting aside/voiding of fraudulent conveyances, nothing in California law of which Byton NA is

23   aware would allow for property to be seized from its current owner/transferee on the basis that the
     property was fraudulently conveyed without notice to the current owner/transferee and an

24   opportunity to contest the fraudulent conveyance claim.  No case cited in EDAG's brief involving
     the voiding of an asset transfer on the basis that the transfer was a fraudulent conveyance

25   authorizes the voiding of the transfer and the seizure/sale of the transferred asset without affording

26   the owner-transferee an opportunity to litigate the fraudulent conveyance issue. To the contrary, in
     the relevant cases cited by EDAG, the transferee was a party to litigation in which the fraudulent

27   conveyance claim was litigated, and thus afforded an opportunity to litigate the fraudulent

28   conveyance issue.

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

1    States is also a signatory to The Hague Service Convention.[4]

2          Under both federal and California law, service on a foreign corporation generally must be

3    accomplished through The Hague Service Convention.  *See Volkswagenwerk Aktiengesellschaft v.*

4    *Schlunk* (1988) 486 U.S. 694, 699 (where a defendant resides in a Hague Service Convention

5    state, its procedures are mandatory[5]); *California Code of Civil Procedure* § 413.10(c) ["These

6    rules are subject to the provisions of the Convention on the 'Service Abroad of Judicial and

7    Extrajudicial Documents' in Civil or Commercial Matters (Hague Service Convention)."];

8          Here, not only has EDAG not complied with the requirements of The Hague Service

9    Convention to join Byton Limited in this action, EDAG has not bothered to sue and serve Byton

10   Limited with summons in any manner whatsoever.  Nevertheless, through this Motion, EDAG

11   effectively seeks to make Byton Limited a party both to the long-concluded arbitration proceeding

12   and to this federal court enforcement action.  In effect, then, by this Motion, EDAG seeks an order

13   that would violate an international treaty to which both United States and Hong Kong are parties,

14   *to wit*, the Hague Service Convention. This Court should decline to grant a Motion that would run

15   afoul of the mandatory provisions of an international treaty to which both United States and Hong

16   Kong are parties.

17   **IV.    EDAG HAS FAILED TO ESTABLISH THAT THE 22 PATENTS AT ISSUE**

18   **WERE "FRAUDULENTLY CONVEYED" TO BYTON LIMITED.**

19          Finally, the linchpin of EDAG's Motion, the contention that 22 of the 25 patents at issue

20   were fraudulently conveyed by Byton NA to Byton Limited, is specious.  Thus, even if the Motion

21

22

_____

23   [4] For a list of signatory countries to The Hague Service Convention, see
     https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.  Hong Kong became a

24   party to The Hague Service Convention effective July 19, 1970.  The PRC continued Hong
     Kong's participation in The Hague Service convention after the PRC assumed control over Hong

25   Kong in 1997.  See https://www.hcch.net/en/instruments/conventions/status-
     table/notifications/?csid=393&disp=resdn.

26

27   [5] "By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent
     methods of service prescribed by state law in all cases to which it applies." *Volkswagenwerk*

28   *Aktiengesellschaft v. Schlunk, supra*, 486 U.S. at 699.

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

did not suffer from the fatal procedural defects discussed above, the Motion nevertheless should be denied.

EDAG's Motion is in effect a disguised motion for partial summary judgment which seeks summary adjudication of a claim that Byton NA fraudulently transferred 22 patents to Byton Limited.  In order to prevail on a motion for summary judgment/ partial summary judgment, EDAG must demonstrate with admissible evidence that no triable issue of material fact exists with respect to the issue to be summarily adjudicated (here, the claim that Byton NA fraudulently transferred 22 patents to Byton Limited).[6]  As discussed below, EDAG has failed to meet its burden of demonstrating the absence of a genuine factual dispute with respect to its fraudulent conveyance claim.[7]

The factual premise of EDAG's fraudulent conveyance claim is that the 22 patents at issue are/were the property of Byton NA, and that Byton NA assigned these patents to Byton Limited without consideration.  However, as explained in the Chen Declaration, *these 22 patents were never the property of Byton NA; were always the property of Byton Limited; Byton NA was contractually obligated to assign any rights in these patents to Byton Limited; and Byton NA*

---

[6] See *Federal Rules of Civil Procedure* 56(a) ("The court shall grant summary judgment if the movant shows that *there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law.")  (Emphasis supplied.)

Summary judgment is appropriate only where there exists no genuine issue of material fact and as matter of law, movant must show entitlement to summary disposition beyond all reasonable doubt. *SEC v. International Mining Exchange, Inc.* (1981) 515 F. Supp. 1062 (D. Colo. 1981).

Summary judgment is very drastic remedy, saying to the losing party that the court is so certain that nothing you have said even raises a material issue that you will be denied the opportunity to have your day in court on your claims; emphasis in motion for summary judgment is that the court must be certain that it is not depriving a party of fundamental right to trial, and this is why the law puts a great burden of proof upon the movant and allows presumptions in favor of opposing party. *Johnson Foils, Inc. v. Huyck Corp.* (1973) 61 F.R.D. (N.D.N.Y. 1973).

[7] EDAG seeks to set aside/void the transfers of 22 patents to Byton Limited under the California Uniform Voidable Transactions Act (*Civil Code* §§ 3439–3439.12). A creditor seeking to void a transfer as fraudulent has the burden of proving the elements of the claim for relief by a preponderance of the evidence. *Civil Code* § 3439.04(a) and (c).

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

1    *received service fees from Byton Limited in consideration of the assignment of any patent rights.*

2    As such, the 22 patents at issue could not have been fraudulently conveyed to Byton Limited.

3    Because the central factual premise of EDAG's Motion is flawed, EDAG's entire Motion

4    collapses.

5            Under 37 CFR § 3.73(a), the original applicant for a U.S. patent is *presumed* to be the

6    owner of any patent that may issue from the application, unless there is an assignment.  37 CFR §

7    3.73(a) simply establishes a presumption of ownership of a U.S. patent based on the application.

8    Of course, this presumption of ownership, like any presumption, can be overcome by evidence

9    showing a different ownership of a patent.

10           Here, as discussed in detail in the Chen Declaration, the true owner of all 25 patents at

11   issue (including the 22 allegedly "fraudulently conveyed" patents) is and always has been Byton

12   Limited.  The Chen Declaration establishes the following:

13           -       The 22 challenged patent assignments were made pursuant to a long-standing

14                   written contract/agreement between Byton Limited and Byton NA which stipulated

15                   that Byton Limited was the owner of all patents granted by a patent office (other

16                   than patents granted by the Patent Office of the People's Republic of China) based

17                   on any patent application filed by Byton NA arising out of research and

18                   development ("R&D") work performed by Byton NA on behalf of Byton Limited.

19                   The contract (Exhibit "A" to the Chen Declaration) *was effective November 30,*

20                   *2016, and thus long predated any issues in the litigation between Byton NA and*

21                   *EDAG.*  The contract has never been terminated, and remains in force up to the

22                   present time.

23           -       The 2016 contract provides that Byton NA would act as a research and

24                   development ("R&D") service provider to Byton Limited, and would be paid a

25                   service fee by Byton Limited to perform the duties set forth in the Agreement.  (See

26                   Section 6.1 and Exhibit B" to the contract setting forth the service fees to be paid to

27                   Byton NA.)  The contract also provides that any technology and intellectual

28                   property created from the R&D performed by Byton NA on behalf of Byton

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

Limited belongs to Byton Ltd.  Specifically, under the contract, all patents obtained in the United States by Byton NA arising out of R&D work performed by Byton NA on behalf of Byton Limited *belong to Byton Limited from their inception.* Thus, under the contract, Byton NA never had any ownership interest in any patents obtained in the United States arising out of R&D work performed by Byton NA on behalf of Byton Limited.  Instead, under the terms of the contract, patents obtained in the United States arising out of R&D work performed by Byton NA on behalf of Byton Limited were owned solely and exclusively by Byton Limited.  See Section 7.1 of the contract ("Service Provider shall not acquire or retain any rights, title or interest in or to any Developed Technology, Developed Products or any of the ex-China Intellectual Property Rights therein.").  See also section 7.3 ("All rights, title and interest in and to (i) the Developed Technology; (ii) Developed Products; (iii) all work in progress related thereto; and (iv) all ex-China Intellectual Property Rights in the foregoing (collectively "Future Rights") shall be owned exclusively by Company or Company's Affiliates designated by Company.") Moreover, to the extent Byton NA obtained any temporary interest in any of these patents, Byton NA was obligated under Section 7.4 of the Agreement to assign all its intellectual property rights to Byton Limited ("Service Provider hereby irrevocably assigns to Company, or Company's Affiliates designated by Company, all rights, title, and interest in and to any and all Future Rights.")

- In making the assignments to Byton Limited of the 22 patents at issue in the Motion, Byton NA was not assigning/transferring any assets of Byton NA to Byton Limited, as Byton NA (per the terms of the2016 contract) was never the true legal owner of these patents.  Instead, the recording of the assignments of these patents to Byton Limited with the USPTO was a mere ministerial task by Byton NA that was contractually required to assure that the files of the USPTO reflected the true contractually-mandated ownership of the patents.

- The assignment of the 22 U.S. patents to Byton Limited was not done "without

8

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC

1    consideration," as EDAG claims. To the contrary, under the 2016 contract, Byton

2    NA received payment of service fees from Byton Limited to perform the services

3    set forth in the contract (including the assignment of any patents issued by the

4    USPTO).

5  (Chen Declaration at ¶¶ 3-10 and 2016 contract attached as Exhibit "A.")

6        In short, EDAG's claim that Byton NA "fraudulently" assigned 22 patents to Byton

7  Limited is simply false because: (1) the 22 patents at issue were never an asset of Byton NA -  at

8  all times the true owner of the patents was Byton Limited;[8] and (2) the assignments were not

9  "without consideration," as the assignments were made pursuant to a 2016 contract under which

10 Byton NA received service fees in exchange for the assignments.

11       **V.    CONCLUSION.**

12       For all of the foregoing reasons, Byton NA respectfully requests that EDAG's Motion be

13 denied.

14                                                          Respectfully Submitted,

15

16 Dated:  December 21, 2021                    VAN ETTEN SIPPRELLE LLP

17

18                                              By:  _Keith A. Sipprelle_____
                                                    Keith A. Sipprelle
19                                                  Attorneys for Respondent
                                                    BYTON NORTH AMERICA CORPORATION
20

21

22

23

24

25

26 ────────────────────

27       [8] Under California's Uniform Voidable Transactions Act, only transfers of "assets" are
   subject to avoidance.  *Civil Code* § 3439.01(i).  *Civil Code* § 3439.01(a) defines "asset" as
28 "property of the debtor."  The 22 patents at issue are not and never were assets of Byton NA.

BYTON NA'S OPPOSITION TO EDAG'S MOTION FOR APPOINTMENT OF A RECEIVER
Case No. 3:21-cv-04736-EMC