**VAN ETTEN SIPPRELLE LLP**
KEITH A. SIPPRELLE (SBN 143358)
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>　　　　Respondent. | Case No. 3:21-cv-04736-EMC<br><br>[Hon. Edward M. Chen]<br><br>**RESPONDENT BYTON NORTH AMERICA CORPORATION'S OPPOSITION TO *EX PARTE* APPLICATION OF PETITIONER EDAG ENGINEERING GMBH FOR ISSUANCE OF THE FOLLOWING: (A) TURNOVER OF INTELLECTUAL PROPERTY OF BYTON NORTH AMERICA CORP. ("BNA") to the U.S. MARSHAL ED CA ("MARSHAL") PURSUANT TO C.C.P. SECTION 699.040(a)&(b); (B) APPOINT A RECEIVER AS SURROGATE FOR BNA TO DIRECT JAMA SOFTWARE AS CUSTODIAN OF BNA IP TO TURNOVER TO THE MARSHAL, AND SALE BY MARSHAL PURSUANT TO C.C.P. SECTION 701.520(b)**<br><br>*[SUPPORTING DECLARATION OF GONG LIN CHEN SUBMITTED CONCURRENTLY HEREWITH]* |

Respondent BYTON NORTH AMERICA CORPORATION hereby respectfully opposes the *ex parte* application of Petitioner EDAG Engineering GMBH ("EDAG") "For Issuance of the Following: (A) Turnover of Intellectual Property of Byton North America Corp. ("BNA") to the U.S. Marshal ED CA ("Marshal") Pursuant To C.C.P. Section 699.040(A)&(B); (B) Appoint A Receiver As Surrogate For BNA to Direct Jama Software as Custodian of BNA IP to Turnover to the Marshal, and Sale By Marshal Pursuant to C.C.P. Section 701.520(B)" (hereafter the "Application," Docket Entry 61).

## I. SUMMARY OF ARGUMENT.

EDAG's Application should be denied on a multiplicity of grounds:

1. There is no basis for seeking the relief sought by the Application on an *ex parte* basis. The Application raises factual and legal issues which should be addressed in a properly noticed motion.

2. The relief sought by the Application is vague and would require guesswork by all parties involved should the Court issue the order sought by EDAG.

3. The order Sought by EDAG is premature, as it is based on the Arbitrator's ruling of November 8, 2021 which Respondent Byton North America Corporation ("Byton NA") intends to challenge by way of a motion to vacate, modify or correct the ruling.   Byton NA's deadline to file its motion does not expire until February 7, 2022.

4. Byton NA is not the owner of any "intellectual property" in the possession of JAMA. Thus, the Application seeks the issuance of a turnover order with respect to property that does not exist.

## II. THERE IS NO BASIS FOR *EX PARTE* RELIEF.

Northern District of California Local Rule 7-10 provides as follows:

*7-10. Ex Parte Motions*. Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, *only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.*

(Emphasis supplied.)

EDAG's Application fails to cite to a statute, Federal Rule, local rule, or Standing Order authorizing the *ex parte* filing, nor is there any federal statute, rule, or order of which Byton NA is aware which would authorize the use of an *ex parte* application to obtain the relief being sought by EDAG. Moreover, there is no exigency that would require this Court to address the issues raised by the Application on an expedited basis. The Application seeks to seize items of "intellectual property" in the possession of a third party, JAMA Software Inc. ("JAMA"). Presumably, those items of intellectual property (if they exist) will remain in the possession of JAMA for the foreseeable future. The relief being sought by EDAG in its Application can be sought by way of a properly noticed motion that would afford Byton NA a full and fair opportunity to address the legal and factual issues raised in the Application. As such, Application should be denied.

### III.   THE RELIEF SOUGHT BY THE APPLICATION IS TOO VAGUE.

The order which EDAG seeks through its Application provides in part as follows:

IT IS HEREBY ORDERED to turnover Intellectual Property of Byton North America Corporation ("BNA") in the hands of JAMA SOFTWARE INC. (as a conduit, bailee, and custodian, and in possession) to the U.S. Marshal, Eastern District of California ("Marshal") pursuant to C.C.P. Section 699.040(a)&(b), 501 I Street, Suite 5600, Sacramento, CA 95814.

EDAG's proposed order is too vague to be enforceable, as the proposed order does not identify or specify the "intellectual property" purportedly owned by Byton NA that is in the possession of JAMA.

*Black's Law Dictionary* defines "intellectual property" as: "(a) category of intangible rights protecting commercially valuable products of the human intellect. The category comprises primarily trademark, copyright, and patent rights, but also includes trade-secret rights, publicity rights, moral rights, and rights against unfair competition."

Given the vagueness of the term "intellectual property," and the lack of specificity in the

proposed order as to what is embraced by this term, how is JAMA, the U.S. Marshal or a receiver to determine what items in the possession of JAMA are "intellectual property" purportedly owned by Byton NA? If there is a dispute as to whether a particular item is Byton NA "intellectual property," how would that dispute be resolved?

Compounding the defects in EDAG's proposed order is the following language that EDAG has added to the end of the proposed order:

> **TO BYTON NORTH AMERICA CORPORATION, AND BYTON LIMITED, A HONG KONG CORPORATION, AND EACH OF THEM.**
> **PLEASE TAKE NOTICE THAT THE FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT BYTON NORTH AMERICA AND/OR BYTON LIMITED TO BEING HELD IN CONTEMPT OF COURT.**

Although EDAG's vague proposed order does not appear to be directed to Byton NA, EDAG nevertheless seeks to have Byton NA (and even more absurdly, non-party Byton Limited) held in contempt if they fail to comply with a vague order regarding the turnover of unspecified "intellectual property." It is elementary that a party may not be held in civil contempt for violating an order unless the party moving for a civil contempt finding demonstrates by clear and convincing evidence that the opposing party knowingly violated the order. *United v. Ali* (4th Cir. 2017) 874 F.3d 825, 831. Even assuming *arguendo* that the order EDAG seeks would be directed to Byton NA, how is Byton NA to know whether or not it is in compliance with such a vague order?

Byton NA respectfully requests that the Court decline to enter the vague order sought by EDAG.

**IV.   THE RELIEF SOUGHT BY THE APPLICATION PREMATURE.**

The Application is predicated on the correctness of the Arbitrator's ruling of November 8, 2021 (Docket Entry 25) in which the Arbitrator ruled that certain unspecified "intellectual property" on the JAMA server belongs to EDAG because Byton NA failed to pay EDAG the full amount due under the parties' contract. (See Application at pp. 2, 3, 6, 9, 10.)

Byton NA disputes the propriety of the Arbitrator's November 8, 2021 ruling, and intends to

3
BYTON NA'S OPPOSITION TO EDAG'S *EX PARTE* APPLICATION
Case No. 3:21-cv-04736-EMC

challenge the ruling by way of a motion to vacate, modify, or correct the ruling (under 9 U.S. Code §§ 9 and 10). Under 9 U.S. Code § 12, Byton has 90 days from November 8, 2021 in which to challenge the ruling. Because Byton NA's deadline to challenge the ruling will not run until February 7, 2022, it would be premature for this Court to issue any orders predicated on the correctness of the Arbitrator's November 8, 2021 ruling.

### IV. ANY "INTELLECTUAL PROPERTY" IN THE POSSESSION OF JAMA IS NOT OWNED BY BYTON NA.

The Application seeks the turnover of unspecified "intellectual property" owned by Byton NA that purportedly is in the possession of JAMA. However, Byton NA is not the owner of any "intellectual property" in the possession of JAMA. To the extent there is any intellectual property in the possession of JAMA, such intellectual property does not belong to Byton NA. Thus, the Application seeks the turnover of assets of Byton NA that do not exist.

As set forth in detail in the Declaration of Gong Lin Chen (and exhibits thereto) previously filed with this Court (Docket Entries 62-1, 62-2 and 62-3, hereafter collectively the "Chen Declaration"):

- By way of a 2016 contract between Byton NA and Byton Limited, Byton NA would act as a research and development ("R&D") service provider to Byton Limited, and would be paid a service fee by Byton Limited to perform the duties set forth in the Agreement. (See Section 6.1 and Exhibit B" to the contract (Docket Entry 62-2) setting forth the service fees to be paid to Byton NA.) The contract also provides that any technology and intellectual property created from the R&D performed by Byton NA on behalf of Byton Limited belongs to Byton Ltd. Thus, under the contract, Byton NA never had any ownership of any intellectual property arising out of R&D work performed by Byton NA on behalf of Byton Limited. Instead, under the terms of the contract, all such intellectual property was owned solely and exclusively by Byton Limited. See Section 7.1 of the contract ("Service Provider shall not acquire or retain any rights, title or interest in or to any Developed Technology, Developed Products or any of the ex-China Intellectual

Property Rights therein."). See also section 7.3 ("All rights, title and interest in and to (i) the Developed Technology; (ii) Developed Products; (iii) all work in progress related thereto; and (iv) all ex-China Intellectual Property Rights in the foregoing (collectively "Future Rights") shall be owned exclusively by Company or Company's Affiliates designated by Company.") (Chen Declaration (Docket Entry 62-1) at ¶¶ 3-10, and 2016 contract between Byton NA and Byton Limited (Docket Entry 62-2).)

In short, EDAG's Application seeks the turnover of unspecified intellectual property of Byton NA in the possession of JAMA even though Byton NA has no such intellectual property. In other words, the Application seeks an order for the turnover of non-existent property. Thus, issuance of the order sought by EDAG would be a useless act by this Court.

## V. CONCLUSION.

For all of the foregoing reasons, Byton NA respectfully requests that EDAG's Application be denied.

Respectfully Submitted,

Dated:  December 23, 2021

VAN ETTEN SIPPRELLE LLP

By: *Keith A. Sipprelle*
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION