UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>　　　　Defendant. | Case No. 21-cv-04736-EMC<br><br>**ORDER (1) HOLDING IN ABEYANCE PLAINTIFF'S MOTION TO APPOINT A RECEIVER; (2) DENYING PLAINTIFF'S MOTION FOR INJUNCTION; (3) GRANTING PLAINTIFF'S MOTION FOR TURNOVER; AND (4) GRANTING DEFENDANT'S MOTION TO STRIKE;**<br><br>Docket Nos. 53, 54, 61, 67 |

## I.　INTRODUCTION

In this case, Plaintiff EDAG Engineering Group GmbH ("EDAG") sued Defendant BYTON North America ("BNA") for breach of contract. The parties engaged in arbitration that resulted in a final arbitration award of $30M for EDAG on June 2, 2021. Pending before the Court is EDAG's motion to set aside as fraudulent the conveyance of 22 patents from BNA to Byton Limited and appoint a receiver take possession of and sell patents possessed by BNA and Byton Limited, its parent company in Hong Kong, to satisfy the judgment. EDAG argues that the transfers were fraudulent with the purpose of evading BNA's creditors. BNA responds that the transfers were not fraudulent but were made pursuant to a long-standing inter-company agreement that stipulated that Byton Limited would be the ultimate owner of all patents from BNA's research and development efforts. BNA additionally seeks to strike EDAG's unauthorized filings in relation to the motion to appoint a receiver. EDAG has also filed *ex parte* motions for injunction and an issuance of a turnover.

For the following reasons set forth below, the Court **HOLDS IN ABEYANCE** EDAG's

1  motion to appoint a receiver, **DENIES** EDAG's *ex parte* motion for injunction, **GRANTS**
2  EDAG's *ex parte* motion for turnover, and **GRANTS** BNA's motion to strike.

## II.     FACTUAL & PROCEDURAL BACKGROUND

EDAG is an engineering service company in the automotive industry. Docket No. 19-2, Ex. A, at 2. BNA is a start-up company that seeks to develop an electric, battery-powered vehicle called the M-BYTE. *Id.* In November 2016, BNA hired EDAG on projects related to developing the M-BYTE and entered into the Technology and Development Licensing Agreement ("TDLA"). *Id.* at 2–3.

The TDLA was signed by BNA but was entered into on behalf of all Byton affiliates. *Id.* at 1. Byton Limited is the parent company of BNA, is located in Hong Kong, and owns 100% of BNA. Docket No. 53 ("Receiver Mot.") at 3–4; Docket No. 14 at 2. EDAG provided engineering services to BNA between 2016 and 2019, but BNA ceased paying EDAG's invoices in 2018. *Id.* EDAG sought to recover payments due under the TLDA. The parties engaged in arbitration that resulted in a final arbitration award of $30M in favor of EDAG on June 2, 2021. *See* Docket No. 19–2. After moving to confirm the award, EDAG learned that BNA transferred 22 of its patents to Byton Limited between 2019 and 2021. Receiver Mot. at 3–4, 7. BNA still owns three patents. *Id.* According to EDAG, BNA has absconded from the United States. *Id.*

On November 8, 2021, the arbitrator granted a preliminary injunction enjoining BNA from transferring its assets and accessing or transferring any intellectual property EDAG created during the contract. Docket No. 35. The arbitrator found that the contract requires BNA to pay EDAG for its services and that BNA's failure to pay EDAG resulted in BNA's "access to intellectual property it does not own." *Id.* at 3–4. On December 13, 2021, this Court granted EDAG's motion to confirm the final arbitration award but rejected EDAG's attempts to incorporate the preliminary injunction findings into the confirmation order. Docket No. 49. The Court determined the injunction order had to be confirmed as a separate order.

## III.     DISCUSSION

A.    <u>Motion to Strike</u>

As a preliminary matter, BNA moved to strike EDAG's reply and reply addendum filed in

2

1 support of its motion to appoint a receiver. Docket Nos. 63, 65, 67. EDAG had previously
2 requested an order for shortening time for its motion to appoint a receiver. Docket No. 54
3 ("Injunction Mot."). This Court entered a clerk's notice rescheduling the hearing to January 6,
4 2022 and set the Opposition deadline for December 21, 2021. *See* Docket No. 59. Since BNA
5 filed its Opposition on December 21, EDAG filed the reply and the reply addendum on December
6 22 and 23, respectively. BNA argues that EDAG was not entitled to file these documents and asks
7 the Court to strike these briefs. Since the filing of this motion, BNA additionally filed a document
8 named "Reply . . . [for] the *Ex parte* Motion for . . . Turnover and Second Supplemental Reply
9 [for] . . . the Motion for Appointment of a Receiver" as a single document. Docket No. 68.

10 Under Rule 12(f) of the Federal Rules of Civil Procedure, the court has discretion in
11 determining whether to strike a matter from a pleading. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,
12 1528 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994). Because these three filings
13 (Docket Nos. 63, 65, and 68) were unauthorized by this Court, they are stricken in relation to the
14 motion to appoint a receiver. Docket No. 68 is considered only for EDAG's motion for turnover.

15 B.   Motion to Appoint a Receiver

16    1.    Motion to Set Aside Transfer for Fraudulent Conveyance and Appoint a Receiver

17 EDAG seeks avoidance of the fraudulent transfers under California Civil Code section
18 3439.07(a)(3)(A)&(B). *See* Receiver Mot. at 3. EDAG also seeks the appointment of a receiver
19 to take possession of and sell the patents held by BNA as well as the patents that were transferred
20 to Byton Limited. Receiver Mot. at 3.

21 Section 3439 reflects California's Uniform Fraudulent Transfer Act, which prohibits
22 debtors from transferring or placing property beyond the reach of their creditors. Cal. Civ. Code §
23 3439. Section 3439.07 sets forth the remedies of creditors under this section and provides in
24 relevant part:

25 > (a) In an action for relief against a transfer or obligation under this
26 > chapter, a creditor, subject to the limitations in Section 3439.08, may obtain:

27 > (3) Subject to applicable principles of equity and in accordance with
28 > applicable rules of civil procedure, the following:

3

>    (A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property of the transferee.
>
>    (B) Appointment of a receiver to take charge of the asset transferred or other property of the transferee.
>
>    (C) Any other relief the circumstances may require.

Cal. Civ. Code § 3439.07(a).

However, EDAG's motion seeks to take control of the patents currently in possession of Byton Limited but fails to name it as a party to this action. A judgment in a U.S. District Court is enforced pursuant to Fed. R. Civ. P. 69, which provides that "the procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *H&M Bay, Inc. v. W. Coast Transportation, LLC*, No. CV1601744VAPDTBX, 2017 WL 8180634, at *2 (C.D. Cal. Mar. 13, 2017). "The federal rules . . . qualify as federal statutes under Rule 69(a)." *Off. Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010). Therefore, Federal Rule of Civil Procedure Rule 19 applies. *See Hanna v. Plumer*, 380 U.S. 460, 473 (1965). Under Rule 19, a transferee to a fraudulent transfer action under California law is an indispensable party requiring joinder. *See Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL 1737691, at *2 (N.D. Cal. Apr. 13, 2015) ("Defendants argue that the proposed claims omit an indispensable party—PPMS, the transferee and beneficiary of this allegedly fraudulent transfer of assets. The Court agrees . . . Such relief would necessarily impair the rights of the absent transferee, thereby requiring its joinder under Rule 19(a)."). As such, the Court finds that EDAG fails to add an indispensable party, and thus any request to appoint a receiver to take control over property held by Byton Limited cannot be entertained without Byton Limited being made a party.

EDAG requests the Court to continue its ruling on its motion to appoint a receiver pending the February 3, 2022 hearing for EDAG's motion to alter judgment and add Byton Limited as a judgment debtor. *See* Docket No. 71. If Byton Limited is added to the judgment as a judgment debtor, that could obviate the joinder problem. Therefore, the Court holds in abeyance its ruling on EDAG's motion for appointment of a receiver (Docket No. 53) pending a ruling on EDAG's

motion to alter judgment and add Byton Limited to the judgment as judgment debtor (Docket No. 71).

C. *Ex Parte* Motion for an Injunction

EDAG also filed an *ex parte* motion for an order shortening time and an issuance of an injunction enjoining BNA from the sale and transfer of the 22 Patents BNA transferred to Byton Limited. *See* Injunction Mot. Since then, the Court entered a clerk's notice rescheduling the hearing to January 6, 2022. However, the injunction portion of this motion remains. EDAG argues that an injunction is warranted because a remedy for fraudulent transfers may be granted under Cal. Civ. Code § 3439.07(a)(3)(A)&(B), and because the arbitrator has already awarded this injunctive relief. *See* Injunction Mot. at 3, 7–8.

However, EDAG cites no authority that would allow the Court to issue the injunction based on the arbitrator's award prior to its confirmation. Preliminary injunctions by arbitrators are awards subject to confirmation of the courts, and such arbitration awards must be confirmed to be enforceable. *Berland v. Conclave, LLC*, No. 20-CV-00922-H-WVG, 2021 WL 461727, at *5–6 (S.D. Cal. Feb. 9, 2021) ("[T]emporary equitable orders calculated to preserve assets or performance needed to make a potential final award meaningful . . . are final orders that can be reviewed for confirmation and enforcement by district courts under the FAA."); 9 U.S.C.A. § 13; *Wireless Warehouse, Inc. v. Boost Mobile, LLC*, No. SACV 09-1436-MLG, 2011 WL 92984, at *4 (C.D. Cal. Jan. 11, 2011), *aff'd*, 479 F. App'x 58 (9th Cir. 2012) (quoting *Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1347–48 (9th Cir.1990) ("Arbitration awards are not self-enforcing; and unless an award persuades the party contesting the arbitrator's authority to comply voluntarily with its terms, it will have no binding effect on either party until it is confirmed in court.")).[1]

Further, EDAG seeks this injunction as a remedy for fraudulent transfers under Cal. Civ. Code § 3439.07 without first making Byton Limited a party, as discussed above. For these

---

[1] EDAG has not expressly sought a temporary injunction from this Court pending the arbitration. Given the affirmative relief sought, it is not clear such an injunction, if sought, could properly be issued.

reasons, the Court **DENIES** EDAG's *ex parte* motion for injunction.

D.      *Ex Parte* Motion for Turnover

Finally, EDAG seeks the turnover of intellectual property of BNA in the hands of Jama Software Inc., "as a conduit, bailee and custodian" in possession of the BNA intellectual property under Cal. Civ. Pro section 699.040. Docket No. 67 at 2. EDAG seeks an order "directed at BNA (not third parties) to turn and hand over BNA IP to the Marshal or Receiver, and given that BNA will be and is uncooperative . . . that the Court appoint a receiver . . . to act in BNA's place." Docket No. 61 at 3.

Section 699.040 of the Code of Civil Procedure provides that a judgment creditor may seek a turnover order from a court, following the issuance of a writ of execution, stating in its entirety:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
>
> (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.
>
> (b) The court may issue an order pursuant to this section upon a showing of need for the order.
>
> (c) The order shall be personally served on the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court.

Cal. Civ. Proc. Code § 699.040.

A writ of execution was issued as to BNA on December 14, 2021. *See* Docket No. 52. At the January 6, 2022 hearing, EDAG confirmed that it has requested a levy of the intellectual property in question. Therefore, EDAG seeks a turnover of property that can be "levied upon by taking it into custody" "in the form of a general intangible" under Cal. Civ. Proc. Code § 699.040(a), and the Court may issue this order under § 699.040(b). *See In re Burns*, 291 B.R. 846, 855 (B.A.P. 9th Cir. 2003).

1     Although BNA argues that the request for the turnover of "intellectual property" is
2 impermissibly vague in its scope, this Court notes that EDAG has already defined the relevant
3 intellectual property in its request for a levy.  Docket No. 68 at 5; *see* Docket No. 10-1 at 1–2.
4     Accordingly, the Court **GRANTS** EDAG's *ex parte* motion for the issuance of a turnover.

### IV.     CONCLUSION

For the foregoing reasons, the Court holds in abeyance **HOLDS IN ABEYANCE** EDAG's motion to appoint a receiver.  The Court **DENIES** EDAG's *ex parte* motion for injunction, **GRANTS** EDAG's *ex parte* motion for turnover, and **GRANTS** BNA's motion to strike.  The Court hereby orders BNA to transfer its intellectual property in the hands of Jama Software Inc. to the U.S. Marshal located at 501 I Street, Suite 5600, Sacramento, CA 95814.

This order disposes of Docket Nos. 54, 61, and 67.

**IT IS SO ORDERED**.

Dated: January 13, 2022

_____
EDWARD M. CHEN
United States District Judge