**David J. Cook (SBN 60859)**
**COOK COLLECTION ATTORNEYS, PLC**
ATTORNEYS AT LAW
165 Fell Street
San Francisco, CA 94102
Telephone: (415) 989-4730
Facsimile: (415) 989-0491
Cook@CookCollectionAttorneys.com

**LEWIS & LLEWELLYN LLP**
**Evangeline A.Z. Burbidge (Bar No. 266966)**
eburbidge@lewisllewellyn.com
**Marc R. Lewis (**Bar No. 233306)
mlewis@lewisllewellyn.com
**Kenneth M. Walczak** (Bar No. 247389)
kwalczak@lewisllewellyn.com
**Bradley E. Estes** (Bar No. 298766)
bestes@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:   (415) 390-2127

Attorneys for Petitioner EDAG Engineering GmbH,
a corporation organized and existing under the laws
of the Republic of Germany

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG Engineering GmbH,<br><br>     Petitioner,<br><br>     v.<br><br>BYTON North America Corporation,<br><br>     Respondent. | Case No. 3:21-cv-04736-EMC<br>**EDAG ENGINEERING GMBH'S OPPOSITION TO RESPONDENT BYTON NORTH AMERICA CORPORATION'S *EX PARTE* APPLICATION TO STRIKE THE FILING OF PETITION EDAG ENGINEERING GMBH'S MOTION TO COMPEL**<br><br>Date:  June 30, 2022<br>Time:  1:30 pm.<br>Judge:  Honorable Edward M. Chen [Video-ZOOM hearing)<br><br>Petition Filed: June 23, 2021 |

# TABLE OF CONTENTS

I. BYTON NORTH AMERICA CORPORATION ("BNA") OBSTRUCTED ANY DISCOVERY DUE FROM BNA .................................................................................. 3

II. BNA ABANDONED AND REPUDIATED ANY EFFORT TO MEET AND CONFER WHEN BNA LACKED ANY INTENTION TO COMPLY THEREWITH ........................ 6

III. THE BOILERPLATE OBJECTIONS ARE NOT OBJECTIONS AND THEREFORE, BNA DEFAULTED AND HAS NO DEFENSE TO THE MOTION TO PRODUCE ............. 13

IV. POST JUDGMENT DISCOVERY IS DIFFERENT FROM AND APART FROM DISCOVERY DURING THE PENDING OF AN ACTION AND THEREFORE RULE 4 IS MOOT AND INAPPLICABLE ........................................................................................ 14

   A. POST JUDGMENT DISCOVERY IS SUBJECT TO FRCP 69(a)(1) &(2) ........................... 14

   B. RULE 4 DOES NOT APPLY TO POST JUDGMENT DISCOVERY AND PARTICULARLY WHEN BNA WILL NOT AND REFUSED TO PRODUCE ANY RECORDS ................................................................................................................. 15

V. BNA ADMITTED THAT BNA WILL NOT PRODUCE ANY RECORDS, RENDERING RULE 4 OF THE CIVIL STANDING ORDER ON DISCOVERY MOOT ................................... 16

VI. THE JACKPOT ............................................................................................................. 16

VII. CONCLUSION ............................................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Smash Tech., LLC v. Smash Sols., LLC,* 335 F.R.D. 438, 447–48 (D. Utah 2020) ............................ 13

*Wesley Corp. v. Zoom T.V. Prod., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) ................................................................................................................................. 14, 15

**Rules**

C.C.P Section 695.010 ................................................................................................................. 14

C.C.P Section 699.710 ................................................................................................................. 14

FRCP 62(a)(2) ............................................................................................................................. 15

Rule 69(a)(1)&(2) ........................................................................................................................ 15

Rule 69(a)(2) ............................................................................................................................... 16

## I. BYTON NORTH AMERICA CORPORATION ("BNA") OBSTRUCTED ANY DISCOVERY DUE FROM BNA

**Why BNA is obstructing discovery as follows:**

"2. Even if the deposition subpoena had been properly directed to Mr. Kamaeswaran on behalf of Byton NA and/or Byton Limited, the document requests contained in the subpoena are overbroad, harassing, oppressive, vague, ambiguous, seek materials that are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, potentially seek production of materials protected by the attorney-client privilege, and are invasive of privacy rights protected by the California Constitution. (Doc. # 90-2, PAGE 27, lines 10-26; and . Doc. # 90-2, Exhibit "D" and "D")

These are the description of records that EDAG seeks BNA to produce:

"4     Any and all financial statements, whether audited or unaudited, ledgers, journals, internal financial statements, credit reports, credit applications, outside or inside financial statements, representation of the financial conditions of BNA, any financial records generated from a third party of BNA, notes, narrative, chronicles, or histories of BNA account commencing on January 1, 2018 to date hereof.

12.     The file, application, granting, all supporting papers, financial statements, ledgers, journal, emails, text messages, checks, copies of checks, wire transfer, forgive agreements, approvals, lists of employees, employment records, projections, all records for the forgiveness, all records which evidence the deposit of the $10,000,000 (Collectively "PPP") in any account or any type or any other amount in any bank account owned or under the control of BNA or any agent thereof, the records for the transfer, wire transfer, ACH, or any other records of any type for the loans, grants, of Paycheck Protection Programs of the SBA, loan number 1746277202, loan amount of $10,000,000, 397 employees, approved April IS, 2021, SBA 912, forgiveness date of June 11, 2021, forgiveness of $10,113,055.56 This includes all bank statements, records of any wire transfers, ACH, or any other transfer to and the benefit of BNA or the transfer to anyone else, or the transfer of the PPP funds to any person.

13.     Any and all accounting entries, financial statements, journals, ledgers, audited or unaudited financial statements, agreements, contracts, emails, text message, letter agreement or any other communications or writings to discuss, justify, explain, add to, or make statement of, for the transfer of any patents of the (a) BNA patents for the years of 2019 to 2021 to BNA Limited (i.e., BNA, LTD) and (b) transfer of the intellectual property, charts, grafts, designed, technical data, formulas, scientific information originating from EDAG Engineering Gmbh ( collectively EDAG-IP) which BNA or any entity related to BNA or any entitled associated to BNA in filing an application for a patents, and success in the granting a patent by the USPTO which the patents incorporated EDAG- IP.

15. Any and all deposits of any type and from any person, including revenue, sales proceeding, loan proceeds from anyone, proceeds from the sale of any assets, funds from a third party for purpose of capital from hedge funds, and venture capitalists, revenue from other related entities, such as BYTON Limited, deposits from any employees, officers, shareholder, directors

or any family members, refunds from any person, including the landlord, PG&E, refunds from any vendor, refuses from any insurance companies, the IRS or tax authorities or any other person or anyone on its behalf commencing on January 1, 2018 to date hereof for the accounts of BNA. BNA refused to turn over the business and financial records of BNA and likewise BY-LTD sought by the subpoena (Doc. # 90-2, Par. 4, page 5, Par. 13, Page 6 and Page 15, page 7) for those precisely records."

The answer is that BNA admitted that BNA cannot (and will not) produce any records, which was explained to BNA as follows:

**From:** David Cook [mailto:cook@cookcollect.com]
**Sent:** Thursday, January 20, 2022 11:12 AM
**To:** 'Keith A. Sipprelle'; 'David Cook'; 'David Cook'; 'Cook@SqueezeBloodFromTurnip.com'
**Cc:** 'Evangeline A.Z. Burbidge'
**Subject:** RE: EDAG adv. Byton North America Corporation

Mr. Sipprelle:

    1.    We decline your offer and are proceeding with our motion to compel the production of documents.
    2.    We decline to turn over the BNA banking records. These are the banking records of BNA, your client. Banking records are all electronic and BNA has an electronic copy of its banking records. If not, please inform me why.
    If you are telling me that you, as the attorney of record for BNA, do not have access to the BNA banking records, or that BNA destroyed the records, or failed and refused to pay a third party to warehouse and maintain the banking records, the consequence is BNA lacks any records at all.[1]
    The repercussions of BNA destroying (or engaging in spoilage) the banking records, are that the statements in your Opposition to the Motion to Amend, and same statement in Mr. Ying's Declaration are inescapably false.
    3.    We are confirming your comments in the hearing before Magistrate Judge Hixson and the comments in your recent email that you do not have access to, possession of, "**corporate documents**" and "**records**" (Doc.# 85-1, 2/30, page 1, par. 1, lines 9-10), and "As set forth in the Ying Declaration, Byton NA and Byton Limited are separate and distinct legal entities that, inter alia, maintained **separate financial books and records,** and did not intermingle funds." (Doc.# 85, page 12/16, page 9 lines 9-11) and "Byton NA and Byton Limited are independent legal entities, and each company has maintained separate **financial books and records**. As separate and distinct corporate entities, . . . . ." (Doc. #85, page 6/16, page lines 8-10).
    However both Mr. Ying and yourself in endorsing Mr. Ying have represented to the court in your Opposition and Ying Declaration (Doc. # 85 and 85-1) to the Motion to Amend that Mr. Ying's "**[my] review of corporate documents and records**" and you personally endorsed "**separate

---

[1] This is what you said on January 19, 2022:
"Dear Mr. Cook: I received a call a short time ago from JPMorgan Chase regarding its impending production of records responsive to your subpoena. I advised the JPMorgan Chase employee that Byton NA would not be filing a motion to quash your subpoena, and that the records should be produced. I understand that the records will be produced to you electronically. **Kindly provide me with an electronic copy of any records you receive responsive to the subpoena (as well as to any other outstanding or future subpoenas).**"

financial books and records," In making these statements, the predicate is that Mr. Ying and yourself would personally have in your hand the "**[my] review of corporate documents and records**" and **"separate financial books and records."**

**Based on the sworn statements of Mr. Ying and your endorsement of Mr. Ying, please send to us all records of BNA by 2 p.m. today, January 20, 2022. You must have had all of them in your possession to ensure that Mr. Ying's statements are based on evidence and truthful before a Federal Judge.**

4.      The attachment to this email is the list of wire transfers from BNA to the Byton entities including FMC Cayman which amounts to about $160,000,000.000. The dates of these transfers match in part with non-payment of trade bills, including EDAG. Given the substantial sums of money, and moreover that these are all insider transactions and directly contradict Mr. Ying's statements, please send to me all of the records of any type that justify these transactions. Given that Mr. Ying stated of his "**[my] review of corporate documents and records,**" Mr. Ying has the records in hand. Please send me the records over by 2 p.m. From my own extensive experience, all BNA's corporate, business, banking, and financial are online.

This is our interim demand in light of the pending records dump from HSBC BANK (USA) for the PPP and related documents.

[1]      This is what you said on January 19, 2022:

"Dear Mr. Cook: I received a call a short time ago from JPMorgan Chase regarding its impending production of records responsive to your subpoena. I advised the JPMorgan Chase employee that Byton NA would not be filing a motion to quash your subpoena, and that the records should be produced. I understand that the records will be produced to you electronically. **Kindly provide me with an electronic copy of any records you receive responsive to the subpoena (as well as to any other outstanding or future subpoenas)."**

We remind you of what you told to Judge Hixon:

5.      **MR. SIPPRELLE:** Your Honor, if I could just
6 interject on the records. And again, I'm in a little bit of a
7 quandary here because there's nobody at the company who can --
8 I can really communicate regarding the records. Again, and I
9 have no desire to withhold anything from Mr. Cook, but I'm not
10 sure where the records are or how I access them, and there's
11 nobody who -- right now who can really tell me. And if Mr.
12 Cook wants the records before the deposition, then I think we
13 need to keep that in mind in scheduling Mr. Kameswaran's
14 deposition. I mean, I will try to get records to Mr. Cook,
15 but I need to figure out where they are and how I access them
16 and so forth. So that's another kind of a related problem I
17 have.

18      **THE COURT:** Okay. I understand. It sounds like
19 these are issues that you're going to want to talk about in
20 your response to the motion to compel, which is before Judge
21 Chen and has not been referred to me, or has not yet been
22 referred to me. It is currently before him.

(Doc. # 106, Transcript, Before Magistrate Judge Thomas S. Hixon, presiding, January 14, 2022, page 9, lines 5-22)."

David J. Cook, Esq., Cook Collection Attorneys PLC. 165 Fell Street, San Francisco, CA 94102.

By obstructing the production of records in the objections, and stating in the above emails, and to Judge Hixon, BNA (and its attorney) are unable or unwilling to produce any records supporting the Ying Declaration and supporting memorandum of ""[my] review of corporate documents and records" and "separate financial books and records."  Absent the "records," which BNA will  never produce, no matter what, the Opposition to the Motion to Add (Doc. # 71 and #72), and therefore EDAG requests that the court will strike both the Opposition and the Declaration (Doc. 85 and #85-1).

## II.   **BNA ABANDONED AND REPUDIATED ANY EFFORT TO MEET AND CONFER WHEN BNA LACKED ANY INTENTION TO COMPLY THEREWITH**

EDAG repeatedly attempted to meet and confer and BNA (and its attorney) while BNA refused to "meet and confer."  The purpose of the refusal to meet and confer was to waste everyone's time, and moreover to force EDAG into extensive and unnecessary proceedings when BNA admits that BNA will not (or could not) produce any records.

**This is the train of events.**

EDAG sought to meet and confer with the following attempt:

1. January 5, 2022 **emails**:

From: David J. Cook [mailto:davidcook@cookcollectionattorneys.com]

Sent: Wednesday, January 05, 2022 9:22 AM

To: 'Keith A. Sipprelle'; 'eburbidge@lewisllewellyn.com'; 'mlewis@lewisllewellyn.com';

'kwalczak@lewisllewellyn.com'; 'bestes@lewisllewellyn.com'

Cc: 'Cook@cookcollect.com'; 'David Cook'

Subject: RE: EDAG v. Byton- Byton's Objections

================================================================
================================================================
================================================================
================

Mr. Sipprelle:

We reject you objections, dated Jan.4, 2022, to the subpoenas which we have served.

We are obligated to meaningful "meet and confer."

We are offering to meet and confer as follows:

     1,    You provide us with three dates commencing on January 7. 2022 to January 11, 2022.
     2.    Each session will not exceed 90 minutes.
     3.    The meeting is by ZOOM.
     4.    We will provide a court reporter.  To avoid any objection to a court reporter, we will pay for your copy of the transcript save the court's ruling on any motion that we will file.
     5.    Absent some resolution of the objections or you withdraw the objections after the Zoom "meet and confer," we will file a motion to strike the objections that you have asserted, and seek monetary sanctions borne by you, your firm and Byton North America Corporation ("BNA"), and likewise request the court award us the fees and charges of the Zoom, the costs of the court reporters and charges for all copies of the Zoom "meet and confer."
     6.    Likewise should you decline to participate in the Zoom "meet and confer," we will provide you with a written response in which we will explain that your objections are without any merit and provide you with 7 days to provide responses compliant with the subpoenas.  Likewise we will file a motion to strike the objections that you have asserted, and seek monetary sanctions borne by you, your firm and BNA.

I am representing the client on a contingent basis, but the hourly rates for this case are $1,250.00 which is the hourly rates of senior partners of large law firms. I am the author of *Post-Judgment Remedies in Reaching Patents, Copyrights and Trademarks in the Enforcement of A Money Judgment*, 9 Nw. J. Tech. & Intell. Prop. 128 (2010). https://scholarlycommons.law.northwestern.edu/njtip/vol9/iss3/3 with 17,637 readers, three (3) published ABA books and multiple law journal and law review articles which likewise have been cited in courts and other periodicals.

Please advise by 3:00 p.m. today.

David J. Cook, Esq., Cook Collection Attorneys PLC., 165 Fell Street, San Francisco, CA 94102 (415) 989 4730


    **2.**    **January 5, 2022**

On Jan 5, 2022, at 9:49 PM, David Cook <cook@cookcollect.com> wrote:

Mr. Sipprelle:

We have not heard from you. Your silence is your repudiation of your obligation to "meet and confer" with us. You have likewise rejected our options.

First, we inform you that BNA cannot object to service upon a third party of a subpoena as follows:

    "B. Defendants' **Objections are Procedurally Improper.**
*2 In the first instance, Rule 45 does not permit a party to interfere with a subpoena by serving or filing objections Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A party cannot

object to a subpoena duces tecum served on a non-party, but rather, must seek a protective order or make a motion to quash.") (citing Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:2291 (2005 rev.)). However, even if this Court were to construe Defendants' motion as a Motion to Quash, see Odyssey Reinsurance Co. v. Nagby, Case No. 16-CV-3038-BTM(WVG), 2018 WL 1963665, at *2 (S.D. Cal. Apr. 26, 2018) (considering possibility of construing defendant's objections as motion to quash), Defendants have not submitted any evidence that this Court has jurisdiction to rule on such a motion. Defendants did not submit the subpoenas or anything else to indicate in which district compliance was required." *Wright v. Old Gringo, Inc.,* No. 17CV1996-BAS (MSB), 2020 WL 443823, at *1–2 (S.D. Cal. Jan. 28, 2020)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

" . . . . . A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash. Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 11:2291 (2005 rev.) (emphasis in original); *see also Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 494 n. 5 (9th Cir.1983) ("Once the person subpoenaed objects to the subpoena ... the provisions of Rule 45[c] come into play.")." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)

Therefore, the objections which you have served upon HSBC Bank, Silicon Valley Bank and JPMorgan Chase Bank are void and interfere with the post judgment discovery which is far more expansive than discovery in a civil case.

Second, BNA is obligated to comply with the service of the subpoena, and the objections *per se* are without any merit at all:

In *Hooser v. The Superior Court of San Diego County*, 84 Cal.App.4th 997, 1002, 101 Cal.Rptr.2d 341 (Cal.App.4 Dist. 2000), the court stated as follows:

> "1. *General Principles*
> Detailed statutory provisions govern the manner and extent to which civil judgments may be enforced. (*Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546 [39 Cal.Rptr.2d 432].) One statutory procedure designed to aid a judgment creditor in his enforcement efforts is a judgment debtor examination. (Code Civ. Proc., §§ 708.110-708.205.) Pursuant to the statutory procedure, the judgment creditor may obtain an order requiring the judgment debtor to appear before the court, or a court-appointed referee, to furnish information that will aid in the enforcement of the money judgment. (Code Civ. Proc., § 708.110, subd. (a).) At the examination, the judgment creditor has the opportunity to inquire of the judgment debtor regarding property the debtor has, or may acquire in the future, that may be available to satisfy the judgment. (*Ibid.* ; Recommendation Relating to Enforcement of Judgment Law (Sept. 1982) 16 Cal. Law Revision Com. Rep. (1982) p. 1124.) A judgment debtor examination is intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor. (*Young v. Keele* (1987) 188 Cal.App.3d 1090, 1093 [233 Cal.Rptr. 850]; see also *Troy v. Superior Court* (1986) 186 Cal.App.3d 1006, 1014 [231 Cal.Rptr. 108] [**the purpose of the examination is "to leave no stone unturned in the search for assets which might be used to satisfy the judgment."].)" (Emphasis added)** *("Hoosier"*)

   Arising from a dispute over an ORAP, *Hoosier* explains that a creditor, such as EDAG, has the right to all documents as described in the efforts to collect the judgment.  The scope of discovery from the debtor is very expansive, particularly when the $10,000,000 has disappeared, 23 EV Vehicles have been shipped to PRC or Hong Kong, that 22 patents have been assigned to BY-LTD, that BNA has fled it location in Santa Clara, and agents for service of process have resigned and that BY-LTD and BNA claimed a the 2016 Research Agreement which is a fraudulent conveyance or a fabrication, and both.

   Since I haven not heard from you on any of these issues, when otherwise you could have picked up the phone and explained your position, you have not called me or communicated with me, and therefore, we will file a motion to strike these objections, recall all of the objections which you have apparently served on the three banks, seek to compel BNA to hand over the records and file on **January 10, 2022** or shortly thereafter and seek monetary sanctions.

David J. Cook, Esq. Cook Collection Attorneys PLC., 165 Fell Street, San Francisco, CA 94102 (415) 989 4730

   3.  **January 6, 2022**
**From:** Keith A. Sipprelle [mailto:ksipprelle@vstriallaw.com]
**Sent:** Thursday, January 06, 2022 12:14 PM
**To:** David Cook
**Cc:** David J. Cook; eburbidge@lewisllewellyn.com; mlewis@lewisllewellyn.com; kwalczak@lewisllewellyn.com; bestes@lewisllewellyn.com; David Cook
Subject: Re: EDAG v. Byton- Objections

Mr. Cook: I am on a ship in the middle of the Caribbean Sea with spotty Internet and cell phone service.

I reject your absurd assertion that I have repudiated my obligation to meet and confer with you.

I will respond to the substance of your email next week, after I return to the United States.

Sent from my iPhone

   4.  **January 10, 2022, 9:03 a.m.**

**From:** David J. Cook [mailto:davidcook@cookcollectionattorneys.com]
**Sent**: Monday, January 10, 2022 9:03 AM
**To:** 'Keith A. Sipprelle'; 'David Cook'
**Cc:** 'eburbidge@lewisllewellyn.com'; 'mlewis@lewisllewellyn.com'; 'kwalczak@lewisllewellyn.com'; 'bestes@lewisllewellyn.com'; 'David Cook'
Subject: RE: EDAG v. Byton- Objections

Mr. Sipprelle:

Please provide me with dates and times to "meet and confer" between today and Tuesday by 3:00 p.m. on the issue of the Objections for the pending subpoenas.

David J. Cook, Esq. Cook Collection Attorneys, PLC., 165 Fell Street, San Francisco, CA  94102  (415)  989-4730

     **5.**     **January 10, 2022, 12:37 p m**

**From:** David J. Cook [mailto:davidcook@cookcollectionattorneys.com]
**Sent:** Monday, January 10, 2022 12:37 PM
**To:** 'Keith A. Sipprelle'; 'David Cook'
**Cc:** 'eburbidge@lewisllewellyn.com'; 'mlewis@lewisllewellyn.com'; 'kwalczak@lewisllewellyn.com'; 'bestes@lewisllewellyn.com'; 'David Cook'
Subject: RE: EDAG v. Byton- Objections

What about Jama Software Inc.?

If not please provide a date and time for meet and confer.

     **6.**     **January 10, 2022, 3:51 p.m.**

**From:** David J. Cook [mailto:davidcook@cookcollectionattorneys.com]
**Sent:** Monday, January 10, 2022 3:51 PM
**To:** 'Keith A. Sipprelle'; 'David Cook'
**Cc:** 'eburbidge@lewisllewellyn.com'; 'mlewis@lewisllewellyn.com'; 'kwalczak@lewisllewellyn.com'; 'bestes@lewisllewellyn.com'; 'David Cook'
Subject: RE: EDAG v. Byton- Objections

BNA was served with the subpoena and you have responded.

I am available all day to "meet and confirm" on January 11, 2022 for documents to be produced by BNA.
David J. Cook

     **7.**     **January 10, 4:35 p.m.**

**From:** David J. Cook [mailto:davidcook@cookcollectionattorneys.com]
**Sent:** Monday, January 10, 2022 4:35 PM
**To:** 'Keith A. Sipprelle'; 'David Cook'
**Cc:** 'eburbidge@lewisllewellyn.com'; 'mlewis@lewisllewellyn.com'; 'kwalczak@lewisllewellyn.com'; 'bestes@lewisllewellyn.com'; 'David Cook'
Subject: RE: EDAG v. Byton- Objections

we served the Secretary of State

**From:** Keith A. Sipprelle [mailto:ksipprelle@vstriallaw.com]
**Sent:** Monday, January 10, 2022 4:23 PM
**To:** davidcook@cookcollectionattorneys.com; 'David Cook'
**Cc:** eburbidge@lewisllewellyn.com; mlewis@lewisllewellyn.com; kwalczak@lewisllewellyn.com; bestes@lewisllewellyn.com; 'David Cook'
**Subject:** RE: EDAG v. Byton- Objections

Dear Mr. Cook: I don't follow the logic of your email. Subpoenas must be personally served. Byton NA has not been personally served with the subpoenas. The subpoenas were delivered to Mr. Kameswaran. Mr. Kameswaran is not a Byton NA employee. Hence, service on Mr. Kameswaran is not service on Byton NA. I objected to the subpoenas delivered to Mr. Kameswaran because they are a legal nullity. As you are aware, service on Byton NA must be made through the California Secretary of State. Moreover, for the avoidance of any doubt going forward, my firm is not authorized to accept service of subpoenas or any other discovery documents on behalf of Byton NA.

Regards,

Keith A. Sipprelle
Partner

**VAN ETTEN SIPPRELLE**
TRIAL LAWYERS

2945 Townsgate Road, Suite 200
Westlake Village, CA 91361

805.719.4904 Direct
805.719.4900 Main
805.719.4950 Fax
ksipprelle@vstriallaw.com
www.vstriallaw.com

   8.   January 10, 202, 6:51 pm.

**From:** David J. Cook [mailto:davidcook@cookcollectionattorneys.com]
**Sent:** Monday, January 10, 2022 6:51 PM
**To:** 'Keith A. Sipprelle'; 'David Cook'
**Cc:** 'eburbidge@lewisllewellyn.com'; 'mlewis@lewisllewellyn.com'; 'kwalczak@lewisllewellyn.com'; 'bestes@lewisllewellyn.com'; 'David Cook'
**Subject:** RE: EDAG v. Byton- Objections

   We served the Secretary of State and mailed a copy to BNA at its last known address. I send you a copy of the POS.

**From:** Keith A. Sipprelle [mailto:ksipprelle@vstriallaw.com]
**Sent:** Monday, January 10, 2022 6:37 PM
**To:** davidcook@cookcollectionattorneys.com; 'David Cook'
**Cc:** eburbidge@lewisllewellyn.com; mlewis@lewisllewellyn.com; kwalczak@lewisllewellyn.com; bestes@lewisllewellyn.com; 'David Cook'
**Subject:** RE: EDAG v. Byton- Objections

Well, that's news to me. I have seen nothing indicating that service on the Secretary of State in compliance with the requirements of Corporations Code Section 1702 has occurred. In any event, even if such service has occurred, this would not remedy the defective nature of subpoenas directed to Mr. Kameswaran as the purported custodian of Byton NA and Byton Limited.

Regards,

Keith A. Sipprelle
Partner

**VAN ETTEN SIPPRELLE**
TRIAL LAWYERS

2945 Townsgate Road, Suite 200
Westlake Village, CA 91361

805.719.4904 Direct
805.719.4900 Main
805.719.4950 Fax
ksipprelle@vstriallaw.com
www.vstriallaw.com
=======================================================================

In compliance with IRS and other applicable tax practice standards, any advice in this message (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties or for the purpose of promoting, marketing or recommending to another party any tax-related matters.

Additionally, the contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Van Etten Sipprelle LLP at Tel: 805-719-4900, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.
=======================================================================

**From:** David J. Cook [mailto:davidcook@cookcollectionattorneys.com]
**Sent:** Monday, January 10, 2022 4:35 PM
**To:** Keith A. Sipprelle <ksipprelle@vstriallaw.com>; 'David Cook' <cook@cookcollect.com>
**Cc:** eburbidge@lewisllewellyn.com; mlewis@lewisllewellyn.com; kwalczak@lewisllewellyn.com; bestes@lewisllewellyn.com; 'David Cook' <cook@cookcollectionattorneys.com>
**Subject:** RE: EDAG v. Byton- Objections

we served the Secretary of State

**From:** Keith A. Sipprelle [mailto:ksipprelle@vstriallaw.com]
**Sent:** Monday, January 10, 2022 4:23 PM
**To:** davidcook@cookcollectionattorneys.com; 'David Cook'
**Cc:** eburbidge@lewisllewellyn.com; mlewis@lewisllewellyn.com; kwalczak@lewisllewellyn.com; bestes@lewisllewellyn.com; 'David Cook'
**Subject:** RE: EDAG v. Byton- Objections

Dear Mr. Cook: I don't follow the logic of your email.  Subpoenas must be personally served. Byton NA has not been personally served with the subpoenas.  The subpoenas were delivered to Mr. Kameswaran. Mr. Kameswaran is not a Byton NA employee.  Hence, service on Mr. Kameswaran is not service on Byton NA.  I objected to the subpoenas delivered to Mr. Kameswaran because they are a legal nullity.  As you are aware, service on Byton NA must be made through the California Secretary of State.  Moreover, for the avoidance of any doubt going forward, my firm is not authorized to accept service of subpoenas or any other discovery documents on behalf of Byton NA.

Regards,

### III. THE BOILERPLATE OBJECTIONS ARE NOT OBJECTIONS AND THEREFORE, BNA DEFAULTED AND HAS NO DEFENSE TO THE MOTION TO PRODUCE

The cases are uniform in that boilerplate objections, whether in the form of general objections as here, are not valid objections, and in fact are deemed as no objection at all as follows:

"Given this ample authority, the court overrules all of Plaintiffs' boilerplate objections, as that term is used in this decision. Plaintiffs mere use of the title "General Objections" should have clearly signaled a violation of the specificity requirements in Rules 33 and 34. General objections neither explain nor preserve anything. They are empty, useless traditions that do nothing but make discovery unnecessarily cumbersome. Similarly, Plaintiffs' explanation-less "undue burden" objections and all of Plaintiffs' "to the extent that" objections fail the specificity requirements because they conceal from opposing counsel and the court the actual problem with each request. Finally, Plaintiffs fail to explain what misconduct of Defendant is precluding them from producing the requested discovery. This lack of specificity dooms these objections. Therefore, all these objections are OVERRULED in every discovery response in which they appear. The tradition is over." *Smash Tech., LLC v. Smash Sols., LLC,* 335 F.R.D. 438, 447–48 (D. Utah 2020) and the court continues:

"An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request. For example, a boilerplate objection might state that a discovery request is "irrelevant" or "overly broad" without taking the next step to explain why. These objections are taglines, completely "devoid of any individualized factual analysis." Often times they are used repetitively in response to multiple discovery requests. Their repeated use as a method of effecting highly uncooperative, scorched-earth discovery battles has earned them the nicknames "shotgun"—and "Rambo"—style objections. The nicknames are indicative of the federal courts' extreme disfavor of these objections. and:

In other words, "merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc.... without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the] discovery requests" simply is not enough." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 441 (D. Utah 2020)

"General or boilerplate objections are invalid; objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. [Citations omitted] . . . . . . In re Terrell, 569 B.R. 881, 887–88 (Bankr. W.D. Okla. 2017), and other cases follows: General objections are " 'tantamount to not making any objection at all.' " Bankdirect Cap. Fin., LLC v. Cap. Premium Fin., Inc., No. 15 C 10340, 2017 WL 4005918, at *2 (N.D. Ill.

Sept. 12, 2017), opinion amended and superseded, No. 15 C 10340, 2017 WL 5890923 (N.D. Ill. Nov. 29, 2017) "The court overrules all of Plaintiffs' boilerplate objections because they are and have long been violative of the Federal Rules of Civil Procedure." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 446 (D. Utah 2020). "Boilerplate or generalized objections are tantamount to no objection at all and will not be considered...." *Wesley Corp. v. Zoom T.V. Prod., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018)

The putative objections are "boilerplate" with such language as follows:

1. " . . . . . overbroad, harassing, oppressive, vague, ambiguous, seek materials that are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, potentially seek production of materials protected by the attorney-client privilege, and are invasive of privacy rights protected by the California Constitution." [(Doc. #90-2, Exhibits "D" and "E", page 1, and lines 6-15]

This description is the same boilerplate which the court have held to be unresponsive and no objection at all: " . . . .In other words, "merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc.... without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the] discovery requests" simply is not enough." *Smash Tech., LLC v. Smash Sols., LLC,* 335 F.R.D. 438, 441 (D. Utah 2020).

  The language of the Objection to the SDT's is " ... materials that are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, potentially seek production of materials protected." This language is irrelevant given that the purpose of the SDT (i.e., the records) is to locate property subject to enforcement under Section 695.010 (property subject to enforcement) and Section 699.710 (property subject to execution) and not engage in discovery in anticipation of a civil trial.

  BNA is not entitled to "meet and confer," or even comply with Rule 4 of the Civil Standing Order when BNA's "boilerplate" is deemed to be a waiver.

  BNA conceded their Objections because "General or boilerplate objections are invalid; objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." (Wesley Corp. v. Zoom T.V. Prod., LLC, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018)

**IV. POST JUDGMENT DISCOVERY IS DIFFERENT FROM AND APART FROM DISCOVERY DURING THE PENDING OF AN ACTION AND THEREFORE RULE 4 IS MOOT AND INAPPLICABLE**

**A. POST JUDGMENT DISCOVERY IS SUBJECT TO FRCP 69(a)(1) &(2)**

The discovery, i.e., Subpoena's ("SDT") has been issued under FRCP 62(a)(2) to locate assets of any to enforce this judgment.  Discovery under Rule 69(a)(1)&(2) are different than pre-trial discovery as follows:

Under federal law, the scope of postjudgment discovery is very broad. "Debtor examinations are intended 'to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor,' and 'to leave no stone unturned in the search for assets which might be used to satisfy the judgment.' " Salameh v. Tarsadia Hotel, 2016 WL 29618, *2 (S.D. Cal. Jan. 4. 2016) (citing United States v Felman, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) ). Thus, "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." Caisson Corp. v. County West Building Corp., 62 F.R.D. 331, 334 (E.D. Pa. 1974). Even though Rule 69 discovery may resemble the proverbial fishing expedition, "a judgment creditor is entitled to fish for assets of the judgment debtor." Ryan Inv. Corp. v. Pedregal de Cabo San Lucas, 2009 WL 5114077, *4 (N.D. Cal. Dec. 19, 2009) (emphasis in original). See also Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250, 2254 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive.")." Textron Fin. Corp. v. Gallegos, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016). Iroquois Master Fund, Ltd. v. Glob. ePoint, Inc., No. CV 08-7761 UA (SSX), 2018 WL 6929337, at *3–4 (C.D. Cal. Jan. 9, 2018)

Everything else follows in this Motion, but nonetheless, the outcome of this Motion is to overrule the objections and compel Byton North America Corporation ("BNA") to produce the books, letters, papers, and files as sought in series of Rule 45 Subpoenas which would reveal (or lead) property subject to the $30mil judgment due EDAG Engineering GmbH ("EDAG"), or stated otherwise:

"...a judgment creditor is entitled to fish for assets..."

**B.    RULE 4 DOES NOT APPLY TO POST JUDGMENT DISCOVERY AND PARTICULARLY WHEN BNA WILL NOT AND REFUSED TO PRODUCE ANY RECORDS.**

BNA has not demonstrated that Rule 4 of the Court's Civil Standing applies in the enforcement of a judgment under Rule 69(a)(2) and specifically the necessity to resolve, one way, a putative dispute in the production of documents in the collection of a judgment. Rule 4 is the following

"These Standing Orders apply only to cases in which discovery is supervised by this Court rather than the magistrate judge. The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.:"

This case is no longer active, but only an enforcement where the parties, i.e., Plaintiff and Defendant are no longer engaged in discovery pending a trial.  Here the "trial," (i.e. confirmation ) is

completed. While an SDT locates assets, upon which the Creditor can enforce, Rule 4 addresses "discovery disputes," based upon a pending action.  In this case, the case is "closed."

EDAG is entitled to unfettered rights to demand the production of records under Rule 69(a)(2).

## V.   BNA ADMITTED THAT BNA WILL NOT PRODUCE ANY RECORDS, RENDERING RULE 4 OF THE CIVIL STANDING ORDER ON DISCOVERY MOOT

**BNA** seeks to compel EDAG to engage in the Rule 4 requirement to meet an confer when BNA cannot and will not produce any records before Judge Hixon as follows:

```
5." Your Honor, if I could just
6 interject on the records. And again, I'm in a little bit of a
7 quandary here because there's nobody at the company who can --
8 I can really communicate regarding the records. Again, and I
9 have no desire to withhold anything from Mr. Cook, but I'm not
10 sure where the records are or how I access them, and there's
11 nobody who -- right now who can really tell me. And if Mr.
12 Cook wants the records before the deposition, then I think we
13 need to keep that in mind in scheduling Mr. Kameswaran's
14 deposition. I mean, I will try to get records to Mr. Cook,
15 but I need to figure out where they are and how I access them
16 and so forth. So that's another kind of a related problem I
17 have.
```

Forcing EDAG to engage in a "run around" process to obtain records when BNA has no records to produce.

## VI.   THE JACKPOT

Silicon Valley Bank provided banking records of BNA, which includes bank statements including wire transfers which includes the following on the attached schedule, marked ***Exhibit "A"*** to the Cook Declaration including transfers to the following:

|  |  |  |
|---|---|---|
| December 21, 2018 | FMC Cayman | $26,000,000.00 |
| January 18, 2019 | FMC Cayman | $117,000,000.00 |

Mr. Ying states as follows:

"I am a resident and citizen of the People's Republic of China, and am the Chairman of the Board of Directors of FMC Cayman.  I am responsible for the management of the operations of FMC Cayman. FMC Cayman owns 100% of the share of Byton Limited (Hong Kong).  Byton

Limited own 100% of the shares of Byton North America Corporation. (Byton NA). As Chairman of the Board of Directors of FMC, I have acquired personal knowledge of the history, structure and operations of Byton Limited and BYTON NA, based on my review of corporation documents and records as well las discussions and other individuals with personal knowledge." (Doc. #85-1, Page 1, Paragraph 1, page 3 to 11)

Mr. Ying and FMC Cayman came into $143,000,000 in 28 days. In response, BNA states they are unable to find any records:

```
And again, I'm in a little bit of a
quandary here because there's nobody at the company who can --
I can really communicate regarding the records." (Transcript, Page 9, lines
```
6-8)

Demanding that EDAG is obligated comply with Rule 4 is both moot and fails to address the fact that Mr. Ying, running FMC Cayman, came into $143mil but does not offer a scrap of paper, when no such papers exist based on BNA's statements.

## VII.   CONCLUSION

To the extent of a requirement of a joint letter, BNA repudiated, forfeited, and waived any requirement when BNA refused to "meet and confer". If BNA wanted a joint letter, BNA could have offered, written, or drafted a joint letter. Nothing stopped BNA from writing the joint letter.

Nonetheless, BNA has stated in front of a Federal Judge that there are no records to be produced at this time and potentially no records to be produced ever.

However, the unbelievable conclusion is that FMC Cayman came into $143,000,000.00, and as it appears, no a scratch of paper has been offered to explain this. Needless to say, no records have been offered to justify any of these statements in the Ying Declaration.

To the extent of any requirement of a joint letter, EDAG requests that the Court excuse this requirement on the basis of multiple attempts to "meet and confer" which has been ignored. And moreover, the fact that BNA has no intention of producing any records anyway.

Date: January 20, 2022                                Respectfully submitted,

                                                     COOK COLLECTION ATTORNEYS PLC

                                                     By:   /s/ David J. Cook
                                                     David J. Cook, Esq.
                                                     Attorneys for Petitioner EDAG
                                                     ENGINEERING GMBH