**VAN ETTEN SIPPRELLE LLP**
KEITH A. SIPPRELLE (SBN 143358)
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>Petitioner,<br><br>vs.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>Respondent. | Case No. 3:21-cv-04736-EMC<br><br>[Honorable Edward M. Chen]<br><br>**RESPONDENT BYTON NORTH AMERICA CORPORATION'S NOTICE OF MOTION AND MOTION TO VACATE THE ARBITRATOR'S NOVEMBER 8, 2021 PRELIMINARY INJUNCTION ORDER [DOCKET ENTRY 25]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*SUPPORTING DECLARATION OF KEITH A. SIPPRELLE AND PROPOSED ORDER SUBMITTED CONCURRENTLY HEREWITH*]<br><br>Date: June 30, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 30, 2022 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Edward M. Chen, in Courtroom 5 – 17th Floor of the United States District Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102 (or remotely by Zoom, as directed by the Court), Respondent Byton North America Corporation ("Byton NA") will and hereby does move the Court for an Order vacating the Arbitrator's Order of November 8, 2021 granting the motion of Petitioner EDAG Engineering GmbH ("EDAG") for the issuance of a preliminary injunction (Docket Entry 25). The basis for this Motion is that the Arbitrator exceeded his powers in issuing his Order of November 8, 2021 (9 USC § 10(a)(4)), as the Arbitrator was without jurisdiction to make substantive new findings and issue rulings thereon more than three months after the issuance of the Final Arbitration Award on June 2, 2021. Moreover, the Arbitrator's preliminary injunction order is now moot in any event and should be set aside on that further basis. This Court entered judgment on the Final Arbitration Award on December 13, 2021 and Byton NA's deadline to appeal the judgment has expired, thereby mooting the Arbitrator's preliminary injunction.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Keith A. Sipprelle filed concurrently herewith; the [Proposed] Order submitted concurrently herewith; all other documents and pleadings on file with the Court in this matter; all matters of which the Court may take judicial notice; and such additional argument and evidence as may be presented at the hearing of this Motion.

Respectfully Submitted,

Dated: February 6, 2022

VAN ETTEN SIPPRELLE LLP

By: *Keith A. Sipprelle*
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

### A. The Arbitration Proceeding.

The underlying arbitration proceeding was commenced on October 22, 2019 by Petitioner EDAG Engineering GmbH ("EDAG") submitting a Demand for Arbitration ("Demand") to JAMS. The Demand asserted claims against Byton NA for breach of contract and breach of the covenant of good faith and fair dealing premised upon Byton NA's purported failure to pay EDAG amounts allegedly owed pursuant to the terms of the parties' Technology Development and License Agreement (the "TDLA").[2] The Demand sought a money recovery from Byton NA of at least $28.5 million, but made no claim relating to the ownership of any work product or intellectual property developed by EDAG for Byton NA. (Sipprelle Declaration at ¶ 2, and Exhibit "1" to the Sipprelle Declaration at page 3.)

On November 19, 2019, Byton NA submitted a response to the Demand, and also asserted counterclaims against EDAG for breach of contract and negligence. Byton NA's response and counterclaims made no reference to the ownership of any work product or intellectual property developed by EDAG for Byton NA pursuant to the TDLA. (Sipprelle Declaration at ¶ 3, and Exhibit "2" to the Sipprelle Declaration.)

On December 16, 2019, EDAG submitted a response and affirmative defenses to Byton NA's cross-claims. EDAG's response made no reference to the ownership of any work product or intellectual property developed by EDAG for Byton NA pursuant to the TDLA. (Sipprelle Declaration at ¶ 4, and Exhibit "3" to the Sipprelle Declaration.)

Subsequently, Judge William J. Cahill (Ret.) of JAMS was appointed as arbitrator in this

---

[1] Unless otherwise indicated, the factual statements in this Memorandum are supported by the Declaration of Keith A. Sipprelle submitted concurrently herewith ("Sipprelle Declaration"), including the exhibits thereto, and matters in the Court record. The exhibits referenced in this Memorandum are the exhibits to the Sipprelle Declaration, unless otherwise indicated.

[2] The Demand is attached as Exhibit "1" to Sipprelle Declaration. The TDLA is attached as Exhibit "A" to the Demand.

matter (the "Arbitrator"), in accordance with paragraph 14.4b of the TDLA. (Sipprelle Declaration at ¶ 5.)[3]

Under the TDLA and the operative jointly-drafted arbitration Scheduling Order issued by the Arbitrator, California law and the California Arbitration Act applied to the arbitration proceeding. (See paragraph 14.4a of the TDLA. See also Arbitration Scheduling Order No. 7 (Exhibit "4" to the Sipprelle Declaration, at paragraph 6.)

The case was tried to the Arbitrator between February 8 and 19, 2021. (Sipprelle Declaration at ¶ 7; Exhibit "5" to the Sipprelle Declaration, at p. 1.) The Final Arbitration Award was issued on June 2, 2021 and served on the parties on June 3, 2021. (Exhibit "5" to the Sipprelle Declaration, pp. 28, 29.) The Final Arbitration Award addressed and resolved all issues raised by the parties in their pleadings and otherwise.[4] The Final Arbitration Award made no findings regarding (or even mention of) the ownership of any intellectual property developed by EDAG for Byton NA pursuant to the TDLA. (See Exhibit "5.") This was hardly surprising, as the ownership of the work product created by EDAG for Byton NA was not raised by the pleadings (see Exhibits "1," "2" and "3"), and no evidence or argument was presented during the course of the arbitration hearing in February 2021 regarding the ownership of this work product. (Sipprelle Declaration at ¶ 7.)

On June 23, 2021, EDAG filed a petition to confirm the Final Arbitration Award in the United States District Court for the Northern District of California. (Docket Entry ("DE") 1.)

B. **EDAG's Motion For Issuance Of A Preliminary Injunction.**

On Sept 24, 2021, more than 3 months after the issuance of the Final Arbitration Award, and with EDAG's petition to confirm the Final Arbitration Award pending before this Court, EDAG filed a Motion with the Arbitrator seeking the issuance of a Preliminary Injunction against Byton

---

[3] See also p. 2, ¶ 1 of the Final Arbitration Award, which is attached as Exhibit "5" to the Sipprelle Declaration. The Final Arbitration Award is also Docket Entry ("DE") 10-4 in this action.

[4] See Exhibit "5" at p. 2, ¶ 2: "The Arbitrator has considered *all* pleadings, testimony, and exhibits and makes the following findings of facts and law." (Emphasis supplied.)

NA.[5]  EDAG's Motion for Preliminary Injunction was premised on a new and unadjudicated claim that the work product/intellectual property that EDAG had created for Byton and for which Byton had paid EDAG approximately €27 million (more than 50% of the contract price), belonged entirely to EDAG because Byton had failed to pay EDAG the full amount owed under the TDLA. On the basis of this new contract-based claim, EDAG sought a preliminary injunction to preclude Byton from transferring (or even accessing) this work product.  EDAG also sought a general "freeze" on Byton's other assets up the amount of the arbitration award premised upon the claim that Byton NA was improperly transferring EDAG intellectual property to China.   (Sipprelle Declaration at ¶ 10; DE 27-6.)

On October 29, 2021, while the Motion for Preliminary Injunction was still pending with the Arbitrator, EDAG filed a Motion with this Court to confirm the Arbitrator's June 2, 2021 Final Arbitration Award and Enter Judgment on the Award.  (Sipprelle Declaration at ¶ 11; DE 19.)

On November 8, 2021, the Arbitrator served a ruling granting EDAG's Motion for Preliminary Injunction. (Sipprelle Declaration at ¶ 12; Exhibit "6.")  EDAG filed a notice of the Arbitrator's ruling with this Court on November 8, 2021. (DE 25.)[6]   The central finding supporting the Arbitrator's November 8, 2021 Preliminary Injunction was that EDAG purportedly owns the work product/intellectual property developed by EDAG for Byton NA pursuant to the TDLA (and for which Byton NA paid EDAG approximately €27 million of the €50 contract price).  (Sipprelle Declaration at ¶ 12.)  The following passages from the Arbitrator's November 8, 2021 ruling make this clear:

- Under the TDLA, "BYTON may only to [sic] receive intellectual property rights by paying EDAG.  BYTON now has access to intellectual property it does not own, and for which it has not paid." (Exhibit "6" at p. 4.)

---

[5] Sipprelle Declaration at ¶ 10.  EDAG's Memorandum of Points and Authorities in support of its Motion for Preliminary Injunction is found at DE 27-6.

[6] The Arbitrator's Preliminary Injunction ruling was signed on November 7, 2021, but served by the Arbitrator on the parties on November 8, 2021.  See DE 25.

- "BYTON has no right to the intellectual property in question, because BYTON breached its obligation to pay EDAG for it." (Exhibit "6" at pp. 5-6.)
- "BYTON's unauthorized access and transfer of EDAG's property constitutes a form of trespass, for which there is no adequate monetary compensation." (Exhibit "6" at p. 6.)
- "BYTON has no protectable interest in being permitted to misappropriate EDAG's intellectual property." (Exhibit "6" at p. 7.)

The Arbitrator's central finding in his ruling of November 8, 2021 that EDAG rather than Byton owns 100% of the work product that EDAG created for Byton NA and for which Byton NA paid EDAG more than 50% of the contract price was an entirely new, different and highly significant finding relating to the interpretation and the parties' performance under the TDLA that was neither framed by the arbitration pleadings, a subject of the nine-day Arbitration hearing in February 2021, or referenced in the June 2, 2021 Final Arbitration Award.  This significant new and different substantive finding, which is based on an interpretation of paragraph 6.2 of the TDLA and the parties' performance thereunder, was in effect a significant substantive modification of the Arbitrator's Final Award issued on June 2, 2021.

Following the issuance of the Arbitrator's November 8, 2021 preliminary injunction order, EDAG sought to incorporate the Arbitrator's ruling into this Court's order and judgment confirming the June 2, 2021 Final Arbitration Award.  (*See*, e.g., Docket Entries 26, 31-1.) However, this Court rebuffed EDAG's effort, ruling that the Arbitrator's November 8, 2021 preliminary injunction order would need to be separately confirmed.[7] On December 13, 2021, this

---

[7] See this Court's Order of January 13, 2022 (DE 89), at page 2 of 7:

"On November 8, 2021, the arbitrator granted a preliminary injunction enjoining BNA from transferring its assets and accessing or transferring any intellectual property EDAG created during the contract. Docket No. 35. The arbitrator found that the contract requires BNA to pay EDAG for its services and that BNA's failure to pay EDAG resulted in BNA's "access to intellectual property it does not own." Id. at 3–4. On December 13, 2021, this Court granted EDAG's motion to confirm the final arbitration award *but rejected EDAG's attempts to incorporate the preliminary injunction findings into the confirmation order*. Docket No. 49. *The Court determined the injunction order had to be confirmed as a separate order*. (Emphasis supplied.)

Court entered an Order confirming the June 2, 2021 Final Arbitration Award and entered judgment thereon. The Court's December 13, 2021 Order/Judgment did not incorporate (or make any reference to) the Arbitrator's November 8, 2021 preliminary injunction order. (DE 49.)

Byton NA now respectfully requests that the Court vacate the Arbitrator's preliminary injunction ruling of November 8, 2021 pursuant to 9 USC § 10(a)(4)) on the basis that: (1) the Arbitrator exceeded his powers in issuing his Order of November 8, 2021, as the Arbitrator was without jurisdiction to make substantive new findings and issue rulings thereon more than three months after the issuance of the Final Arbitration Award on June 2, 2021;[8] and (2) the preliminary injunction ruling is moot, as this Court entered judgment on the Final Arbitration Award on December 13, 2021, and Byton NA's deadline to appeal the judgment has expired.

**II.  THE ARBITRATOR'S NOVEMBER 8, 2021 PRELIMINARY INJUNCTION ORDER IS UNENFORCEABLE UNLESS AND UNTIL IT IS CONFIRMED BY THIS COURT; THE ARBITRATOR'S ORDER MAY BE VACATED BY THIS COURT UNDER 9 U.S.C. §§ 9 AND 10.**

Preliminary injunctions by arbitrators are awards subject to confirmation of the courts, and such arbitration awards must be confirmed to be enforceable. *Berland v. Conclave, LLC*, No. 20-CV-00922-H-WVG, 2021 WL 461727, at *5–6 (S.D. Cal. Feb. 9, 2021) ("[T]emporary equitable orders calculated to preserve assets or performance needed to make a potential final award meaningful . . . are final orders that can be reviewed for confirmation and enforcement by district courts under the FAA."); 9 U.S.C.A. § 13; *Wireless Warehouse, Inc. v. Boost Mobile, LLC*, No. SACV 09-1436-MLG, 2011 WL 92984, at *4 (C.D. Cal. Jan. 11, 2011), aff'd, 479 F. App'x 58

---

[8] Under 9 U.S.C. § 12, Byton NA has 3 months from November 8, 2021 in which to challenge the Arbitrator's Order by way of a motion to vacate, modify, or correct the award. Under *Federal Rules of Civil Procedure* 6(a)(1), calculation of the three month period begins on November 9, 2021 (the day after the Arbitrator's ruling was delivered). Three months from November 9, 2021 is February 6, 2022. However, because February 6, 2022 is a Sunday, Byton NA's deadline to file this Motion rolls over to Monday, February 7, 2022 pursuant to *Federal Rules of Civil Procedure* 6(a)(1)(C). Thus, Byton NA's Motion is timely. *See Stevens v. Jiffy Lube Int'l, Inc.* (9th Cir., 2018) 911 F.3d 1249, 1252.

(9th Cir. 2012) (quoting *Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1347–48 (9th Cir.1990) ("Arbitration awards are not self-enforcing; and unless an award persuades the party contesting the arbitrator's authority to comply voluntarily with its terms, it will have no binding effect on either party until it is confirmed in court."))

9 U.S.C. § 9 provides in relevant part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order *unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title*.

(Emphasis supplied.)

9 U.S.C. § 10 provides in relevant part as follows:

> (a)   In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (4)   *where the arbitrators exceeded their powers*, . . ..

(Emphasis supplied.)

### III.   THE ARBITRATOR'S NOVEMBER 8, 2021 PRELIMINARY INJUNCTION RULING SHOULD BE VACATED.

The Arbitrator's November 8, 2021 preliminary injunction order is premised upon a substantive finding relating to the interpretation and the parties' performance under the TDLA that was not framed by the arbitration pleadings, was not a subject of the nine-day Arbitration hearing in February 2021, and is not referenced in the Arbitrator's Final Award of June 2, 2021. This significant new and different substantive finding (that EDAG owns 100% of the work product/intellectual property developed by EDAG for Byton NA pursuant to the TDLA, and for which Byton NA paid EDAG approximately €27 million of the €50 contract price), essentially constitutes a substantive modification of the Arbitrator's Final Award by resolving an "arbitrable claim" that was not presented or adjudicated prior to entry of the June 2, 2021 Final Arbitration Award (as distinguished from a mere subsidiary determination of the claims that were resolved in

the June 2, 2021 Final Award).  *See Fradella v. Petricca* (1st Cir. 1999) 183 F.3d 17, 19.  As the First Circuit explained in *Eastern Seaboard Construction Co., Inc. v. Gray Construction, Inc.* (1st Cir. 2008) 553 F.3d 1, "[o]ur cases still tend to differentiate between a second award which is 'fundamentally inconsistent with the first award' and one which 'simply flesh[es] out the remedy announced initially." *Id*. at 4. Thus, the *Eastern Seaboard* Court found that Rule 47 of the AAA Construction Industry Arbitration Rules permitted the arbitrator to modify the initial omission of a $ 66,613.89 because doing so was "the type of 'clerical, typographical, technical or computational error'" which AAA Rule 47 permitted the Arbitrator to amend or clarify. The amendment did not reopen the merits of the case. Rather, it clarified a latent ambiguity." *Id*. at 6.

Here, the Arbitrator's finding in his November 8, 2021 ruling that EDAG owns 100% of the work product/intellectual property developed by EDAG for Byton NA pursuant to the TDLA was not a mere "subsidiary" determination of the claims that were resolved in the June 2, 2021 Final Award, nor was this determination simply the correction of a clerical, typographical, technical or computational error made in the June 2, 2021 Final Arbitration Award.  Instead, the finding in the Arbitrator's November 8, 2021 ruling that EDAG owns 100% of the work product/intellectual property developed by EDAG for Byton NA pursuant to the TDLA was in effect a ruling on a brand-new legal theory that had not been part of the arbitration proceedings up through and including the issuance of the Final Arbitration Award on June 2, 2021.  By making a finding and issuing a ruling on a new substantive contract claim that could have been (but was not) presented in the arbitration proceedings prior to the issuance of the Final Arbitration Award (*e.g.*, by way of a claim that Byton NA had trespassed upon and/or converted property owned by EDAG), the Arbitrator effectively reopened the arbitration proceedings to address a substantive new claim.

At common law, the issuance of an arbitration award was treated as *functus officio*, an act that terminates the actor's authority.

> It is [a] fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is *functus officio* and can do nothing more in regard to the subject matter of the arbitration. The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and

unilateral influence which might affect a new conclusion.

*International Bhd. of Teamsters, Local 631 v. Silver State Disposal Serv.* (9th Cir., 1997) 109 F.3d 1409, 1411.

The *functus officio* doctrine has been recognized and adopted in California.  *See*, *e.g.*, *Heimlich v. Shivji* (2019) 7 Cal. 5th 350, 362-364; *Moshonov v. Walsh* (2000) 22 Cal. 4th 771, 780, fn. 1.  The *functus officio* doctrine comes into play once an arbitrator's duties have been fully discharged.  *Heimlich v. Shivji*, *supra*, 7 Cal. 5th at 364, fn. 5.

The common law rule of *functus officio* is subject to legislative revision.  *Heimlich v. Shivji*, *supra*, 7 Cal. 5th at 363.  However, in deciding whether a statutory scheme alters or displaces the common law, one must begin with the presumption that the Legislature did not so intend.  *McMillin Albany LLC v. Superior Court* (2018) 4 Cal.5th 241, 249.

The California Arbitration Act (*California Code of Civil Procedure* §§ 1280 –1294.2) governed the arbitration between EDAG and Byton NA.  (See Exhibit "4" to the Sipprelle Declaration, at paragraph 6.)[9]  *Code of Civil Procedure* 1284 expressly vests arbitrators with continuing jurisdiction for a brief period following a final award: "The arbitrators, upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6 not later than 30 days after service of a signed copy of the award on the applicant. [¶] Application for such correction shall be made not later than 10 days after service of a signed copy of the award on the applicant." (Emphasis supplied.)  Section 1288.4 protects this arbitral jurisdiction; it bars parties from filing petitions in superior court to vacate or confirm an award "until at least 10 days after service of the signed copy of the award on the petitioner." These provisions ensure that an arbitrator retains jurisdiction to modify an award for at least 10 and as many as 30 days after its filing and service.  If no application for correction is filed within 10 days, jurisdiction expires and a petition to vacate or confirm may be filed in superior court.  If an application is filed, the arbitrator retains jurisdiction for up to 30 days after the award

---

[9] However, whether California or federal law applies, the result is the same, as the *functus officio* doctrine applies in both federal and California courts.

1  was filed. Section 1284. *See Cooper v. Lavely & Singer Professional Corp.* (2014) 230
2  Cal.App.4th 1, 18 19.
3      Here, the Final Arbitration Award was issued on June 2, 2021 and served on the parties on
4  June 3, 2021.  The Final Arbitration Award addressed and resolved all issues raised by the parties
5  in their pleadings and otherwise. (Exhibit "5" to the Sipprelle Declaration, at p. 2, ¶ 2.)  Under the
6  *functus officio* doctrine (as modified by the California Legislature in the California Arbitration
7  Act), the Arbitrator's jurisdiction expired 10 days after service of a signed copy of the Final
8  Arbitration Award (June 14, 2021), as no party made a timely application to correct the award.  As
9  such, the Arbitrator had no jurisdiction to make substantive new findings in his November 8, 2021
10 Preliminary Injunction Ruling that effectively reopened the arbitration and modified the Final
11 Arbitration Award.  Because the November 8, 2021 Preliminary Injunction Ruling was premised
12 on a substantive new finding that the Arbitrator had no jurisdiction to make (relating to the
13 ownership of intellectual property), the ruling should be vacated by this Court 9 U.S.C. § 10(a)(4)
14 on the basis that the Arbitrator exceeded his powers in issuing the ruling.
15     Finally, the Arbitrator's preliminary injunction order should be set aside on the additional
16 basis that it is moot.  The purpose of a preliminary injunction is to preserve the *status quo* pending
17 a final adjudication on the merits.  *See*, *e.g.*, *Cloud Peak Energy Inc. v. United States DOI* (Dist.
18 Wyoming, 2019) 415 F. Supp. 3d 1034, 1044.  If a final adjudication on the merits has been
19 rendered, a preliminary injunction is moot. *Xtra Petroleum Transp., Inc. v. Brad Hall & Assocs.*
20 (In (Bankr. D.N.M. 2012) 473 B.R. 430, 435.  This Court entered judgment on the Final
21 Arbitration Award on December 13, 2021, and the time for Byton NA to appeal that judgment has
22 expired.  Thus, the Arbitrator's November 8, 2021 preliminary injunction order is moot.
23 //
24 //
25 //
26 //
27 //
28 //

IV. **CONCLUSION.**

For all of the foregoing reasons, Byton NA respectfully requests that this Motion be granted.

Respectfully Submitted,

Dated: February 6, 2022  VAN ETTEN SIPPRELLE LLP

By: *Keith A. Sipprelle*
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION