Exhibit 4

**Hon. William J. Cahill (Ret.)**
**JAMS**
**Two Embarcadero Center, Suite 1500**
**San Francisco, CA  94111**
**Phone: 415-774-2615**
**Fax: 415-982-5287**
**Email:  sschreiber@jamsadr.com**

### JAMS REFERENCE NO. 1100107291

| | |
|---|---|
| **EDAG Engineering GmbH,**<br><br>        **Claimant,**<br><br>                **v.**<br><br>**BYTON North America Corporation,**<br><br>        **Respondent.**<br><br>――――――――――――――――――<br><br>**BYTON North America Corporation,**<br><br>        **Counter-Claimant**<br><br>                **v.**<br><br>**EDAG Engineering GmbH,**<br><br>        **Counter-Respondent.** | **SCHEDULING ORDER NO. 7** |

The following Scheduling Order No. 7 is made respecting the conduct of this arbitration. This Scheduling Order No. 6 supersedes Scheduling Order No. 1 dated February 3, 2020, Scheduling Order No. 2 dated April 8, 2020, Scheduling Oder No. 3 dated June 26, 2020, Scheduling Order No. 4 dated September 28, 2020, Scheduling Order No. 5 dated October 14, 2020, and  Scheduling Order No. 6 dated October 30, 2020.

1. Parties and Counsel.  The parties to this arbitration are identified in the caption and are represented as follows:

Evangeline Burbidge, Esq.
Marc R. Lewis, Esq.
Brad Estes, Esq.
Lewis & Llewellyn
505 Montgomery St.
Suite 1300
San Francisco, CA  94111
415-800-0590

Counsel for Claimant and
Counter-Respondent
EDAG Engineering GmbH

Keith A. Sipprelle, Esq.
David B. Van Etten, Esq.
Van Etten Sipprelle LLP
2945 Townsgate Rd.
Suite 200
Westlake Village, CA  91361
805-719-4900

Counsel for Respondent and Counter-Claimant BYTON North America Corporation

Lillian Xu, Esq.
Evelyn Shimazaki, Esq.
BYTON North America Corporation
4201 Burton Dr.
Santa Clara, CA  95054

2. Arbitrator.  The arbitrator in this matter is:

Hon. William Cahill (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111

3. Arbitrator's Staff:

(a)     JAMS Case Manager:

Scott Schreiber
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Tel: 415-774-2615
Email:  sschreiber@jamsadr.com

(b)    The Arbitrator works with a staff attorney, Jayli Miller.  The Arbitrator's case manager will provide Ms. Miller's resume to the parties upon request.

4.  <u>Agreement to Arbitrate</u>.  The Technology Development and License Agreement ("Agreement"), which is at issue in this arbitration, provides in paragraph 14.4b that any dispute between the parties shall be submitted to JAMS, Inc. for confidential, final and binding arbitration under and in accordance with its JAMS Comprehensive Arbitration Rules.  Pursuant to this section, the parties selected Judge Cahill as arbitrator for this matter.

5.  <u>Pleadings and Arbitrability</u>.  The claims in this matter are set forth in EDAG's Demand for Arbitration dated October 22, 2019 and BYTON's Cross-Claim dated November 19, 2019.  The claims are arbitrable.

6.  <u>Applicable Law and Rules</u>.  The substantive law of California and the California Arbitration Act together with the JAMS Comprehensive Arbitration Rules ("Rules") shall apply in this proceeding.

7.  <u>Motions Challenging the Parties' Claims</u>.  Each party may, but shall not be required to, file a motion challenging as a matter of law the claims asserted by the opposing party/parties no later than June 1, 2020.  The parties shall agree to a briefing schedule for any such motions; in the absence of agreement the Arbitrator shall set a briefing schedule.

8.  <u>Discovery and Exchange of Information</u>.

(a)    During the preliminary hearing in this matter held on January 23, 2020, the parties agreed to meet and confer regarding discovery deadlines and other procedural issues.

(b)    The parties shall attempt to resolve any discovery disputes informally.  Any discovery disputes not resolved informally between the parties may be presented, via short letter brief, to the Arbitrator.  A hearing on the issue will be conducted telephonic, unless otherwise requested or ordered.  The parties may agree to forgo a hearing on any dispute and submit on the filings.

(c)    The parties have completed their Rule 17 disclosures.

(d)    The parties have agreed to complete document production by July 30, 2020.

(e)    The parties have agreed to a total of five non-expert depositions per side, unless the parties agree otherwise.  Any deposition conducted in this arbitration shall commence at 9:30 a.m. and conclude at 5:30 p.m., with an hour for lunch, unless otherwise agreed to by the parties.  The Arbitrator may resolve any disputes over the depositions as would be resolved in civil litigation.  Non-expert depositions shall be completed by November 18, 2020.

(f)      The parties have further agreed that experts shall be disclosed on or before November 30, 2020.  Rebuttal experts shall be disclosed on or before December 4, 2020. Expert reports of no more than 10 pages, not including exhibits, shall be exchanged before December 14, 2020.  Rebuttal expert reports of no more than 10 pages, not including exhibits, shall be exchanged before December 30, 2020.  Expert depositions shall be completed by January 8, 2021.

(g)      The parties shall electronically exchange exhibit lists and all documentary evidence they intend to offer at the hearing, including reports of any experts intended to be offered during the hearing, no later than February 1, 2021.  Documents not so exchanged shall not be admitted without a showing of good cause.

(h)      Counsel shall identify all non-rebuttal percipient and expert witnesses expected to testify at the hearing and shall indicate the manner in which each witness is expected to testify (e.g., in-person, telephonically or by affidavit or declaration), no later than February 1, 2021. Counsel may supplement the designation of witnesses no later than February 3, 2021.  Witnesses not so identified shall not be permitted to testify at the hearing without a showing of good cause.

9.   Dispositive Motions:  Any party that wants to file a dispositive motion must request leave from the arbitrator by summarizing, in less than five pages, the *undisputed* material facts and the grounds to be asserted. Within three court days, the opposing party may file a letter brief of less than five pages identifying the *disputed* material facts.  If the arbitrator is convinced that the facts supporting an issue subject to summary judgment may be undisputed, the arbitrator will issue an order permitting the filing of a summary judgment motion. All motions for leave for dispositive motions must be filed no later than December 4, 2020.  All pre-hearing dispositive motions must be heard no later than 31 days before the arbitration.  The parties shall agree to a briefing schedule for any such motions; in the absence of agreement the Arbitrator shall set a briefing schedule.

10.   Hearing Procedure

(a)      The hearing in this matter shall be conducted on the following days:  February 8-19, 2021 beginning at 8:30 am each day and concluding by 1:00 p.m. (PST) unless the parties agree or the arbitrator orders otherwise.  The hearing shall be conducted remotely.

(b)      Prehearing arbitration briefs shall be submitted to the Arbitrator no later than February 3, 2021 in electronic format.

(c)      Trial exhibits shall be pre-marked with consecutive Arabic numerals (without any indication of the party offering same) and a joint exhibit list shall be prepared and delivered electronically to the Arbitrator no later than February 3, 2021.  The parties shall indicate any objection to the introduction of any exhibit.  Exhibits not objected to shall be deemed admitted at the commencement of the hearing unless otherwise ordered by the arbitrator. One set of exhibits shall be prepared for the arbitrator and one for the witnesses, in addition to copies for counsel. Hard copies of exhibits shall be delivered to

the hearing location on the first day of hearing. Electronic copies of exhibits (on thumb drives) shall be delivered to the Arbitrator's Case Manager, Scott Schreiber, at 2 Embarcadero Center, Suite 1500, San Francisco, CA, 94111.  All exhibits will be discarded 60 days after the issuance of the final award unless a party requests, in writing, that the exhibits be retained or returned.

(d)      The parties are encouraged to execute a stipulation of undisputed facts and to submit that document to the Arbitrator at the hearing no later than February 3, 2021

(e)      If either party intends to use the services of a court reporter during the hearing, that party shall notify the other party within five court days of the start of the hearing.

(f)      The Arbitrator shall prepare an Interim Arbitration Award in writing, within 30 days after the matter is submitted for decision. The Interim Award shall specify the reasoning for the decision and any calculations necessary to explain the award.  The Interim Award will set deadlines for further submissions, if any.  After the filing of further submissions, if any, the record will be closed and, within 30 days, a Final Award in writing shall be issued.

11. Miscellaneous.

(a)      Documents shall be served by email if less than 50 pages in length.  Any document more than 50 pages shall be served by hard copy on the Arbitrator through the Case Manager, with an additional copy for the Arbitrator's staff attorney.

(b)      Cancellation fee of the Arbitrator:  The parties will be requested to deposit fees sufficient to compensate the Arbitrator for the scheduled hearing dates 60 days in advance of the commencement of the hearing.  If the hearing is cancelled or continued for any reason within 60 days of the commencement of the hearing, the deposit for the cancelled day(s) shall be deemed a cancellation fee and shall be immediately payable to JAMS.  The Arbitrators may refund fees for any hearing day which is rebooked to the extent of fees earned on that day.

(c)      All deadlines herein shall be strictly enforced unless otherwise stated.  This Order shall continue in effect unless and until amended by subsequent order of the arbitrator.

Dated:  __1/29/2021__

_William Cahill_
Hon. William J. Cahill (Ret.)
Arbitrator

## <u>PROOF OF SERVICE BY E-Mail</u>

Re: EDAG Engineering GmbH vs. BYTON North America Corporation
Reference No. 1100107291

      I, Scott Schreiber, not a party to the within action, hereby declare that on  January 29, 2021, I served

the attached Scheduling Order No 7 on the parties in the within action by electronic mail at San Francisco,

CALIFORNIA, addressed as follows:

Evangeline Burbidge Esq.
Marc R. Lewis Esq.
Mr. Brad Estes
Lewis & Llewellyn LLP
601 Montgomery Street
Suite 2000
San Francisco, CA   94111
Phone: 415-800-0590
eburbidge@lewisllewellyn.com
mlewis@lewisllewellyn.com
bestes@lewisllewellyn.com
    Parties Represented:
    EDAG Engineering GmbH

Keith A. Sipprelle Esq.
Van Etten Sipprelle LLP
2945 Townsgate Road
Suite 200
Westlake Village, CA   91361
Phone: 805-719-4900
ksipprelle@vstriallaw.com
    Parties Represented:
    BYTON North America Corporation

Ms. Lillian Xu
Evelyn Shimazaki Esq.
BYTON North America Corporation
4201 Burton Drive
Santa Clara, CA   95054
lillian.xu@byton.com
evelyn.shimazaki@byton.com
    Parties Represented:
    BYTON North America Corporation

      I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  January 29, 2021.

//s// Scott Schreiber

_____
Scott Schreiber
JAMS
sschreiber@jamsadr.com