# Exhibit 6

Hon. William J. Cahill (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Tel: 415-982-5267
sschreiber@jamsadr.com

JAMS ARBITRATION REFERENCE NO. 1100107291

| | |
|---|---|
| EDAG Engineering GmbH,<br><br>    Claimant,<br><br>v.<br><br>BYTON North America Corporation,<br><br>    Respondent.<br><br>AND RELATED CROSS-CLAIM | **ORDER GRANTING CLAIMANT EDAG'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. William J. Cahill (Ret.)<br><br>Arbitration: February 8, 2021 |

Judge William J. Cahill (Ret.) of JAMS, was appointed as arbitrator to this proceeding in accordance with paragraph 14.4b of the parties' agreement to arbitrate "[a]ny dispute between the Parties that is not resolved through negotiation," made October 20th, 2018. *See* Scheduling Order No. 7 ("SO No. 7"), ¶ 4.

On June 2, 2021, the Arbitrator issued a Final Arbitration Award ("Final Award"), finding in favor of the breach of contract claim by Claimant EDAG Engineering GmbH ("EDAG"), and awarding EDAG the sum of €23,446,649, plus 10% statutory interest and costs.

On June 23, 2021, EDAG filed its Petition to Confirm the Arbitration Award and for Entry of Judgment in the United States District Court Northern District (*EDAG v. BYTON*, Case No. CV21-4736).

On September 24, 2021, EDAG filed a motion for preliminary injunction. The Arbitrator has considered that motion, BYTON's response, oral argument and all other relevant pleadings, testimony, and exhibits, and makes the following findings of facts and law. Any disparity between the Arbitrator's findings and the position of the parties is the result of the Arbitrator's evaluation of the credibility, relevance, and weight of the evidence.

Even though a Final Arbitration Award has been issued, Federal case law provides that the arbitrator retains jurisdiction to issue this order Granting Preliminary Injunction (*Johnson v. Gruma*, 614 F.3d 1062, 1066 (9th Cir. 2010) and *Fidelity Federal Bank v. Durga Ma Corp.*, 386 F.3d 1306,1311 (9th Cir. 2004)).

The agreement between EDAG and Respondent BYTON North America Corporation ("BYTON"), known as the Technology and Development Licensing Agreement ("TDLA") provides: "The arbitrator will have full power and authority to … fashion appropriate remedies (including temporary, preliminary, interim, or permanent injunctive relief)." TDLA ¶ 14.4b. That authority extends as far as "the authority that a court having jurisdiction over the Parties and the dispute would have absent this arbitration agreement." *Id*. And the district court with jurisdiction over the parties "may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process—provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire Holdings of Americas Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010).

Based on that authority, the Arbitrator has jurisdiction to issue an injunction "to ensure [the] arbitration award is not rendered ineffectual." *Smagin v. Yegiazaryan*, No. CV 14-9764-R, 2015 WL 13757706, *2 (C.D. Cal. Sept. 28, 2015) ("*Smagin*") (affirming injunction freezing assets of Respondent who "regularly conceals the true ownership of his assets through the use of shell corporations in offshore jurisdictions and through the use of nominees who hold assets on his behalf and act according to his discretion" in action where Petitioner had received an arbitration award). "This is not the beginning stage of a breach of contract claim, but instead the end stages of a protracted arbitration in which the merits of all claims and defenses have been fully presented and adjudicated." *Smagin*, 2015 WL 13757706 at *1, citing *Toyo* (additional citation omitted).

## BACKGROUND

### A. EDAG's Work For BYTON.

From 2016 to 2019, EDAG provided engineering services to BYTON as part of BYTON's project to design and manufacture the all-electric M-BYTE vehicle. Final Award, p. 6-7. In 2018, BYTON stopped paying EDAG's invoices, forcing EDAG to initiate the underlying arbitration pursuant to the parties' contract. Final Award p. 7.

### B. Arbitration and Federal Court Proceedings.

On October 22, 2019, EDAG initiated arbitration proceedings against BYTON. I conducted an evidentiary hearing between February 8-12 and 16-19, 2021.

On June 2, 2021, a Final Award was issued in favor of EDAG's breach of contract claim and awarded EDAG the sum of €23,446,649, plus 10% statutory interest and costs. (Final Award, p. 28.) Throughout the proceedings BYTON repeatedly represented that it lacks the money to pay EDAG. *See, e.g.,* Final Award p. 3, 7-10.

On June 23, 2021, EDAG petitioned the Federal District Court, Northern District of California, to confirm the Arbitrator's Award and enter judgment in its favor. On July 16, 2021, BYTON filed a reply indicating that it intends to challenge the Final Award.

### C. BYTON's Misuse of EDAG's Intellectual Property.

Paragraph 6.2b of the TDLA requires EDAG to give BYTON all associated intellectual property rights for EDAG's deliverables, in exchange for BYTON's obligation to pay certain fees. BYTON breached the parties' agreement when it failed to pay those fees. As the Final Award finds, BYTON owes EDAG over 23 million Euros in unpaid fees. Arbitration Award, p. 7-21, 28.

The evidence shows that BYTON's intellectual property for the M-BYTE vehicle is currently in the possession, custody, and control of Jama Software ("Jama"). BYTON used Jama's browser-based database to store all of BYTON data's and build BYTON's product, *i.e.* the M-BYTE vehicle.

BYTON's corporate witness previously testified that BYTON owed Jama Software (among other vendors) money for use of its cloud-based platform, and that Jama had shut off BYTON's access to that platform. Nov. 17, 2020, BYTON Most Qualified Witness Dep. at 242:24-245:21. BYTON's corporate witness further testified that BYTON could not muster the roughly $500,000 it owed to its various cloud-based providers. *Id.* at 244:4-17. Before, during, and after the arbitration hearing, BYTON's witnesses and counsel represented that BYTON did not have any money to pay what it owed EDAG.

Nonetheless, EDAG has now, in its moving papers in this Motion, has produced evidence that BYTON and a Chinese affiliate have spent the last nine months attempting to regain access to the Jama database and the intellectual property EDAG created. On September 1, 2021, EDAG learned that BYTON had paid all past due invoices to Jama several months earlier. By paying for a year of access to Jama's services, BYTON obtained access to EDAG's data.

These actions have resulted in the possibility of Byton being able to circumvent portions of the TDLA, which expressly states that BYTON may only to receive intellectual property rights by paying EDAG. BYTON now has access to intellectual property it does not own, and for which it has not paid.

Moreover, BYTON may be transferring or attempting to transfer its operations and its assets of value to Chinese affiliate companies, which operate outside the reach of United States courts. On August 20, 2021, automotive journalists reported that BYTON's M-BYTE was photographed undergoing road tests in Hainan, China, and EDAG has produced evidence that the test vehicle is the car that EDAG designed and that it contains the work that EDAG performed, and for which EDAG has not been paid. EDAG was unaware of this development until it was discovered in August.

On September 15, 2021, EDAG also learned that BYTON and a Chinese affiliate had been actively working to transfer the IP for the M-BYTE—possibly the only thing of value left at BYTON North America—from a U.S.-based cloud storage facility to a China-only server.

If Byton is successful in moving its assets overseas there will be no assets in the United States that can be used to satisfy the €23.4 million judgement won in the arbitration.

## ANALYSIS

EDAG seeks a preliminary injunction based on the above facts.

To obtain injunctive relief, EDAG "must establish (1) that [it] is likely to succeed on the merits, (2) that [it] is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [its] favor, and (4) that an injunction is in the public interest. *Toyo*, 609 F.3d at 982. *See also Butt v. State of California* (1992) 4 Cal.4th 668, 677-678 (under state law, a preliminary injunction is proper where moving party proves (1) likelihood of success and (2) that the relative interim harm to the parties from issuance of the injunction weighs in its favor).

A party that satisfies the latter three elements may obtain preliminary injunctive relief by showing the existence of "serious questions going to the merits" rather than a likelihood of success on the merits. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

EDAG has satisfied all four elements.

### I. EDAG IS LIKELY TO SUCCEED ON THE MERITS.

EDAG has already successfully proved its claim for breach of contract. The Arbitrator's award found that: BYTON agreed to pay EDAG a flat fee of €50,448,045, Final Award p. 11; EDAG performed its obligations to BYTON under the TDLA, for which it properly invoiced BYTON, *id.* 11-17; and BYTON failed to pay invoices totaling €23,446,649. *Id.* 11, 17-18.

The Arbitrator has been provided a copy of EDAG's Motion to Confirm the Award, which was filed in the USDC (Ex. 5 to BYTON's opposition to this motion), and he has not reviewed Byton's opposition to the Motion to Confirm to see if it might have merit. However, it is my expectation that the court will confirm the Final Award in its entirety and thus EDAG will prevail in this litigation. .

### II. EDAG WILL SUFFER IRREPARABLE HARM ABSENT INJUNCTIVE RELIEF.

EDAG has established that it has a direct and immediate need for relief, to enjoin BYTON from improperly accessing and transferring EDAG's data and intellectual property. BYTON has no

right to the intellectual property in question, because BYTON breached its obligation to pay EDAG for it. Final Award, p. 17-18.

In the absence of an injunction, BYTON will be able to access the intellectual property held by Jama and transfer that valuable asset to its affiliate in China. It would be free to remove all intellectual property from the United States making it impossible for EDAG to recover what it is owed. Having obtained the benefit of its bargain with EDAG without making payments totaling more than 20 million Euros, BYTON would have no remaining incentive to comply with the Arbitrator's order or the resulting judgment.

The loss of the ability to monetize EDAG's work product, and the associated inability to recover a judgment from BYTON, constitutes irreparable harm. *See eBay, Inc. v. Bidder's Edge, Inc.*, 100 F.Supp.2d 1058, 1066 (N.D.Cal.2000) ("*eBay*") ("Harm resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and is therefore an appropriate basis for injunctive relief."); *MCA Recs., Inc. v. Newton-John*, 90 Cal. App. 3d 18, 23 (1979).

As in *eBay*, BYTON's unauthorized access and transfer of EDAG's property constitutes a form of trespass, for which there is no adequate monetary compensation. As in *eBay*, BYTON would deprive EDAG "of the ability to use [a] portion of its personal property for its own purposes. The law recognizes no such right to use another's personal property. Accordingly, [BYTON]'s actions appear to have caused injury to [EDAG] and appear likely to continue to cause injury to [EDAG]." *Id.* at 1071.

## III. THE BALANCE OF EQUITIES STRONGLY FAVORS EDAG.

In the absence of an injunction, EDAG will suffer the harm to its property, its reputation, and its bottom line detailed in the preceding section. Whereas maintaining the status quo will do no cognizable harm to BYTON.

EDAG has demonstrated that it is entitled to entry of an injunction, to preserve the status quo without imposing any affirmative duty on BYTON or prohibiting BYTON from any action it is entitled to undertake.

## IV. NO BOND IS NECESSARY.

I find "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). *See also Fid. Brokerage Servs. LLC v. McNamara*, 2011 WL 2117546, at *8 (S.D. Cal. May 27, 2011) (declining to issue bond requested by defendants).

Preserving the status quo until satisfaction of a judgment in EDAG's favor poses no realistic likelihood of harm to BYTON. As discussed above, BYTON has no protectable interest in being permitted to misappropriate EDAG's intellectual property. And BYTON will not be able to prove that it suffered compensable harm from entry of an order requiring it to refrain from using EDAG's work to complete the M-BYTE until EDAG has been compensated for that work.

## V. THE TDLA REQUIRES THE PARTIES TO SPLIT ARBITRATION FEES.

The TDLA provides that "[e]ach party will bear its own costs in the arbitration." TDLA ¶ 14.4(b), Amelung Decl. Ex. B at 12. That provision is clear and unambiguous. There is no provision modifying it, and none requiring a party who brings a motion to pay any greater share or additional amount.

EDAG submitted evidence that it paid $8,400 for its share of the fees associated with entry of this order. It concedes that it must bear those costs.

However, BYTON did not pay its share of the JAMS fees. EDAG advanced $8,400 on BYTON's behalf. BYTON must pay its own costs under the TDLA; under JAMS Rule 6(c), the Arbitrator may allocate the non-paying Party's share of the costs.

Therefore, the Arbitrator awards $8,400 to EDAG to reimburse it for the fees it paid on behalf of BYTON.

## ORDER

1. EDAG has demonstrated that it meets the applicable standard for entry of a preliminary injunction.

2. Effective immediately, BYTON, and each and every one of its employees, agents,

representatives, affiliates, funds, investment vehicles, licensees, consultants, officers, directors, stockholders, attorneys, trustors, trustees, beneficiaries, successors, affiliates, parent companies, subsidiaries, assigns, heirs, personal representatives and executors, is hereby ENJOINED and PROHIBITED from:

    a. Accessing, modifying, transferring, or deleting any intellectual property created by EDAG, or any of its employees, agents, representatives, affiliates, licensees, consultants, officers, directors, successors, affiliates, parent companies, or assigns;

    b. Taking any step to transfer, conceal, reduce, encumber, or otherwise make unavailable—either personally or through instructions to another—any assets up to the value owed to EDAG under the Arbitrator's Award.

3. Within five 15 days of this Order, BYTON shall pay EDAG the sum of $8,400, as reimbursement for JAMS fees advanced by EDAG.

4. No bond is required for this Order to take effect.

IT IS SO ORDERED

Dated: November 7, 2021

*[signature]*

Hon. William J. Cahill (Ret.)
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: EDAG Engineering GmbH vs. BYTON North America Corporation
Reference No. 1100107291

I, Scott Schreiber, not a party to the within action, hereby declare that on November 8, 2021, I served the attached ORDER GRANTING CLAIMANT EDAG'S MOTION FOR PRELIMINARY INJUNCTION on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, CALIFORNIA, addressed as follows:

Evangeline Burbidge Esq.
Marc R. Lewis Esq.
Mr. Brad Estes
Lewis & Llewellyn LLP
601 Montgomery Street
Suite 2000
San Francisco, CA   94111
Phone: 415-800-0590
eburbidge@lewisllewellyn.com
mlewis@lewisllewellyn.com
bestes@lewisllewellyn.com
   Parties Represented:
   EDAG Engineering GmbH

Keith A. Sipprelle Esq.
David B. Van Etten Esq.
Van Etten Sipprelle LLP
2945 Townsgate Road
Suite 200
Westlake Village, CA   91361
Phone: 805-719-4900
ksipprelle@vstriallaw.com
dvanetten@vstriallaw.com
   Parties Represented:
   BYTON North America Corporation

Ms. Lillian Xu
Evelyn Shimazaki Esq.
BYTON North America Corporation
4201 Burton Drive
Santa Clara, CA   95054
lillian.xu@byton.com
evelyn.shimazaki@byton.com
   Parties Represented:
   BYTON North America Corporation

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on November 8, 2021.

*[signature]*

Scott Schreiber
sschreiber@jamsadr.com