UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>    Defendant. | Case No. 21-cv-04736-EMC (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 116 |

On December 13, 2021, Judge Chen entered judgment in favor of EDAG Engineering GmbH ("EDAG") and against BYTON North America Corporation ("BYTON") for a little more than $30,000,000. ECF No. 49. EDAG has moved to amend the judgment to add Byton Limited ("BY-LTD") to the judgment. ECF No. 71. That motion is currently set to be heard by Judge Chen on June 30, 2022. ECF No. 100.

In the meantime, EDAG served two subpoenas on BYTON. ECF No. 116. The joint discovery letter brief specifically refers only to requests for production ("RFPs") 4, 13 and 15. EDAG inserts a footnote in the letter brief asserting that "[t]he entirety" of both subpoenas is at issue, "not just these three items." However, as discussed during the hearing, several of the RFPs not discussed in the letter brief seem potentially overbroad, duplicative, hard to understand, or of questionable relevance. The Court dislikes the practice of gesturing in a footnote to numerous discovery requests with no explanation for why the materials they seek are relevant and not overbroad. That puts the Court in the uncomfortable position of having to imagine the arguments in favor of and against the motion to compel, rather than simply ruling on arguments advanced by the parties. Accordingly, the Court limits its consideration to RFPs 4, 13 and 15 for the time being. For the remaining RFPs, the Court orders the parties to meet and confer further, and if they are unable to resolve their disputes, they must file a joint discovery letter brief within 14 days.

The Court now turns to RFPs 4, 13 and 15. As for service of the subpoenas, BYTON

1  objected to the one served on Sadha Kameswaran, but did not object to the one served on the
2  company itself, and RFPs 4, 13 and 15 are in both subpoenas, so BYTON has stated that the status
3  of the subpoena on Kameswaran is a moot point.  BYTON also objected that a compliance
4  deadline of January 19, 2022 was unreasonably short.  But that objection is now also moot due to
5  the passage of time.  For RFPs 4 and 15, as those topics were clarified during meet and confer,
6  BYTON agreed to search for responsive documents.  The Court now orders BYTON to produce
7  documents responsive to RFPs 4 and 15 within 30 days.  The Court understands that BYTON
8  claims it has no personnel anymore, but it is still a party to this case, it still has counsel, and RFPs
9  4 and 15 seek relevant judgment debtor discovery.  They also seek types of documents that any
10  company ought to have.  If BYTON has spirited these documents away and truly is not able to
11  produce them, then either the undersigned or Judge Chen will need to determine what
12  consequences flow from that.  However, the first step is this order compelling production.

During meet and confer, EDAG explained that RFP 13 sought documents relating to the purported fraudulent conveyance of 22 patents from BYTON to BY-LTD.  However, Judge Chen has held that the transferee is an indispensable party to a fraudulent transfer claim.  ECF No. 89.  BY-LTD must be made a party for EDAG to assert a fraudulent conveyance claim.  Until that happens, RFP 13 seeks discovery that isn't relevant to any claim or issue in the case.  (The Court also takes EDAG's point, made at the hearing, that if it is successful in adding BY-LTD as a party to the judgment, it won't need discovery into a fraudulent transfer claim because it could simply levy against the transferee, regardless of how the transferee acquired its assets.  Thus, there seems to be no scenario in which this discovery would be warranted.)

Accordingly, the Court grants EDAG's motion to compel as to RFPs 4 and 15 and orders BYTON to produce responsive documents within 30 days.  The Court denies EDAG's motion to compel as to RFP 13.

**IT IS SO ORDERED.**

Dated: February 22, 2022

THOMAS S. HIXSON
United States Magistrate Judge

2