LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (Bar No. 266966)
eburbidge@lewisllewellyn.com
Marc R. Lewis (Bar No. 233306)
mlewis@lewisllewellyn.com
Kenneth M. Walczak (Bar No. 247389)
kwalczak@lewisllewellyn.com
Bradley E. Estes (Bar No. 298766)
bestes@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile:  (415) 390-2127

David J. Cook (Bar No. 60859)
COOK COLLECTION ATTORNEYS, PLC
ATTORNEYS AT LAW
165 Fell Street
San Francisco, CA 94102
Telephone: (415) 989-4730
Facsimile: (415) 989-0491
Cook@CookCollectionAttorneys.com

Attorneys for Petitioner EDAG Engineering GmbH,
a corporation organized and existing under the laws
of the Republic of Germany  ("EDAG")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG Engineering GmbH,<br><br>          Petitioner,<br><br>     v.<br><br>BYTON North America Corporation,<br><br>          Respondent. | Case No. 3:21-cv-04736-EMC<br><br>**PETITIONER EDAG'S OPPOSITION TO RESPONDENT'S MOTION TO VACATE THE ARBITRATOR'S NOVEMBER 8, 2021 ORDER**<br><br>Date:          June 30, 2022<br>Time:          1:30 p.m.<br>Location:    via Judge Chen's<br>                   Videoconference – Link<br>Judge:        Hon. Edward M. Chen |

LEWIS +
LLEWELLYN
LLP

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUTHORITIES ................................................................................................... 3

I.      INTRODUCTION ....................................................................................................... 6

II.     APPLICABLE LAW ................................................................................................... 8

III.    ARGUMENT ............................................................................................................... 9

      A.      THE COURT CAN AND SHOULD CONFIRM THE
            ARBITRATOR'S ORDER. ............................................................................ 9

            1.      Judge Cahill Correctly Interpreted the TDLA. ............................... 9

            2.      Judge Cahill's Decision Meets the Federal Standard. .................. 10

      B.      BYTON NA'S ARGUMENTS FAIL. ....................................................... 11

            1.      The *Functus Officio* Doctrine Does Not Apply. ............................ 11

            2.      The Court Can and Should Make Injunctive Relief Permanent. ................... 13

      C.      IF THE ARBITRATOR'S ORDER IS NOT CONFIRMED,
            BYTON NA WILL ACCESS EDAG'S INTELLECTUAL PROPERTY
            WITHOUT PAYING. .................................................................................. 14

IV.     CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ABC Int'l Trades, Inc. v. Fun 4 All Corp.,*
 79 F. App'x 346 (9th Cir. 2003) ................................................................ 12

*Allied-Bruce Terminix Cos. v. Dobson,*
 513 U.S. 265 (1995) ................................................................................. 8

*Bank Leumi, USA v. Miramax Distribution Servs., LLC,*
 No. 2:18-CV-07574-SVW-KS, 2018 WL 7568361 (C.D. Cal. Dec. 27, 2018) .................. 12

*Bosack v. Soward,*
 586 F.3d 1096 (9th Cir. 2009) .................................................................. 12

*Courier–Citizen Co. v. Boston Electrotypers Union,*
 No. 11, 702 F.2d 273 (1st Cir.1983) ............................................................ 13

*DHL Info. Servs. (Americas), Inc. v. Infinite Software Corp.,*
 502 F. Supp. 2d 1082 (C.D. Cal. 2007) ......................................................... 12

*Eastern Seaboard Construction Co., Inc. v. Gray Construction, Inc.,*
 553 F.3d 4 (1st Cir. 2008) ....................................................................... 12

*eBay Inc. v. Inc. v. MercExchange, L.L.C.,*
 547 U.S. 388 (2006) .............................................................................. 14

*Ferguson v. Corinthian Colleges, Inc.,*
 733 F.3d 928 (9th Cir. 2013) .................................................................... 12

*Ficek v. S. Pac. Co.,*
 338 F.2d 655 (9th Cir. 1964) .................................................................... 11

*French v. Merrill Lynch,*
 784 F.2d 902 (9th Cir. 1986) .................................................................... 11

*G.C. and K.B. Invs., Inc. v. Wilson,*
 326 F.3d 1096 (9th Cir. 2003) ................................................................... 11

*Glass, Molders, Pottery, Plastics, and Allied Workers Int'l Union v. Excelsior Foundry Co.,*
 56 F.3d 847 (7th Cir. 1995) ................................................................. 12, 13

*Impex Enterprises Ltd. v. Sony Pictures Worldwide Acquisitions, Inc.,*
 No. CV2171044SJOSKX, 2018 WL 1413089 (C.D. Cal. Jan. 9, 2018) ......................... 9

LEWIS +
LLEWELLYN
LLP

**TABLE OF AUTHORITIES (CONT.)**

**Page(s)**

*Ingle v. Circuit City,*
    408 F.3d 592 (9th Cir. 2005) .................................................................................. 9

*Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, Loc. 631 v.
Silver State Disposal Serv., Inc.,*
    109 F.3d 1411 (9th Cir. 1997) ............................................................................... 13

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,*
    341 F.3d 987 (9th Cir. 2003) ................................................................................. 10

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.,*
    363 F.3d 1010 (9th Cir. 2004) ............................................................................... 10

*McClatchy Newspapers v. Central Valley Typographical Union,*
    No. 46, 686 F.2d 1103 (9th Cir.1982) ................................................................... 12

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,*
    473 U.S. 11 (1985) .................................................................................................. 8

*Monsanto Co. v. Geertson Seed Farms,*
    561 U.S. 139 (2010) ............................................................................................... 14

*R.J. Kuhl Corp. v. Sullivan,*
    13 Cal. App. 4th 1589 (1993) .................................................................................. 9

*Rogers v. Royal Caribbean Cruise Line,*
    547 F.3d 1148 (9th Cir. 2008) ................................................................................ 8

*Scholl v. Mnuchin,*
    494 F. Supp. 3d 661 (N.D. Cal. 2020) ................................................................... 13

*Simula, Inc. v. Autoliv, Inc.,*
    175 F.3d 716 (9th Cir. 1999) ................................................................................. 12

*SMC Promotions, Inc. v. SMC Promotions,*
    No. 04-CV047107JFWVBKX, 2006 WL 6219155 (C.D. Cal. Jan. 19, 2006) ............. 10, 11

*United States v. Lummi Indian Tribe,*
    235 F.3d 443 (9th Cir. 2000) .................................................................................. 9

*United States v. Romm,*
    455 F.3d 990 (9th Cir.2006) ................................................................................... 10

LEWIS +
LLEWELLYN
LLP

1

2

**TABLE OF AUTHORITIES (CONT.)**

**Page(s)**

3

**FEDERAL STATUTES**

4

Title 9, U.S.C.

5

§ 2 ..................................................................................................................................... 8
§ 9 ..................................................................................................................................... 8
§ 12 ................................................................................................................................... 8

6

7

**STATE STATUTES**

8

California

9

Cal. Code Civ. Proc. § 680.010 ............................................................................... 7, 9
Cal. Code Civ. Proc. § 683.010 ............................................................................... 7, 9
Cal. Code Civ. Proc. § 699.040 ................................................................................. 10

10

11

**FEDERAL RULES**

12

Federal Rules of Civil Procedure

13

Rule 69 ........................................................................................................................ 7, 9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS +
LLEWELLYN
LLP

# I.   INTRODUCTION

On December 13, 2021, this Court confirmed the Arbitrator's June 2, 2021 Final Award, and entered judgment in favor of Petitioner EDAG Engineering GmbH ("EDAG").  Docket No. 49. During the hearing on EDAG's Motion for Entry of Judgment, the Court determined that the Arbitrator's November 8, 2021 Order ("11/8/21 Order") (*see* Docket No. 25 (Notice of Entry of Injunction, filed 11/8/21) constituted a separate decision subject to independent confirmation. *See also* Order on various motions, filed 1/13/22 (Docket No. 89), 2:18-25 & 5:11-23.

The Arbitrator issued the November 8, 2021 Order to preserve his Final Award and to protect EDAG's ability to collect on a judgment in its favor.  The order relied, *inter alia*, on evidence that Respondent BYTON North America Corporation ("BYTON NA") was illegally using EDAG's intellectual property and attempting to move assets overseas.  Now BYTON NA moves to vacate that Order, without any evidence or argument that it has stopped trying to access the intellectual property in question or stopped using EDAG's technology in protype vehicles—nor even any assertion that BYTON NA will stop trying to shift any remaining assets overseas.

Under these circumstances, the Court should deny BYTON NA's motion, and instead confirm: (1) the Arbitrator's decision that EDAG owns the intellectual property it created under the terms of the parties' contract; and (2) the resulting injunctive provisions of the Arbitrator's Order. [1]

To vacate the November 8, 2021 Order, BYTON NA would need to demonstrate that the Arbitrator, the Honorable William Cahill (Ret.), "manifestly disregarded" the law or issued a "completely irrational" decision when he confirmed EDAG's property interest in the intellectual property it created (and for which BYTON NA has not paid), and enjoined BYTON NA from accessing, modifying, transferring, or deleting that intellectual property.  11/8/21 Order at 8. BYTON NA has not made, and cannot make, that showing.

To the contrary, Judge Cahill acted well within his discretion to rule that BYTON NA cannot access, use, or destroy EDAG's technological work product until it (BYTON NA) has paid EDAG the over $30 million it owes under the parties' contract (known as the "Technology and

---

[1] EDAG files a Motion to Confirm Arbitration Award herewith.

LEWIS +
LLEWELLYN
LLP

Development Licensing Agreement" or "TDLA"; filed at Docket No. 10-1).

BYTON NA does not attack the substance of that finding or argue (as the law says it must) that the Arbitrator's interpretation of the TDLA was wrong (let alone "completely irrational").[2] BYTON NA does not deny that it attempted to move the IP to inaccessible Chinese servers while the arbitration was ongoing, nor contest the evidence that its Chinese parent company is testing a prototype vehicle that *incorporates* EDAG's intellectual property. *See, e.g.,* Docket Nos. 22-1, 22-2, 22-3, 22-4, 22-5 (undisputed evidence provided to Arbitrator regarding BYTON NA's attempt to move assets). Instead, BYTON NA recycles an argument the Arbitrator rejected: that the *functus officio* doctrine deprived the Arbitrator of his authority to decide ownership of the intellectual property. But that argument rests entirely on California law—federal cases do not apply the doctrine to bar injunctive relief by Arbitrators (to the contrary, the Federal Arbitration Act [FAA] states a preference for issuing such relief in the arbitral forum). And both the Arbitrator and this Court have held that the FAA governs the parties' arbitration proceeding.[3]

If *functus officio* still has any viability at all in the Ninth Circuit, it only bars an arbitrator from re-deciding a *specific* issue previously resolved in a final award. Which is not what happened here—as BYTON NA repeatedly acknowledges and as the Court ruled, the Arbitrator resolved a new issue left undecided by the Final Award (namely, whether EDAG's ownership of the intellectual property it was hired to create transferred to BYTON NA under the TDLA).

BYTON NA's second argument, that entry of judgment rendered the Arbitrator's Order moot, also fails. Entering judgment on the Final Award did not moot the November 8, 2021 Order, because the Court deemed that Order a separate award subject to independent confirmation. The

---

[2] In the course of attempting to collect BYTON's debt, EDAG's collection counsel, David Cook, has uncovered numerous financial improprieties associated with BYTON and its Chinese parent company, including the acceptance of a $10 million PPP loans from the U.S. government and the shifting of millions of millions of dollars offshore instead of paying debts owed in the United States. *See, e.g.,* Docket No. 53.01 and supporting exhibts.

[3] As Mr. Cook has noted, California law does apply in the parallel collections effort. *See, e.g.,* Docket No. 22; *see also* Fed. R. Civ. P. 69(a) ("The procedure on execution… must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."); Cal. Code Civ. Proc. §§ 680.010, 683.010 ("Except as otherwise provided by statute or in the judgment, a judgment is enforceable under this title upon entry.").

LEWIS + LLEWELLYN LLP

1   Court is authorized to confirm the Arbitrator's interpretation of the TDLA and preserve his finding

2   that EDAG still owns the intellectual property in question.  The Court can also make the injunctive

3   provisions of the Arbitrator's order permanent, rather than preliminary.

4          Indeed, BYTON NA's eagerness to argue that the November 8, 2021 Order is now moot

5   demonstrates the clear and present ***need*** to confirm that Order.  Absent a decision by this Court

6   confirming the Arbitrator's decision, BYTON NA will continue trying to improperly access, use,

7   and move overseas the technology EDAG created ***without*** paying EDAG the $30 million ordered by

8   this Court.

9                              **II.     APPLICABLE LAW**

10          The FAA governs arbitration proceedings under the TDLA, a contract between two

11   international entities engaged in a commercial transaction.  *See* 9 U.S.C. § 2 (FAA's basic coverage

12   provision makes the statute applicable to contracts evidencing a transaction "involving commerce");

13   *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995) (language of Section 2 reflects that

14   Congress intended the law's coverage to extend to the full reach of its Commerce Clause power);

15   *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1154 (9th Cir. 2008) (same).  The

16   presumption in favor of the FAA "applies with special force in the field of international

17   commerce[.]"  *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.* 473 U.S. 614, 631 (1985).

18          EDAG discussed federal arbitration law, and its applicability to proceedings like this one, in

19   its prior Motion to Confirm Arbitration Award and Enter Judgment, filed 10/29/21 (Docket No. 19).

20   *Id.* at 11:7-12:19.  In response, BYTON conceded that the FAA and federal arbitration law apply.

21   *See* BYTON's Opposition to Motion to Confirm, filed 11/12/21 (Docket No. 27) 7:11-8:3 & 8 n.1

22   (discussing BYTON's 90-day deadline to move to vacate under 9 U.S.C. § 12); 9:26-10:6 & nn.9-10

23   (citing only federal law, statutes, and cases).  Finally, the Court issued its Order Granting Motion to

24   Confirm Arbitration and its Judgment under the FAA.  *See, e.g.*, Docket No. 49, 2:17 ("the Court

25   finds as follows, pursuant to 9 U.S.C. § 9: … ").

26          Therefore, the determination that federal law governs confirmation of Judge Cahill's rulings

27   / / /

28   / / /

LEWIS +
LLEWELLYN LLP

1   is now law of the case. [4] "Under the law of the case doctrine, 'a court is generally precluded from

2   reconsidering an issue previously decided by the same court, or a higher court in the identical case.'"

3   *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005), *quoting United States v. Lummi Indian*

4   *Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

5   ### III.   ARGUMENT

6   **A.   THE COURT CAN AND SHOULD CONFIRM THE ARBITRATOR'S ORDER.**

7   **1.   Judge Cahill Correctly Interpreted the TDLA.**

8   BYTON NA suggests that the Court should vacate or modify the Order because it stems

9   from the Arbitrator's interpretation of the TDLA.  *See* Motion to Vacate, filed 2/6/22 (Docket No.

10   117) ("Mot. to Vac.") 7:14-22 (criticizing Arbitrator's decision to issue a "ruling that EDAG owns

11   100% of the work product/intellectual property developed by EDAG … pursuant to the TDLA").

12   Interpreting the contract is precisely what the parties authorized Judge Cahill to do.  "The

13   arbitrator will have full power and authority to determine issues of arbitrability **and to interpret or**

14   **construe the provisions** of the agreement documents and to fashion appropriate remedies (including

15   temporary, preliminary, interim, or permanent injunctive relief)."  TDLA, Docket No. 10-1, ¶ 14.4b

16   (emphasis added).

17   Determining that BYTON NA does not have the right to access EDAG's property only

18   required the Arbitrator to make one finding: that under the TDLA, payment is a ***condition precedent***

19   to delivery.  "Performance of a duty subject to a condition cannot become due unless the condition

20   occurs or its non-occurrence is excused."  *Impex Enterprises Ltd. v. Sony Pictures Worldwide*

21   *Acquisitions, Inc.*, No. CV2171044SJOSKX, 2018 WL 1413089, at *4 (C.D. Cal. Jan. 9, 2018),

22   *aff'd*, 777 F. App'x 236 (9th Cir. 2019), *quoting R.J. Kuhl Corp. v. Sullivan*, 13 Cal.App.4th 1589,

23   1601 (1993).  The condition, BYTON NA's payment, did ***not*** occur and its non-occurrence was not

24   excused (hence the Arbitrator's Final Award).  Therefore, EDAG did not transfer the rights to its

25

26   [4] California law still applies to the ongoing post-judgment collection proceedings.  Fed. R. Civ. P.
   69(a) ("The procedure on execution… must accord with the procedure of the state where the court is

27   located, but a federal statute governs to the extent it applies."); Cal. Code Civ. Proc. §§ 680.010,
   683.010 ("Except as otherwise provided by statute or in the judgment, a judgment is enforceable

28   under this title upon entry.").

LEWIS +
LLEWELLYN
LLP

1  valuable intellectual property—and has no duty to transfer said rights, ***until BYTON NA pays***

2  ***EDAG the $30 million it owes***.[5]

3        Moreover, BYTON NA makes no effort to dispute or countermand the extensive evidence

4  that the Arbitrator considered.  Before issuing his order confirming EDAG's ownership of the IP,

5  Judge Cahill reviewed more than 100 pages of sworn testimony and exhibits demonstrating that:

6  BYTON NA had attempted to access the IP on JAMA servers multiple times; BYTON NA's

7  Chinese parent company has constructed a prototype vehicle that uses EDAG's IP; and BYTON NA

8  has transferred numerous patents to its Chinese parent company without consideration.  (The same

9  corpus of evidence was presented to this Court alongside the Walczak Declaration in Support of

10  Motion for Relief from Postjudgment Stay, filed 11/4/21 (Docket No. 22).)

11        BYTON NA, the <u>only</u> party with full information about its own actions, does not even assert

12  that these circumstances have changed since the Arbitrator made his decision.[6]

13        **2.**       **Judge Cahill's Decision Meets the Federal Standard.**

14        Judge Cahill's decision that EDAG retains ownership of its intellectual property until it is

15  paid is entitled to the deference accorded to every arbitrator's decision under federal law.

16        The FAA "gives federal courts only limited authority to review arbitration decisions, because

17  broad judicial review would diminish the benefits of arbitration."  *SMC Promotions, Inc. v. SMC*

18  *Promotions*, No. 04-CV047107JFWVBKX, 2006 WL 6219155 (C.D. Cal. Jan. 19, 2006) (*"SMC*

19  *Promotions"*) at *1, *quoting Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012

20  (9th Cir. 2004), *and citing Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998

21  (9th Cir. 2003) (*en banc*).  "Confirmation is required even in the face of erroneous findings of fact or

22

---

23  [5] Even if BYTON NA somehow retained an interest in the intellectual property in question, it would

24  be required to relinquish it to satisfy the outstanding monetary judgment.  To this end, the Court has
   already issued a turnover order under California Code of Civil Procedure § 699.040, requiring

25  turnover of property "in the form of a general intangible" by means of the U.S. Marshal "taking it
   into custody[.]"  *See* Order on various motions, Docket No. 89, pp. 6-7.  But BYTON NA has

26  demonstrated that it will continue trying to access and use the IP unless and until that process is
   complete.

27  [6] Any effort to do so on Reply would be too late.  *See United States v. Romm*, 455 F.3d 990, 997

28  (9th Cir.2006) (arguments raised by a party for the first time in its reply brief are deemed waived).

LEWIS +
LLEWELLYN
LLP

1   misinterpretations of law." *SMC Promotions*, quoting *French v. Merrill Lynch*, 784 F.2d 902, 906

2   (9th Cir. 1986) (additional quotations and internal quotation marks omitted).

3          Because final resolution of disputes is an essential aim of the FAA, "[i]t is not even enough

4   that the [arbitrator] may have failed to understand or apply the law.  An arbitrator's decision must be

5   upheld unless it is completely irrational or it constitutes a manifest disregard for law."  *SMC*

6   *Promotions*, quoting *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003)

7   (additional citation omitted).  "[F]or the most part, the court defers to the arbitrator's determination

8   of the award.  Furthermore, '[a] claimant may not voluntarily submit his claim to arbitration, await

9   the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator's act.'"

10  *SMC Promotions*, *quoting Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964), *cert. denied*, 380

11  U.S. 988 (1965) (additional citation omitted).

12         BYTON NA does not cite the deferential standard, and makes no effort to overcome it.[7]

13  BYTON NA does not argue that Judge Cahill misunderstood or misapplied the law, or assert that

14  Judge Cahill's reading of the relevant TDLA provisions was "completely irrational."

15         Instead BYTON NA argues that the *functus officio* doctrine withdrew the Arbitrator's

16  authority to issue an order resolving entitlement to EDAG's intellectual property, and that the

17  November 8, 2021 Order is now moot.  BYTON NA is wrong on both counts.

18  **B.     BYTON NA'S ARGUMENTS FAIL.**

19         **1.     The *Functus Officio* Doctrine Does Not Apply.**

20         Rather than addressing the substance of the Order, BYTON NA asks the Court to find that

21  Judge Cahill lacked the authority to make any decisions after issuing the Final Award.  Mot. to Vac.

22  7:23-9:14.

23         Some of this argument appears to be based on the jurisdictional provisions of the California

24  Arbitration Act (CAA).  *See, e.g.,* Mot. to Vac. 8:12-9:2.  As discussed above, it is law of the case

25  that the FAA, not the CAA, applies.

26         For the remainder of its argument, BYTON NA relies on the common law doctrine of

27

28  [7] Again, any effort to do so on Reply would be too late.

LEWIS +
LLEWELLYN
LLP

1   *functus officio*.  *Id*. 7:23-8:11.  BYTON NA would have this Court hold that, under *functus officio*,

2   the Arbitrator's jurisdiction expired when he issued his Final Award.  *Ibid.*

3         This, too, fails because it is law of the case that the FAA applies.  Unlike California law,

4   ***federal*** law specifically provides for an arbitrator to retain jurisdiction after issuance of an award, to

5   issue preliminary relief just like the November 8, 2021 Order.  *See Ferguson v. Corinthian*

6   *Colleges, Inc.*, 733 F.3d 928, 937 (9th Cir. 2013) ("an arbitrator generally has the authority to enter

7   injunctive relief against a party that has entered into an arbitration agreement.").  In fact, federal

8   courts defer to the arbitral forum for injunctions, rather than attempting to resolve issues that may

9   affect the enforceability of an award.  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999);

10  *DHL Info. Servs. (Americas), Inc. v. Infinite Software Corp.*, 502 F. Supp. 2d 1082, 1083–84 (C.D.

11  Cal. 2007).  *See also Bank Leumi, USA v. Miramax Distribution Servs., LLC*, No. 2:18-CV-07574-

12  SVW-KS, 2018 WL 7568361, at *8 (C.D. Cal. Dec. 27, 2018) ("Courts accordingly decline requests

13  for injunctive relief when the arbitrator has jurisdiction over interim relief measures under a binding

14  arbitration agreement, even if the court has authority to issue such relief on its own.").

15        Several federal Courts of Appeal have questioned the overall viability of the *functus officio*

16  doctrine.  In *Glass, Molders, Pottery, Plastics, and Allied Workers Int'l Union v. Excelsior Foundry*

17  *Co.*, 56 F.3d 844, 846 (7th Cir. 1995), the Seventh Circuit noted that *functus officio* "[t]oday, [is]

18  riddled with exceptions ... [and] is hanging on by its fingernails[.]"  In *Eastern Seaboard*

19  *Construction Co., Inc. v. Gray Construction, Inc.*, 553 F.3d 1 (1st Cir. 2008), the First Circuit Court

20  of Appeals listed a host of cases in which federal courts had approved an arbitrator's decision

21  correcting, revising, or amending a previous award.  *Id*. at 4-5.

22        To the extent *functus officio* survives at all in the federal context, it only "forbids an

23  arbitrator to redetermine an issue which he has already decided." *Bosack v. Soward*, 586 F.3d 1096,

24  1103 (9th Cir. 2009), *quoting McClatchy Newspapers v. Central Valley Typographical Union No.*

25  *46*, 686 F.2d 731, 734 n. 1 (9th Cir.1982) (additional quotation omitted).  *See also id*. at 1103-1104

26  (*functus officio* did not apply, because arbitrator's fifth award did not address any issue determined

27  in a previous final award); *ABC Int'l Trades, Inc. v. Fun 4 All Corp.*, 79 F. App'x 346, 348 (9th Cir.

28  2003) (*functus officio* does not apply where, as here, arbitrator retains jurisdiction to resolve "any

LEWIS +
LLEWELLYN
LLP

1    disputes that may arise" under the parties' contract); *Int'l Bhd. of Teamsters, Chauffeurs,*

2    *Warehousemen & Helpers of Am., AFL-CIO, Loc. 631 v. Silver State Disposal Serv., Inc.*, 109 F.3d

3    1409, 1411 (9th Cir. 1997) ("*Teamsters & Chauffeurs*") (*functus officio* does not bar a new decision

4    where a previous arbitrator's award "fails to resolve an issue").

5            As BYTON NA acknowledges, the Final Award left ownership of EDAG's intellectual

6    property unresolved.  "The Final Arbitration Award made no findings regarding (or even mention

7    of) the ownership of any intellectual property developed by EDAG for Byton NA pursuant to the

8    TDLA."  Mot. to Vac. 2:11-13.  "EDAG's Motion for Preliminary Injunction was premised on a

9    new and unadjudicated claim[.]"  *Id*. 3:1-2.  *See also id*. 4:9-10 (describing the 11/8/21 Order as

10   rendering "an entirely new, different and highly significant finding"); *id*. 6:22 (same).  Therefore,

11   *functus officio* does not apply, and the Arbitrator was free to make a new finding, or issue an order

12   clarifying any ambiguity in the Final Award.  As the Ninth Circuit explained:

13   > The completion exception to the doctrine of *functus officio* applies when
     > an arbitration award fails to resolve an issue or "specify the remedy in
14   > definite terms."  *Courier–Citizen Co. v. Boston Electrotypers Union No.
     > 11*, 702 F.2d 273, 279 (1st Cir.1983).  The ambiguity exception, in
15   > contrast, applies when "the award, although seemingly complete, leaves
     > doubt whether the submission has been fully executed." *La Vale Plaza
16   > [, Inc. v. R.S. Noonan, Inc.*, (3d Cir.1967)], 378 F.2d [569] at 573.  Some
     > courts have commingled the completion and ambiguity exceptions.  In
17   > *Glass, Molders, Pottery, Plastics and Allied Workers Int'l Union v.
     > Excelsior Foundry Co.*, 56 F.3d 844 (7th Cir.1995), the Seventh Circuit
18   > reasoned as follows: "An award that fails to address a contingency that
     > has arisen after the award was made is incomplete; alternatively, it is
19   > unclear; either way, it is within an exception to the doctrine." *Id.* at 847.
20
21   *Teamsters & Chauffeurs*, 109 F.3d at 1411.

22           **2.  The Court Can and Should Make Injunctive Relief Permanent.**

23           The remainder of BYTON NA's argument consists of a single paragraph noting that a final

24   judgment moots a preliminary injunction entered to preserve the *status quo*.  Mot. to Vac. 9:15-22.

25   That is true as far as it goes, but it does not go very far.

26           It is more accurate to say that a preliminary injunction does not survive the entry of final

27   judgment **unless** the Court converts it into a permanent injunction.  There is no doubt the Court has

28   the authority to do so.  *See, e.g., Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 692-693 (N.D. Cal. 2020)

13

LEWIS +
LLEWELLYN
LLP

1  (Hamilton, C.J.), *appeal dismissed* (Dec. 11, 2020).

2       Because BYTON NA has identified no flaw in the Order necessitating or justifying

3  modification, and because the circumstances that led the Arbitrator to grant injunctive relief still

4  exist, the Court ***should*** memorialize EDAG's sole ownership of the intellectual property, and

5  continue barring BYTON NA from attempting to access, use, or delete that property until BYTON

6  NA pays EDAG the over $30 million it is owed.  Confirming the November 8, 2021 Order would

7  accomplish both goals.

8  **C.    IF THE ARBITRATOR'S ORDER IS NOT CONFIRMED, BYTON NA WILL
        ACCESS EDAG'S INTELLECTUAL PROPERTY WITHOUT PAYING.**

9

10       There should be no illusions about BYTON NA's aim here.  By arguing that the judgment in

11  EDAG's favor has already mooted the November 8, 2021 Order, BYTON NA is signaling its

12  willingness to continue trying to improperly access, use, and move overseas the intellectual property

13  in question, ***even without an order granting its Motion to Vacate***.  BYTON NA seeks to erode the

14  authority of the November 8, 2021 Order, because that Order is the one thing standing between

15  BYTON NA and the data stored on JAMA's servers.

16       Courts grant permanent injunctions where a party shows irreparable harm absent the

17  injunction and insufficiency of legal/monetary remedies, and demonstrates that relief is warranted

18  given the balance of hardships and the public interest.  *Monsanto Co. v. Geertson Seed Farms*, 561

19  U.S. 139, 156–57 (2010); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

20       In his November 8, 2021 decision, the Arbitrator found that: EDAG would suffer irreparable

21  harm absent injunctive relief; the unauthorized access and transfer of EDAG's property constitutes a

22  form of trespass, for which there is no adequate monetary compensation; the balance of equities

23  strongly favors EDAG; and injunctive relief poses no realistic likelihood of harm to BYTON NA.

24  *See* 11/8/21 Order at 3-6.  It follows from these findings, none of which BYTON NA challenges

25  here, that injunctive relief to protect EDAG's property has not harmed, and will not harm, the public

26  interest.

27       BYTON NA's own representations provide the only remaining piece necessary to support a

28  permanent injunction.  The potential for irreparable harm has ripened into reality, as BYTON NA

14

LEWIS +
LLEWELLYN LLP

1  has continually attempted to subvert the injunction and obtain the intellectual property held on

2  JAMA servers—*i.e.*, the property BYTON NA is enjoined from accessing or using.  BYTON NA

3  has never denied that it has made such attempts, despite numerous opportunities to do so.  The only

4  way to prevent BYTON NA's schemes from succeeding is to confirm the November 8, 2021 Order,

5  making its provisions permanently enforceable.

6  <center>**IV.    CONCLUSION**</center>

7  For the foregoing reasons, BYTON NA's motion should be denied and the Court should

8  confirm the Arbitrator's November 8, 2022 Order.  A [Proposed] Order to that effect is submitted

9  herewith.

10  Dated:  March 1, 2022                                    Respectfully submitted,

11                                                                          LEWIS & LLEWELLYN LLP

13                                                                          By:   */s/ Evangeline A.Z. Burbidge*

14                                                                          Evangeline A.Z. Burbidge
                                                                             Marc R. Lewis
15                                                                          Kenneth M. Walczak

16                                                                          Attorneys for Petitioner EDAG
17                                                                          ENGINEERING GMBH