**David J. Cook (SBN 60859)**
**COOK COLLECTION ATTORNEYS, PLC**
ATTORNEYS AT LAW
165 Fell Street
San Francisco, CA 94102
Telephone: (415) 989-4730
Facsimile: (415) 989-0491
Cook@CookCollectionAttorneys.com

**LEWIS & LLEWELLYN LLP**
Evangeline A.Z. Burbidge (Bar No. 266966)
eburbidge@lewisllewellyn.com
**Marc R. Lewis (**Bar No. 233306)
mlewis@lewisllewellyn.com
**Kenneth M. Walczak** (Bar No. 247389)
kwalczak@lewisllewellyn.com
**Bradley E. Estes** (Bar No. 298766)
bestes@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:   (415) 390-2127

Attorneys for Petitioner EDAG Engineering GmbH,
a corporation organized and existing under the laws
of the Republic of Germany

**VAN ETTEN SIPPRELLE LLP**
KEITH A. SIPPRELLE (SBN 143358)
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG Engineering GmbH,<br><br>    Petitioner,<br><br>    v. | Case No. 3:21-cv-04736-EMC<br><br>**JOINT STATEMENT OF MEET AND CONFER** |

| | |
|---|---|
| BYTON North America Corporation,<br><br>              Respondent. | Date: March 8, 2022<br>Time: TBA<br>Judge: Hon. Thomas S. Hixson<br><br>Petition Filed: June 23, 2021 |

      1.      EDAG ENIGINEERING GmbH (EDAG) and BYTON NORTH AMERICA CORPORATION (BNA) attest that they have met and conferred in good faith to resolve their disputes.

      2.      Attached to this cover sheet are the parties' positions, factual background requested, relief, and citations.

Dated: March 8, 2022                    COOK COLLECTION ATTORNEYS, PLC

                                        By: *David J. Cook*
                                            David J. Cook
                                            Attorneys for Petitioner EDAG Engineering GmbH

Dated: March 8, 2022                      VAN ETTEN SIPPRELLE LLP

                                        By: *Keith A. Sipprelle*
                                            Keith A. Sipprelle
                                            Attorneys for Respondent
                                            BYTON NORTH AMERICA CORPORATION

**EDAG ENGINEERING GMBH'S ("EDAG") POSITION**

**EDAG 2nd Discovery Letter Brief:** The parties engaged in the 2nd Meet and Confer meeting on March 4, 2022, SDT # 1-3, 5 to 12, 14, and 16 to 18 per the Discovery Order (Doc. # 127) ("2nd SDT"), but Court ordered production of #4 & #15 but denied #13. On March 4, 2022, the parties exchanged a 15 page email that identified the 2nd SDT with critiques. BNA provides no reason for (1) destruction of the records other than to hide damaging evidence or assets or allegedly shipping business records of a US company to China which is now a "mess." (Doc. # 116-3, p. 19, LL. 3-6.).

"But-It--apparently the way these things were downloaded was not in any kind of organized, systemated way. So it's; kind of a mess to figure out what is there." (Doc. # 116-3, p. 19, LL. 3-6.)

"I assume so, but I don't know that for certain. My understanding is whatever there is of BYTON North America is on a server in -- in China. That's my understanding." (Doc, #132 P. 15, l4-17)

"Mr. Cook: So I'm looking for this in the --China; correct? Mr. Sipprelle: Counsel, do I -- do I need to keep telling you what my understanding is of where the documents have been backed up to? We've gone through this repeatedly, and my understanding --Mr. Cook: China - Mr. Sipprelle: -- is -- my understanding is, to the extent there are BYTON North America documents available, they would be on the server in China, which is -- is not well-organized." (Doc, #132 P. 17, lines 6 to 16)

"Mr. Sipprelle: -- let me make this clear for the last time. My understanding -- I am not a BYTON North America employee. I'm not an employee of any BYTON affiliated company. But my understanding is, to the extent there are BYTON North America documents, they were backed up to server located in China, which is not a -- the -- the documents are not well-organized. They not categorized, and it's very difficult to find it. That is my understanding. So -- Mr. Cook: Okay."( Doc, #132, P. 19 13-24)

". . . . .Service Provider[BNA] shall maintain at its principal place of business full, complete and accurate books of account and records of its activities under this Agreement in accordance with U.S. GAAP."(Doc. #85-2, Agreement, Par. # 4.5). BNA admits a "mess" (Doc. # 116-3, p. 19, LL. 3-6.) and not "GAAP." [*Ibid*]

**EDAG seeks production of the following items on the SDT** (Doc. #116-2, p. 5-8)- Abbreviated.

    3.    Any and all emails, letters, writings, notes, note taking, text message, chronicles, internal notes or narratives, or . . . . . . . account commencing on January l, 2018 to date hereof.
    **EDAG position**: BNA came into over $467,840,896.00 ("Funds") (per charts) without records; BNA came into $10mil without records; the Funds circulated Byton entities without records; Zhang Ying claims "my review of corporate documents and records;" but not the record here of #4; that the Byton Entities are without any BNA records. BNA is defunct, and records somewhere in the cloud in China which are a mess." [Doc. # 116-3, p. 16, lines 3-6]. Item #3 could be somewhat helpful in producing information in dealing with records.

5. Any and all requests to borrow money from the WITNESS by BNA which consists of financial statements which BNA sought to complete in part or in whole, loan, . . . . . . benefit of BNA, and all records of the witness which would follow the loan was made, and collection, if any, from BNA or forgiveness of the loan otherwise due BNA.

**EDAG Position.** First, Witnesses are the three banks. The records reposed with the banks would reveal assets, connections with other Byton Entities, balance sheets, profit and loss records. All records are core enforcement to locate assets for enforcement.

8. Any and all payroll records for all employees of BNA including, all clerical and accounting personal, all expert employees, technical individuals, management . . . . . . . commencing on January 1, 2018 to date hereof.

**EDAG Position:** BNA came into $10mil PPP which disappeared one year later. The payroll would reflect whether the $10mil was used to pay for payroll, remitted to other Byton Entities and therefore a fraudulent conveyance, and supports the Section 187 pending motion. Also BNA [and related entities] came into $467,840,896.00 but without payroll records and likely money laundering.

9. All PG&E, water bills, garbage or refuse bills, cable bills, bills from internet or link up, rent and lease bills, parking bills,…commencing on January 1, 2018 to date hereof.

**EDAG Position:** These records reflect the number of employees at Santa Clara location. Utility bills reflect "live" employees and business activity. Utility bills reflect whether BNA has employees for the Santa Clara locale. If not the $10mil PPP funds were squirreled away, hidden, secreted, fraudulent conveyance, in the hands of other Byton Entities and part of Sec. 187 case.

10. All bills, and payment, or non-payment, for the purchase of goods, wares, merchandise, rendition of any services of any type...payment of the bills owed to the vendor from BNA commencing on January 1, 2018 to date hereof.

**EDAG Position:** These records would reflect (a) employees working on premise, (b) manufacturing activity, (c) shipment activity, (d) necessity of accounting for commercial activity, sales, collection, payment of bills, (e) balance sheets, profit of loss, journal and ledger and (f) AR due BNA. These record(s) reflect assets, customers, banking, and business activity.

11. All lawsuits, arbitration claims, demands, dunning letters, emails, text message and any and all of demand for payment of money or return of goods owed by BNA to any and all vendors of any type commencing on January 1, 2018 to date hereof.

**EDAG Position:** Other debt collection cases reflect the financial condition and records in the hands of third parties. Third parties demand and receive financial records, corporate disclosures by BNA and related parties, and names of corporate officer, managers, directors, and associated entities. Others might succeed in alter ego cases, locate records and take depositions. Did anyone else obtain BNA's records and why not?

12. The [PPP] file, application, granting, all supporting papers, financial statements, ledgers, journal, emails, text messages, checks, copies of checks, wire transfer, forgive agreements, . . for the forgiveness, all records which evidence the deposit of the $10,000,000 ".

**EDAG position:** BNA came into $10mil PPP. In seeking the PPP loan, BNA might have provided financial records that might reflect assets subject to enforcement, identify other banks, related parties, and identify corporate officer, managers, directors and associated entities, the depositor[ies] for the $10mil, and locale of the $10mil for enforcement.

14. All shipping records, bills of lading, accounting records, journals, ledgers, financial statements, audited or unaudited recorder of BNA, bills of lading, shipping records,.... ...commencing on January 1, 2018 to date hereof.
**EDAG Position**: BNA (and related entities) came into $467,840,896.00. If BNA is in business, BNA would readily have " . . . shipping records, bills of lading, accounting records, journals, ledgers, financial statements, audited or unaudited  recorder of BNA, bills of lading, shipping records ..." which reveal assets, banks accounts, Byton Entities, located of products, deposits, funds on hold etc.  property held by third parties and subject to enforcement and indentify assets. Business records offer assets for enforcement.

16. Any and all notice of liens, seizures, garnishments, enforcement, service of any subpoenas, levies  . . . . commencing on January 1, 2018 to date hereof for the accounts of BNA.
**EDAG Position:**  Other debt collection cases reflect the financial condition and records in the hands of third parties. Same as #11 above.

17. Any and all communications, text message, emails, electronic communications of any kind, letters, contracts,  ....on hand BNA and on the other side BYTON LIMITED . . . . "
**EDAG Position:**  Byton Limited is the corporate parent, and subject to Motion (Section. 187). Some of the Funds hit Byton Limited accounts from BNA, and are subject to enforcement.

18. Any and all communications, . . . . .  by and between BNA and any of the witnesses in the sale, transfer, assignment, shipment, shipment offshore, re-title, transfer by and between on hand BNA . . any expenditure of the $10,000,000 of the SBA PPP Loan."
**EDAG Position:**  BNA came into $10mil PPP and disappeared one year later. BNA's records would reveal who received the $10mil, why, for what locale. If the recipient is a Byton entity, EDAG could levy, filed UVTA action, or offer into Section 187 Action.

## BYTON NORTH AMERICA'S POSITION

Counsel for EDAG and Byton North America ("BNA') meet and conferred by email and Zoom regarding the remaining items in dispute with respect to EDAG's subpoena to BNA. Unfortunately, counsel were unable to resolve their differences.  BNA's positions with respect to the items in dispute (Nos. 3, 5, 8, 9, 10, 11, 12, 14, 16, 17 and 18) are set forth below (and in more detail in ECF No. 132-1):

*3. Any and all emails, letters, writings, notes, note taking, text message, chronicles, internal notes or narratives, or any other, including, but not limited to, communications which are electronic of any type related to, with BNA as a party therein or any other party, party, or refer to BNA, account commencing on January l, 2018 to date hereof.*
**BNA Response and Proposal**: This request is largely unintelligible.  However, it appears that the scope of whatever it is that EDAG is seeking is grossly overbroad. EDAG's

3

counsel failed to clarify or narrow the scope of what is being sought by this request during the meet and confer process.

*5. Any and all requests to borrow money from the WITNESS by BNA . . ..*
**BNA Response and Proposal**: This request is vague, uncertain and overbroad. Additionally, the request is unlimited in time. In the spirit of compromise, BNA proposed that this request be resolved by a search being undertaken for documents relating to loans to BNA or loan applications made by BNA from January 1, 2019 to the present. (Documents prior to January 1, 2019 are not relevant, as BNA was current on its payments to EDAG as of the end of 2018.) EDAG rejected this proposal.

*8. Any and all payroll records for all employees of BNA including, all clerical and accounting personal, all expert employees, technical individuals, management of everyone, no matter what, all officer, directors, shareholder and anyone else action as a employee for BNA, and specifically includes individual, perform these services as independent contractor, contract individuals for any legal, accounting, professional, or specialized individual of BNA commencing on January 1, 2018 to date hereof.*
*__BNA Response and Proposal__*: This request is vague, uncertain and in large part unintelligible. Moreover, BNA's payroll records and records of payments to outside vendors commencing on January 1, 2018 are not relevant to BNA's current financial condition and EDAG's efforts to collect on its judgment. Additionally, employee payroll information is protected by California's constitutional right of privacy (Article I, Section I of the California Constitution.) *See Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 528-30; *El Dorado Savings & Loan Ass'n v. Superior Court* (1987) 190 Cal.App.3d 342, 345. Moreover, at one time, BNA had hundreds of employees and outside vendors. Thus, this request is grossly overbroad, harassing and unduly burdensome, in addition to being of largely unintelligible and seeking private documents that are of minimal relevance.

*9. All PG&E, water bills, garbage or refuse bills, cable bills, bills from internet or link up, rent and lease bills, parking bills, air conditioning bills, and all other bills that are required to manage any real estate or offices of BNA commencing on January 1, 2018 to date hereof.*
**BNA Response and Proposal:** There is no relevance of these documents to BNA's current financial condition and EDAG's efforts to collect on its judgment.

*10. All bills, and payment, or non-payment, for the purchase of goods, wares, merchandise, rendition of any services of any type, no matter the purpose, . . ..*
**BNA Response and Proposal**: There is no relevance of these documents to BNA's current financial condition and EDAG's efforts to collect on its judgment. Moreover, this request is overbroad, harassing, unduly burdensome, oppressive.

*11. All lawsuits, arbitration claims, demands, dunning letters, emails, text message and any and all of demand for payment of money or return of goods owed by BNA to any and all vendors of any type commencing on January 1, 2018 to date hereof.*
**BNA's Response and Proposal:** This request is improper and objectionable for the same reasons as Request No. 10.

4

*12. The file, application, granting, all supporting papers, financial statements, ledgers, journal, emails, text messages, checks, copies of checks, wire transfer, forgive agreements, approvals, lists of employees, employment records, projections, all records for the forgiveness, all records which evidence the deposit of the $10,000,000 (Collectively "PPP") . . ...*

**BNA Response and Proposal:** This request is vague, uncertain, overbroad. In the spirit of compromise, BNA proposed during the meet and confer process that this request be resolved by a search being undertaken for documents relating to the application for, approval of, disbursement of, and forgiveness of, the PPP loan. EDAG rejected this proposal.

*14.     All shipping records, bills of lading, accounting records, journals, ledgers, financial statements, audited or unaudited recorder of BNA, bills of lading, shipping records, picking tick, packing slips for the transfer, movement, changes, air, road or ocean of any goods of any type, owned by, owed to, belong to, or an asset of BNA ("BNA Goods") . . . commencing on January 1, 2018 to date hereof.*

**BNA Response and Proposal**: This request is vague, uncertain and overbroad. In the spirit of compromise, BNA proposed during the meet and confer process that this request be resolved by a search being undertaken for documents evidencing the sale of Byton NA physical property on or after January 1, 2019. EDAG rejected this proposal.

*16.     Any and all notice of liens, seizures, garnishments, enforcement, . . . commencing on January 1, 2018 to date hereof for the accounts of BNA.*

**BNA Response and Proposal**: This request is vague, uncertain and unintelligible. As best as BNA can determine, this request seeks documents evidencing liens, seizures, garnishments or levies on BNA property by other BNA creditors. There is no relevance to such documents, and EDAG failed to explain the relevance of these documents during the meet and confer process.

*17.     Any and all communications . . . in the sale, transfer, assignment, shipment, shipment offshore, re-title, transfer by and between on hand BNA and on the other side BYTON LIMITED, or either one of them, either way, the transfer, access, open access, transfer, shipment out of the United States of any intellectual property of BNA and in which the recipient is Byton Limited or any division, subdivision, subsidiary or any related entity thereof . . ...*

**BNA Response and Proposal:** This request is vague, uncertain and calls for speculation on the part of BNA. As best as BNA can understand it, BNA seeking documents evidencing transfers of BNA intellectual property to another Byton entity. The Court has already ruled that such documents are not relevant. (See ECF Nos. 89 and 127.)

*18.     Any and all communications . . . by and between on hand BNA in the use, disposition, transfer, wire transfer, use, consumer, or any expenditure of the $10,000,000 of the SBA PPP Loan.*

**BNA Response and Proposal**: This request is vague, uncertain, overbroad and largely unintelligible. This request appears to be seeking documents relating to the PPP loan, but it is unclear what documents are being sought of whether the documents being sought are relevant. In the spirit of compromise, BNA proposed during the meet and confer process that this request be resolved by a search being undertaken for documents relating to the application for, approval of, disbursement of, and forgiveness of, the PPP loan. EDAG rejected this proposal.