1  **VAN ETTEN SIPPRELLE LLP**
   KEITH A. SIPPRELLE (SBN 143358)
2  2945 Townsgate Road, Suite 200
   Westlake Village, California 91361
3  Telephone: (805) 719-4900
4  Facsimile: (805) 719-4950
   ksipprelle@vstriallaw.com
5
6  Attorneys for Respondent
   BYTON NORTH AMERICA CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 | EDAG ENGINEERING GMBH,            | Case No. 3:21-cv-04736-EMC
13 |                                   |
   |         Petitioner,               | [Honorable Edward M. Chen]
14 |                                   |
15 |   vs.                             |
   |                                   | **RESPONDENT BYTON NORTH
16 | BYTON NORTH AMERICA               | AMERICA CORPORATION'S REPLY IN
   | CORPORATION,                      | SUPPORT OF ITS MOTION TO VACATE
17 |                                   | THE ARBITRATOR'S NOVEMBER 8,
   |         Respondent.               | 2021 PRELIMINARY INJUNCTION
18 |                                   | ORDER [DOCKET ENTRY 25]**
19
20                                       Date: June 30, 2022
                                         Time: 1:30 p.m.
21                                       Courtroom: 5

22

23

24

25

26

27

28

Respondent Byton North America Corporation ("Byton NA") hereby respectfully submits its Reply to the Opposition of Petitioner EDAG Engineering GmbH ("EDAG") to Byton NA's Motion to Vacate the Arbitrator's November 8, 2021 Preliminary Injunction Order (Docket Entry ("DE") 25).  This Reply shall also serve, in part, as Byton NA's Opposition to EDAG's Motion to Confirm the Preliminary Injunction Order (DE 130).[1]

## I.   THE ARBITRATOR EXCEEDED HIS POWERS IN ISSUING THE PRELIMINARY INJUNCTION ORDER.

The Court should vacate the Arbitrator's November 8, 2021 Preliminary Injunction Order pursuant to 9 USC § 10(a)(4)) because the Arbitrator exceeded his powers in issuing the Order.

The parties are now in agreement that the Arbitrator's November 8, 2021 Preliminary Injunction Order addressed and resolved a significant substantive contract issue that was not framed by the arbitration pleadings, was not a subject of the nine-day Arbitration hearing in February 2021, and is not referenced in the Arbitrator's Final Award of June 2, 2021.  (See EDAG's Opposition at 13:5-6: "As BYTON NA acknowledges, the Final Award left ownership of EDAG's intellectual property unresolved.")  This significant new post-award substantive finding (that EDAG owns 100% of the work product/intellectual property developed by EDAG for Byton NA pursuant to the TDLA,[2] and for which Byton NA paid EDAG approximately €27 million of the €50 contract price), essentially constituted a new arbitration award which this Court previously determined would need to be separately confirmed.[3]

---

[1] Concurrent with the filing of its Opposition to Byton NA's Motion, EDAG filed a motion to confirm the Preliminary Injunction Order on the same grounds as set forth in EDAG's Opposition to Byton NA's Motion to vacate the Order (see DE 130).  Byton NA opposes EDAG's motion on the grounds set forth in Byton NA's Motion and this Reply.

[2] The "TDLA" is the Technology Development and License Agreement between Byton NA and EDAG which was the subject matter of the underlying arbitration. See DE 117-2, pages 10-25 of 31.

[3] See this Court's Order of January 13, 2022 (DE 89), at page 2 of 7:

"On November 8, 2021, the arbitrator granted a preliminary injunction enjoining BNA from transferring its assets and accessing or transferring any intellectual property EDAG created

Under the *functus officio* doctrine, which is recognized by both federal and California law, the issuance of a final arbitration award discharges the arbitrator's duties and terminates the arbitrator's authority to further act with respect to the subject matter of the arbitration. *International Bhd. of Teamsters, Local 631 v. Silver State Disposal Serv.* (9th Cir., 1997) 109 F.3d 1409, 1411; *Heimlich v. Shivji* (2019) 7 Cal. 5th 350, 362-364, fn. 5; *Moshonov v. Walsh* (2000) 22 Cal. 4th 771, 780, fn. 1.

EDAG seeks to avoid application of the *functus officio* doctrine by asserting that because the issue of ownership of the intellectual property under the terms of the TDLA was never a subject of the arbitration proceeding up through and including the issuance of the Final Award, the Arbitrator was free to issue a post-award ruling regarding this previously-unlitigated substantive issue. (See EDAG's Opposition at 13:10-11: "Therefore, *functus officio* does not apply, and the Arbitrator was free to make a new finding, . . ..").  However, EDAG's admission that ownership of the intellectual property under the terms of the TDLA was never a subject of the arbitration up through the issuance of the Arbitrator's Final Award mandates that the Court vacate the Arbitrator's preliminary injunction ruling pursuant to 9 USC § 10(a)(4)).

Under Section 14.4.b of the TDLA, the parties' arbitration was to be "conducted in accordance with the then-current Comprehensive Arbitration Rules & Procedures of the Judicial Arbitration and Mediation Services ("JAMS")."   (See DE 117-2, page 21 of 31.)

Rules 9 and 10 of the JAMS Comprehensive Arbitration Rules & Procedures ("JAMS Rules") provide in relevant part as follows:

---

during the contract. Docket No. 35. The arbitrator found that the contract requires BNA to pay EDAG for its services and that BNA's failure to pay EDAG resulted in BNA's "access to intellectual property it does not own." Id. at 3–4. On December 13, 2021, this Court granted EDAG's motion to confirm the final arbitration award *but rejected EDAG's attempts to incorporate the preliminary injunction findings into the confirmation order*. Docket No. 49. *The Court determined the injunction order had to be confirmed as a separate order*. (Emphasis supplied.)

3

BYTON NORTH AMERICA CORPORATION'S MOTION TO VACATE OR MODIFY
ARBITRATOR'S ORDER DATED NOVEMBER 7, 2021
Case No. 3:21-cv-04736-EMC

**Rule 9. Notice of Claims**

(a) *Each Party shall afford all other Parties reasonable and timely notice of its claims, affirmative defenses or counterclaims*. Any such notice shall include a short statement of its factual basis. *No claim, remedy, counterclaim or affirmative defense will be considered by the Arbitrator in the absence of such prior notice to the other Parties,* unless the Arbitrator determines that no Party has been unfairly prejudiced by such lack of formal notice or all Parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

**Rule 10. Changes of Claims**

After the filing of a claim *and before the Arbitrator is appointed*, any Party may make a new or different claim against a Party or any third party that is subject to Arbitration in the proceeding. *Such claim shall be made in writing, filed with JAMS and served on the other Parties.* Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. *After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval.*

(Emphasis supplied.)[4]

Because the issue of ownership of the intellectual property under the terms of the TDLA was an issue/claim that was not framed by the arbitration pleadings, was not a subject of the nine-day Arbitration hearing in February 2021, and is not referenced in the Arbitrator's Final Award of June 2, 2021, the Arbitrator was barred by Rules 9 and 10 of the JAMS Rules from considering or making rulings on this new issue/claim after the issuance of the Final Award.

Plainly, then, even if the *functus officio* doctrine does not apply here, the Arbitrator lacked the authority to issue a ruling regarding the ownership of the intellectual property in violation of the JAMS Rules – the rules which the parties had explicitly agreed in the TDLA governed the

---

[4] The JAMS Rules can be found at https://www.jamsadr.com/rules-comprehensive-arbitration/.

4

BYTON NORTH AMERICA CORPORATION'S MOTION TO VACATE OR MODIFY
ARBITRATOR'S ORDER DATED NOVEMBER 7, 2021
Case No. 3:21-cv-04736-EMC

arbitration. As the United States Supreme Court stated in *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.* (2010) 559 U.S. 662, 671-672, " . . .when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable . . . In that situation, an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator "exceeded [his] powers," for the task of an arbitrator is to interpret and enforce a contract, not to make public policy." This is so because the FAA requires courts to enforce privately negotiated arbitration agreements, as they would other forms of contract, in accordance with their terms. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.* (1989) 489 U.S. 468, 478 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967) *388* U.S. 395, 406).

Here, in making a post-award ruling regarding ownership of the intellectual property under the terms of the TDLA, the Arbitrator utterly disregarded the JAMS Rules (and by extension the TDLA, in which the parties had agreed that the JAMS Rules would govern their arbitration). The Arbitrator's November 8, 2021 Preliminary Injunction Order should and must be set aside pursuant to 9 USC § 10(a)(4)).

**II.    THE DOCTRINE OF *RES JUDICATA* BARS CONFIRMATION OF THE PRELIMINARY INJUNCTION ORDER.**

The Arbitrator's Preliminary injunction order also should be vacated by this Court because it is barred by the doctrine of *res judicata*.

Under both California and federal law, the doctrine of *res judicata* bars new claims following entry of judgment when those new claims arise out of the same nucleus of operative facts as the claims covered by the judgment. *See, e.g.*, *Allen v. McCurry* (1980) 449 U.S. 90, 94 ("Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Wulfjen v. Dolton* (1944) 24 Cal. 2d 891, 894-895.

Here, the final arbitration award was issued on June 2, 2021. The award was confirmed by this Court and reduced to a judgment on December 13, 2021. [DE 49.] The time for Byton NA to

appeal the judgment has passed, and the judgment is now final. The judgment makes no finding regarding the ownership of intellectual property under the terms of the TDLA.

There can be no serious dispute that the claim of ownership of the intellectual property under the terms of the TLDA is a claim arising out of and based on the terms of the TDLA. It is a claim that arises out of the same nucleus of operative facts as the claims covered by the Final Arbitration Award and this Court's December 13, 2021 judgment. The issue of ownership of the intellectual property was an issue that could have and should have been raised and pursued by EDAG in the underlying arbitration prior to entry of the final arbitration award. EDAG failed to do so. Instead, EDAG chose to "split" its claims pertaining to the TDLA by failing to pursue a claim of ownership of the intellectual property until after the Arbitrator had issued the Final Arbitration Award.

By now seeking to have this Court confirm the Arbitrator's November 8, 2021 preliminary injunction order (which has at its core a finding that EDAG owns the intellectual property pursuant to the terms of the TDLA), EDAG would have this Court give its imprimatur to a finding that is barred by the rule against claim-splitting and the doctrine of *res judicata*. The Court should decline to do so.

### III. THE PRELIMINARY INJUNCTION ORDER IS MOOT.

Finally, the Court should vacate the Arbitrator's preliminary injunction order on the additional basis that it is moot.

The purpose of a preliminary injunction is to preserve the *status quo* pending a final adjudication on the merits. *See, e.g., Cloud Peak Energy Inc. v. United States DOI* (Dist. Wyoming, 2019) 415 F. Supp. 3d 1034, 1044. If a final adjudication on the merits has been rendered, a preliminary injunction is moot. *Xtra Petroleum Transp., Inc. v. Brad Hall & Assocs.* (In Bankr. D.N.M. 2012) 473 B.R. 430, 435.

This Court entered judgment on the Final Arbitration Award on December 13, 2021, and the time for Byton NA to appeal that judgment has expired. Because there has been a final adjudication on the merits, there is no longer a need for a preliminary injunction. In short, the

1   Arbitrator's November 8, 2021 preliminary injunction order is moot.

2       Tacitly acknowledging the mootness of the Arbitrator's preliminary injunction order, EDAG

3   instead seeks to have this Court *sua sponte* enter a *permanent* injunction even though: (a) this

4   Court has never entered a preliminary injunction and (b) the only issue properly before the Court

5   at this time is whether the Court should confirm the Arbitrator's moot preliminary injunction.[5]

6   The Court should decline EDAG's invitation to *sua sponte* enter a permanent injunction when the

7   request for such an order is not properly before the Court and the issue has not been properly

8   briefed.[6]

9   //

10  //

11  //

12  //

---

[5] EDAG cites to *Scholl v. Mnuchin* (N.D. Cal. 2020) 494 F. Supp. 3d 661, 692-693 for the proposition that a District Court has the authority to convert a preliminary injunction into a permanent injunction. However, *Scholl* involved a preliminary injunction *entered by the court* as to which a *proper motion* had been made to convert the preliminary injunction to a permanent injunction. Here, however, this Court has never entered a preliminary injunction. All that is before the Court at this time is the issue of whether to vacate or confirm the Arbitrator's preliminary injunction order of November 8, 2021.

[6] EDAG claims without reference to any admissible evidence that it needs a permanent injunction because without such an injunction, Byton NA purportedly will "continue trying to improperly access, use, and move overseas the intellectual property in question." (Opposition at 14:12-13.) The absurdity of this contention is revealed elsewhere in EDAG's own papers, in which EDAG notes that the intellectual property in question has been turned over to the United States Marshal pursuant to this Court's turnover order (DE 98). (See EDAG's Opposition at page 10, footnote 5.)

    EDAG also makes wild (and patently false) claims that "In the course of attempting to collect BYTON's debt, EDAG's collection counsel, David Cook, has uncovered numerous financial improprieties associated with BYTON and its Chinese parent company, including the acceptance of a $10 million PPP loans [sic] from the U.S. government and the shifting of hundreds of millions of dollars offshore instead of paying debts owed in the United States." The reality is that Mr. Cook has uncovered *zero* evidence of financial improprieties regarding these matters, as was made clear at the Byton NA debtor's examination that took place on March 11, 2021. (See DE 136.) These types of false accusations unsupported by any admissible evidence make clear why it would be inappropriate for the Court to issue the permanent injunction requested by EDAG *sua sponte*.

7

BYTON NORTH AMERICA CORPORATION'S MOTION TO VACATE OR MODIFY
ARBITRATOR'S ORDER DATED NOVEMBER 7, 2021
Case No. 3:21-cv-04736-EMC

## IV. CONCLUSION.

For all of the foregoing reasons, Byton NA respectfully requests that its Motion be granted, and that the Court vacate the Arbitrator's November 8, 2021 Preliminary Injunction Order (DE 25).

Respectfully Submitted,

Dated:  March 15, 2022

VAN ETTEN SIPPRELLE LLP

By: *Keith A. Sipprelle*
Keith A. Sipprelle
Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION