**VAN ETTEN SIPPRELLE LLP**
KEITH A. SIPPRELLE (SBN 143358)
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

Attorneys for Respondent
BYTON NORTH AMERICA CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EDAG ENGINEERING GMBH, | Case No. 3:21-cv-04736-EMC (TSH) |
| Petitioner, | [Hon. Thomas S. Hixson] |
| vs. | **RESPONDENT BYTON NORTH AMERICA CORPORATION'S *EX PARTE* APPLICATION FOR ENTRY OF A PROTECIVE ORDER; SUPPORTING DECLARATION OF KEITH A. SIPPRELLE** |
| BYTON NORTH AMERICA CORPORATION, | |
| Respondent. | |
| | Date: TBD |
| | Time: TBD |

1   TO PETITIONER EDAG ENGINEERING GMBH, AND TO ITS ATTORNEYS OF

2   RECORD:

3   PLEASE TAKE NOTICE that Respondent BYTON NORTH AMERICA CORPORATION

4   ("Byton NA") hereby respectfully moves this Court *ex parte* for entry of a protective order with

5   respect to the confidential, proprietary and trade-sensitive documents that Byton NA plans to

6   produce to Petitioner EDAG ENGINEERING GMBH ("EDAG").

7   This relief is sought on an *ex parte* basis because: (a) EDAG, through its debt collection

8   counsel David Cook, has unreasonably refused to stipulate to the entry of a reasonable protective

9   order despite EDAG having done so in the underlying arbitration proceeding; and (2) Byton NA's

10   deadline to begin producing documents to EDAG (in compliance with the Court's Discovery

11   Order of February 22, 2022, Docket Entry 127) is March 24, 2022.  Thus, there is insufficient time

12   for the relief requested by Byton NA to be sought by way of a regularly noticed motion.

13   Because this *ex parte* application relates to a discovery issue, Byton NA respectfully submits

14   the application for resolution to United States Magistrate Judge Thomas S. Hixson, to whom all

15   discovery issues have been assigned.  (Docket Entry 112.)

16   This *ex parte* application is based on this notice of application and application, the attached

17   Memorandum of Points and Authorities, the concurrently submitted Declaration of Keith A.

18   Sipprelle, and upon such other and further matters as the Court may consider in connection with

19   this application.

20                                         Respectfully Submitted,

21

22   Dated:  March 23, 2022

23                                         VAN ETTEN SIPPRELLE LLP

24                                         By:  *Keith A. Sipprelle*

25                                              Keith A. Sipprelle

26                                              Attorneys for Respondent
                                               BYTON NORTH AMERICA CORPORATION

27

28

BYTON NA'S EX PARTE APPLICATION FOR ENTRY OF A PROTECTIVE ORDER
Case No. 3:21-cv-04736-EMC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  The Underlying JAMS Arbitration.**

The underlying JAMS arbitration proceeding out of which the present debt collection action arises was commenced on October 22, 2019 by Petitioner EDAG Engineering GmbH ("EDAG") against Byton North America Corporation ("Byton NA").  EDAG was represented throughout the course of the arbitration action by the firm of Lewis & Llewellyn.  EDAG's current debt collection counsel, David Cook, was not involved in the arbitration action.

During the course of the arbitration proceedings, EDAG and Byton NA agreed on a form of protective order governing the use and dissemination of documents deemed to be confidential, proprietary and/or trade sensitive.  That proposed protective order was approved by the arbitrator, William J. Cahill.  A true and correct copy of the agreed-upon protective order in the underlying arbitration action is attached hereto as Exhibit "A."

**B.  EDAG Now Refuses to Agree To A Reasonable Protective Order.**

On February 22, 2022, this Court entered its Discovery Order (Docket Entry 127) which, *inter alia*, required Byton NA to produce documents responsive to EDAG's document request nos. 4 and 15 within 30 days.  Byton NA's deadline to begin producing responsive documents is March 24, 2022.

Byton NA is prepared to begin its production on March 24, 2022.  However, the production would include documents that are confidential, proprietary and trade-sensitive.  Byton NA must have reasonable protections in place relating to the use and dissemination of its confidential documents before producing them to EDAG.

On February 22, 2022, counsel for Byton NA contacted EDAG's debt collection counsel David Cook to inquire whether EDAG would agree to the entry of protective order with respect to the documents Byton NA would be producing.  Mr. Cook provided the following response:

2

1

**Mr. Sipprelle**

2

**I will pass it along but the answer is no.  BNA is the subject to judgments from
multiple parties.**

3

4

**Moreover examinations under Section 708.110(a) are public proceedings.**

5

**Moreover, you did not seek any claim of confidential.**

6

**Worse, I have all of the bank records, which total somewhere about
$500,000,000 (half a billion).  I provided that information to you.  We have in
our hand some 3,000 pages of wire transfers from HSBC, and thousands of
records from Silicon Valley Bank and JPMorgan Chase Bank. These records
are not subject to any confidentiality.**

7

8

9

**Those records are due 30 days from today.  Any delay, motion or otherwise,
will be deemed in bad faith and in violation of the order.**

10

11

(See Exhibit "B" to the Sipprelle Declaration.).  Notably, Mr. Cook failed to provide any

12

coherent reason why the confidential, proprietary and trade-sensitive documents that Byton

13

NA would be producing should not be protected from dissemination/disclosure outside the

14

confines of this litigation.

15

16

On March 22, 2022, Byton NA's counsel sent Mr. Cook a follow-up email as follows:

17

**Mr. Cook: I am following up on our earlier email communications (below)
regarding a protective order.  My client is prepared to begin producing
documents per the Court's discovery order of February 22, 2022 (Docket
Entry 116).  However, some of these documents contain information that is
confidential, proprietary and trade-sensitive.  Thus, it will be necessary for a
reasonable protective order to be entered prior to production of these items by
Byton NA.**

18

19

20

21

**As you may be aware, EDAG and Byton NA agreed on the terms of a
protective order in the underlying arbitration proceeding.  That protective
order is attached.  I would propose that the parties agree to entry of the same
protective order in the pending District Court proceedings.**

22

23

24

**You previously indicated that you would "pass along" my request that the
parties agree to a protective order "but the answer is no."  I took your earlier
response to indicate that you had not actually conferred with EDAG about a
protective order.  Kindly advise whether EDAG will agree to entry of the same
protective order that it agreed to in the underlying arbitration proceeding.**

25

26

27

28

**Thank you.**

3

In response to the straightforward and professional inquiry from Byton NA's counsel, EDAG's debt collection attorney Mr. Cook responded with unprofessional bluster, insults and threats, including the following statements:

**The client rejected it.  My prior email of March 22 was clear on its face.**

* * *

**Your request is an attempt to avoid compliance with the turnover of the order that required turnover the records due March 24, 2022.  I will move the court for an order striking any motion by you to seek a protective order and we will likewise seek substantial sanctions monetary and non-monetary.  Failure to turn over the records is contempt.  We already warned you.**

* * *

**To make this clear, we are rejecting any stipulated protective order as we rejected earlier.**

* * *

**Next time, if you want to send an email, try 7:00 a.m. to 7:00 p.m.**

(See Exhibit "C" to the Sipprelle Declaration.)  Once again, Mr. Cook failed to provide any coherent reason why Byton NA's confidential, proprietary and trade-sensitive documents should not be protected from dissemination outside the confines of this litigation.

Byton NA is prepared to begin its document production on March 24, 2022, in compliance with the Court's Discovery Order.  However, Byton NA must have reasonable protections in place relating to the use and dissemination of its confidential, proprietary and trade-sensitive documents before producing them to EDAG.  EDAG previously agreed to a proposed protective order (in the underlying arbitration proceedings).  Byton NA respectfully submits that a similar protective order should be entered by the Court in this case.

1    Accordingly, Byton NA respectfully requests that the Court enter a Protective Order along

2  the lines of the Northern District of California's Stipulated Protective Order for Standard

3  Litigation.  A proposed Order has been submitted concurrently herewith for the Court's

4  consideration.

5                                          Respectfully Submitted,

6

7  Dated:  March 23, 2022

8                                          VAN ETTEN SIPPRELLE LLP

9                                          By:  *Keith A. Sipprelle*

10                                              Keith A. Sipprelle
                                               Attorneys for Respondent
11                                              BYTON NORTH AMERICA CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BYTON NA'S EX PARTE APPLICATION FOR ENTRY OF A PROTECTIVE ORDER
Case No. 3:21-cv-04736-EMC