FILED

Mar 24 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>　　　　Defendant. | Case No.  21-cv-04736-EMC   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 144 |

  Judgment debtor BYTON North America Corporation ("BYTON") states that it is about to produce some documents. It asserts that they contain confidential, proprietary and trade-sensitive information. It asks the Court to enter the district's model protective order. ECF No. 144. Judgment creditor EDAG Engineering GMBH ("EDAG") opposes the request. It argues that the request conflicts with Judge Chen's unsealing order at ECF No. 43, that BYTON does not really intend to produce documents, and that the request for a protective order is untimely. ECF No. 146. The Court grant's BYTON's request.

  A litigant's assertion that its document production will contain confidential or sensitive material is usually sufficient to justify the entry of a protective order. One reason for that is that the issuance of a protective order does not constitute a judicial decision that any particular document actually is confidential. Rather, it's an acknowledgment that there could be something confidential in the litigant's document production, so there should be an order in place that prevents the receiving party from handing those documents out to everyone in the world or posting them on the internet. The opposing party remains free to challenge the confidentiality designations the designating party makes, and EDAG retains that freedom here. The proposed protective order properly recites in paragraph 5 that any party or non-party must take care to limit

its confidentiality designations to specific material that qualifies as such, and the Court will hold BYTON (or any other designating party or non-party) to that standard.

As to EDAG's first objection, there is no tension between issuing a protective order and Judge Chen's unsealing order. Designating a document as confidential pursuant to a protective order does *not* mean it can be filed under seal. *See* Civil Local Rule 79-5(c) ("Reference to a . . . protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

EDAG's second objection that BYTON will not produce documents does not seem to have anything to do with the protective order issue.

As to EDAG's third objection, BYTON should have raised this issue sooner. Waiting until just before the deadline to produce documents to raise the need for a protective order for the first time is dilatory. It also feeds into EDAG's accusation that BYTON is seeking delay. In any event, BYTON was not so dilatory that it waived the issue, and a prompt ruling from the Court should address the issue of delay.

Accordingly, the Court grants BYTON's request. By separate order the Court will enter the protective order.

**IT IS SO ORDERED.**

Dated: 3/24/2022

THOMAS S. HIXSON
United States Magistrate Judge