UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAG ENGINEERING GMBH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BYTON NORTH AMERICA CORPORATION,<br><br>　　　　Respondent. | Case No. 21-cv-04736-EMC   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 160 |

Petitioner EDAG Engineering GmbH ("EDAG") moves for sanctions, contending that Respondent BYTON North America Corporation ("BNA") violated the Court's discovery order at ECF No. 127. ECF No. 160. EDAG seeks the following relief:

> 1. Enter a Default Judgment for the pending Motion to Amend for BNA and Byton Limited ("By-Limited"), each of them, jointly and severely, for the total of the judgment of $30,231,689.48 (Doc. # 49), pursuant to Rule 37(b)(2)(A)(vi)(Doc. # 71 & 72) for the failure to comply with the order to turnover any and all ledgers, journal and notes (#4, Doc.# 127) [RFP # 4].
>
> 2. Enter a Default Judgment for the pending Motion to Amend that BNA and By-Limited are the same and jointly and severally liable for the judgment (Doc. # 49) pursuant Rule 37 (e)(2)(C) for the failure to comply with "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . ."

The requested relief doesn't make any sense as to BNA because Judge Chen already entered judgment against it when he confirmed the arbitration award. ECF No. 49. Because BNA is already liable for the full amount of the judgment, there is no purpose to entering a second and identical judgment against the same litigant. Judge Chen already "ORDERED, ADJUDGED, AND DECREED" that BNA is liable to EDAG for the full amount of the arbitration award, *see*

1  *id.*, so that issue doesn't need to be ordered, adjudged and decreed again.

2  And the requested relief isn't available against Byton Limited, BNA's parent company. Rule 37(b)(2)(A)(vi) provides that if a party fails to obey a discovery order, one possible remedy is to enter a default judgment against the disobedient party. But Byton Limited isn't a party to this lawsuit and it didn't disobey a discovery order. The Court's order was directed at the respondent in this action, BNA. Similarly, Rule 37(e)(2)(C) provides that if electronically stored information ("ESI") is lost because a party failed to take reasonable steps to preserve it, and if the Court finds that the party acted with the intent to deprive another party of the ESI, the Court can dismiss the action or enter a default judgment. But the key word is "party," and Byton Limited isn't one. The Court understands that EDAG has a pending motion to amend the judgment to add Byton Limited as a party to it. *See* ECF No. 71. However, as of now, that motion has not yet been granted and Byton Limited has not been made a party to this proceeding.

Accordingly, EDAG's motion for sanctions is denied.

**IT IS SO ORDERED.**

Dated: May 18, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge